# EXHIBIT A

**CT**

**PLEASE NOTE:**

**SERVICE TAKEN FOR:**

**ORA TALUS 90 LLC**

Wolters Kluwer

6-19-18
3:14 pm

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| CITY OF ISSAQUAH, a municipal corporation, | NO. 18-2-15100-7 SEA |
| Plaintiff, | SUMMONS |
| v. | |
| ORA TALUS 90, LLC, a Delaware limited liability company; and RESMARK EQUITY PARNERS, LLC, a Delaware limited liability company, | |
| Defendants. | |

TO:   Defendants

A lawsuit has been started against you in the above-entitled Court by the City of Issaquah. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS – 1

|skellengerbender|

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

015347-00101 2601023.docx

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 18th day of June, 2018.

*/s/*

Terence J. Scanlan, WSBA #19498
Patricia A. Robért, WSBA #46716
SKELLENGER BENDER, P.S.
1301 – 5th Avenue, Ste. 3401
Seattle, WA 98101-2605
Telephone: 206-623-6501
Facsimile: 206-447-1973
Attorneys for Plaintiff City of Issaquah

SUMMONS – 2

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

015347-00101 2601023.docx

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| CITY OF ISSAQUAH, a municipal corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ORA TALUS 90, LLC, a Delaware limited liability company; and RESMARK EQUITY PARNERS, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | NO. 18-2-15100-7 SEA<br><br>COMPLAINT |

COMES NOW Plaintiff CITY OF ISSAQUAH, by and through its attorneys of record, Skellenger Bender, P.S., and alleges as follows:

## I.　PARTIES

1. Plaintiff, the City of Issaquah ("The City"), is a municipal corporation located in King County, Washington.

2. ORA Talus 90, LLC ("ORA Talus 90") is a Delaware limited liability company, and owner of a land parcel commonly referred to as Talus Parcel 9, located in Issaquah, King County, Washington.

3. Resmark Equity Partners, LLC ("Resmark") is a Delaware limited liability company, and an affiliate of ORA Talus 90, conducting business in Issaquah, King County, Washington.

COMPLAINT – 1

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

## II.   JURISDICTION AND VENUE

4. All acts and omissions giving rise to this claim occurred in King County, Washington at all relevant times.

5. This Court has subject matter jurisdiction over this action pursuant to RCW 2.08.010 and personal jurisdiction over the Parties.

6. At least one defendant conducted business in King County, Washington, at all relevant times.

7. Venue is appropriate in King County Superior Court, at Seattle, pursuant to RCW 4.12.020 and 4.12.025.

## III.   FACTUAL ALLEGATIONS

8. The Talus Master Planned Development (the "Talus Development") is a 640-acre community located in Issaquah, Washington, on or near Cougar Mountain above State Route 900, which originated in the late-1990s.

9. Within the Talus Development are three parcels of land commonly referred to as Talus Parcel 7, Talus Parcel 8, and Talus Parcel 9.

10. Defendant ORA Talus 90 acquired title to Talus Parcel 9 on July 22, 2014, from its previous owner, Talus 9 Investment, LLC. On July 28, 2014, Talus 9 Investment conveyed fee title to Talus Parcel 9 to ORA Talus 90.

11. Talus 7 &8 Investment, LLC, a Washington limited liability company, is the owner of those certain parcels of land commonly referred to as Talus Parcel 7 and Talus Parcel 8.

12. Talus Parcel 9 is located west of the intersection of Talus Drive and Shangri-La Way Northwest and east of Talus Parcel 8. The road, Shangri-La Way NW, runs along Talus Parcel 8 and Talus Parcel 9. Shangri-La Way NW is a public right of way.

COMPLAINT – 2

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

015347-00101  2280807.docx

13. Talus Parcel 9 is also located on a relatively steep hillside. As of 2015, Talus Parcel 9's ground elevations ranged from 480 to 608 feet adjacent to Talus Parcel 7 and Talus Parcel 8, and is directly below Talus Parcel 8.

14. The City entered into an RCW 36.70B.170 development agreement on December 6, 1999 (the "Talus DA"). The Talus DA, which was updated in 2009, created the development standards, procedures and land use regulations that govern the Talus Development. The Talus DA Appendix E included Critical Area Standards, which specifies site-specific slope buffers, safety factors, and required stability and geotechnical analyses be performed.

15. As part of the Talus Development, the City also created an extensive subdivision and permitting process to ensure adequate geotechnical evaluation of that proposed development.

16. The Talus Development underwent extensive State Environmental Policy Act ("SEPA") geotechnical review, which culminated in the publication of three environmental impact statements ("EIS"). These EISs evaluated critical areas of the site's geology, including landslide and steep slope areas, in a manner consistent with the City's 1996 Critical Areas Ordinance ("CAO").

17. On or about February 19, 2014, the City received an application for approval of a preliminary plat for Talus Parcels 7, 8, and 9. Critical area studies were also submitted as part of the preliminary plat application, which the City's consultants reviewed and provided comments to. The critical area studies for the three parcels (Talus Parcels 7, 8, and 9) each concluded that: "Results of our stability analysis indicates that alterations to the steep slopes would not impact stability and that acceptable safety factors against slope failures would be provided post construction." The City's Development Review Services staff approved this.

18. On April 15, 2014, the City's Urban Village Development Commission ("UVDC") held a public hearing on the preliminary plat of Talus Parcels 7, 8, and 9. On

COMPLAINT – 3

1  April 24, 2014, the UVDC adopted findings and conclusions in support of its
2  recommendations on Talus Parcels 8 and 9.

3  19. On June 2, 2014, the City Council adopted the UVDC's findings, conclusions
4  and recommendation and approved the preliminary plat subject to 32 conditions.

5  20. Construction grading and site development began on Talus Parcel 9 in
6  September 2015. It included rough grading and the construction of soldier pile walls along
7  the north and upper west side of Talus Parcel 9.

8  21. On October 31, 2015, and November 1, 2015, there was evidence of soil
9  movement in the form of subsidence, soldier pile wall displacement, and minor tension
10 cracking on Talus Parcel 9. This was the beginning of a landslide that continued to move
11 downslope and expand. Additional ground movements occurred in the form of pavement
12 uplift on Shangri-La Way where it intersects with Talus Drive. On November 13, 2015, in
13 response to the significant uplift movement on Shangri-La Way, Terra Associates directed
14 Terra Talus, the Contractor, to construct a rock buttress at the toe of the landslide. This
15 reduced but did not eliminate movement at the toe of the landslide.

16 22. Following the mitigation work on November 13, 2015, the Contractor began
17 removing fill soil from the upper portion of the landslide. Borings were drilled on Talus
18 Parcel 9 as well as the adjacent right of way. Additional measures were taken, including
19 dewatering, to slow the slope displacement on Talus Parcel 9 and stabilize the land to
20 minimize additional damage to it and City infrastructure.

21 23. The slide area on Talus Parcel 9 was monitored following the landslide and
22 this monitoring continues today. On February 22, 2016, Terra Associates submitted a Critical
23 Areas Report for Talus Parcel 9 Landslide that indicated no further movement was occurring.
24 The City and its geotechnical consultants reviewed this report and disagreed with many of the
25 assertions and conclusions presented.

26

COMPLAINT – 4

24. As a result of the soil movement and landslide that occurred on Talus Parcel 9 in or around November 2015, the City suffered damage to its infrastructure, including, but not limited to, damage in and around the intersection of Shangri-La Way NW and Talus Drive at the toe and Foothills Drive as the headscarp.

25. The landslide also impacted the City's water facilities.

26. As a result, the City had to undertake remedial measures and repairs.

### IV.   CAUSE OF ACTION
### (Negligence)

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28. Defendants owed a duty to the City to use reasonable care to avoid injury and harm to the City's property and infrastructure.

29. By their actions, Defendants breached their duties owed to the City and their responsibilities to execute reasonable care to prevent their construction activities from causing harm to foreseeable endangered property.

30. Defendants' acts and omissions directly and proximately caused and substantially contributed to causing harms and losses to the City, as alleged in this Complaint.

31. The City is entitled to be compensated for its damages arising from the allegations alleged in this Complaint.

### V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on all causes of action to be entered in its favor against Defendants as follows:

32. For the principal sum of at least $2,883,285;

33. For pre and post judgment interest at the maximum legal rate from a date according to proof;

34. For costs of suit incurred herein, including but not limited to reasonable attorneys' fees; and

COMPLAINT – 5

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

35. For such further and additional relief as the Court deems just and equitable.

Dated this 18th day of June, 2018.

*[signature]*

Terence J. Scanlan, WSBA #19498
Patricia A. Robért, WSBA #46716
SKELLENGER BENDER, P.S.
1301 – 5th Avenue, Ste. 3401
Seattle, WA 98101-2605
Telephone: 206-623-6501
Facsimile: 206-447-1973
Attorneys for Plaintiff City of Issaquah

COMPLAINT – 6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| City of Issaquah<br><br>Plaintiff(s),<br>vs.<br><br>ORA Talus 90, LLC, and Resmark Equity Partners, LLC<br><br>Respondent(s) | NO.   18-2-15100-7 SEA<br>ORDER SETTING CIVIL CASE SCHEDULE<br><br>ASSIGNED JUDGE:   Donohue, Karen, Dept. 22<br><br>FILED DATE: 6/18/2018<br>TRIAL DATE: 6/17/2019<br>SCOMIS CODE:  *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

"I understand that I am required to give a copy of these documents to all parties in this case."

_____ | _____
PRINT NAME                                        SIGN NAME

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $240 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 6/18/2018 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 11/26/2018 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 11/26/2018 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 12/10/2018 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 1/14/2019 |
|  | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 2/25/2019 |
|  | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 3/11/2019 |
|  | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 3/11/2019 |
|  | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 4/29/2019 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 5/20/2019 |
|  | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 5/28/2019 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 5/28/2019 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 6/3/2019 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 6/10/2019 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 6/10/2019 |
|  | Trial Date [See KCLCR 40] | 6/17/2019 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 6/18/2018

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

### MOTIONS PROCEDURES

#### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*[signature]*

PRESIDING JUDGE

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| City of Issaquah<br><br>VS<br><br>ORA Talus 90, LLC, and Resmark Equit | NO. 18-2-15100-7 SEA<br><br>CASE INFORMATION COVER SHEET<br>AND AREA DESIGNATION |

## CAUSE OF ACTION

**(PRP) -**   PROPERTY DAMAGE (PRP 2)

## AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.