HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF ISSAQUAH, a municipal corporation,

Plaintiff,

v.

ORA TALUS 90, LLC, a Delaware limited liability company; and RESMARK EQUITY PARTNERS, LLC, a Delaware limited liability company

Defendants.

Case No.: 18-cv-00910 RSM

**DEFENDANTS' AMENDED ANSWER TO COMPLAINT; AND COUNTERCLAIMS**

ORA TALUS 90, LLC, a Delaware limited liability company; and RESMARK EQUITY PARTNERS, LLC, a Delaware limited liability company,

Counterclaimants,

v.

CITY OF ISSAQUAH, a municipal corporation,

Counterclaim Defendant.

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 1 (18-cv-00910 RSM)

ORA Talus 90, LLC ("ORA Talus") and Resmark Equity Partners, LLC ("Resmark"), by their attorneys, for their amended answer to the Complaint and counterclaims herein, allege:

## AS AND FOR AN ANSWER TO THE

## ALLEGATIONS REGARDING "PARTIES"

## ALLEGED IN THE COMPLAINT

1.      Admit the allegations contained in paragraph "1" of the Complaint.

2.      Admit the allegations contained in paragraph "2" of the Complaint.

3.      Deny each and every allegation contained in paragraph "3" of the Complaint, except admit that Resmark is a Delaware limited liability company and an affiliate of ORA Talus and that Resmark is authorized to conduct business in the State of Washington including King County.

## AS FOR AN ANSWER TO THE

## ALLEGATIONS REGARDING

## "JURISDICTION AND VENUE"

## ALLEGED IN THE COMPLAINT

4.      Deny each and every allegation contained in paragraph "4" of the Complaint.

5.      Deny each and every allegation contained in paragraph "5" of the Complaint, except admit that plaintiff alleged the purported jurisdiction of the court in which the Complaint was filed, that plaintiff alleged the purported jurisdiction of that court over the parties to the action and that this Court has subject matter jurisdiction over this action and personal jurisdiction over the parties.

6.      Deny each and every allegation contained in paragraph "6" of the Complaint, except admit that plaintiff alleged the purported venue in the court in which the action was filed and that venue is proper in this Court.

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 2 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

## AS AND FOR ANSWER TO THE

2

## "FACTUAL ALLEGATIONS"

3

## ALLEGED IN THE COMPLAINT

4       7.      Upon information and belief, admit the allegations contained in paragraph "7" of

5   the Complaint.

6       8.      Admit the allegations contained in paragraph "8" of the Complaint.

7       9.      Deny each and every allegation contained in paragraph "9" of the Complaint,

8   except admit that, on July 2, 2014, ORA Talus acquired title to Talus Parcel 9 from Talus 9

9   Investment, LLC and that the deed conveying title was recorded on July 2, 2014.

10      10.     Upon information and belief, admit the allegations contained in paragraph "10"

11  of the Complaint.

12      11.     Deny each and every allegation contained in paragraph "11" of the Complaint,

13  except admit that Talus Parcel 9 is located to the west of the intersection of Shangri La Way

14  NW and NW Talus Drive and to the east of Talus Parcel 8 and that Shangri La Way NW is a

15  public right of way that runs along the boundary between Talus Parcel 9 and Talus Parcel 8.

16      12.     Deny that they have any knowledge or information sufficient to form a belief as

17  to the truth of the allegations contained in paragraph "12" of the Complaint, except admit that

18  Talus Parcel 9 is located on relatively steep hillside and is directly below Talus Parcel 8.

19      13.     Deny each and every allegation contained in paragraph "13" of the Complaint,

20  except admit that the City of Issaquah (the "City") entered into a development agreement in or

21  about December 1999 which was later updated, and respectfully refer to the development

22  agreement and the update for the true and accurate terms thereof.

23      14.     Deny each and every allegation contained in paragraph "14" of the Complaint,

24  except admit that the City has engaged in subdivision and permitting processes.

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 3 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

15.     Deny each and every allegation contained in paragraph "15" of the Complaint, except admit that environmental impact statements were published by the City, and respectfully refer to those statements for the true and accurate terms thereof.

16.     Admit the allegations contained in paragraph "16" of the Complaint.

17.     Admit the allegations contained in paragraph "17" of the Complaint.

18.     Admit the allegations contained in paragraph "18" of the Complaint.

19.     Admit the allegations contained in paragraph "19" of the Complaint.

20.     Upon information and belief, admit the allegations contained in paragraph "20" of the Complaint.

21.     Deny each and every allegation contained in paragraph "21" of the Complaint, except admit that in November 2015 and subsequently, efforts were undertaken at the direction of Terra Talus LLC or its affiliates to stabilize Talus Parcel 9 and prevent or minimize damage to that parcel and other property, and respectfully refer to the actual records for that work for the true and accurate description of that work.

22.     Deny each and every allegation contained in paragraph "22" of the Complaint, except admit that subsequent to the landslide on Talus Parcel 9, monitoring of Talus Parcel 9 was implemented, which monitoring has continued to the present day, and that on February 22, 2016, Terra Associates submitted a report entitled "Critical Area Report Talus Parcel Landslide" and that consultants and/or employees of the City peer reviewed that report and made written comments on it to which Terra Associates responded, and respectfully refer to the report, the comments and the response for the true and accurate terms thereof.

23.     Deny each and every allegation in contained in "23" of the Complaint.

24.     Deny each and every allegation in contained in "24" of the Complaint.

25.     Deny each and every allegation in contained in "25" of the Complaint.

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 4 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

## AS AND FOR AN ANSWER TO THE

2

## "CAUSE OF ACTION" ALLEGATIONS

3

## ALLEGED IN THE COMPLAINT

4    26.    As and for their response to paragraph "26" of the Complaint, repeat and reallege

5  their responses to paragraphs "1" through "25", inclusive, of the Complaint with the same force

6  and effect as if said responses had been fully repeated and realleged at length therein.

7    27.    Deny each and every allegation contained in paragraph "27" of the Complaint.

8    28.    Deny each and every allegation contained in paragraph "28" of the Complaint.

9    29.    Deny each and every allegation contained in paragraph "29" of the Complaint.

10    30.    Deny each and every allegation contained in paragraph "30" of the Complaint.

11

## AS AND FOR A

12

## FIRST AFFIRMATIVE DEFENSE

13    31.    The Complaint and each and every claim for relief and cause of action alleged

14  therein fail to state a claim upon which relief may be granted against ORA Talus or Resmark.

15

## AS AND FOR A

16

## SECOND AFFIRMATIVE DEFENSE

17    32.    Plaintiff's claims against ORA Talus and Resmark, if any, are barred by

18  plaintiff's unclean hands.

19

## AS AND FOR A

20

## THIRD AFFIRMATIVE DEFENSE

21    33.    Plaintiff's claims against ORA Talus and Resmark, if any, are barred by

22  plaintiff's failure to comply with obligations with which plaintiff was required to comply and

23  that compliance was a condition precedent to seeking the relief plaintiff seeks in the Complaint.

24

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 5 (18-cv-00910 RSM)

**AS AND FOR A**

**FOURTH AFFIRMATIVE DEFENSE**

34.     Plaintiff is equitably estopped from prosecuting or recovering as against ORA Talus or Resmark upon each and every claim for relief and cause of action alleged in the Complaint.

**AS AND FOR A**

**FIFTH AFFIRMATIVE DEFENSE**

35.     Plaintiff damages, if any, were fully or partially caused by acts and/or omissions of plaintiff and/or plaintiff's affiliates, agents, or representatives or third parties who were not employees, agents or representatives of ORA Talus or Resmark.

36.     By reason of the foregoing, any damages or liability assessed against ORA Talus or Resmark must be reduced, in whole or in part, by the damages caused by plaintiff and/or plaintiff's affiliates, agents or representatives and/or such third parties.

**AS AND FOR A**

**SIXTH AFFIRMATIVE DEFENSE**

37.     Damages incurred by ORA Talus or Resmark as a result of actions or failures to act by plaintiff must be set off against damages, if any, that ORA Talus or Resmark is found to owe to plaintiff.

**AS AND FOR A**

**SEVENTH AFFIRMATIVE DEFENSE**

38.     In any event, the failure of plaintiff to mitigate its damages, if any, bars plaintiff from the recovery of damages or other relief against ORA Talus or Resmark.

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## AS AND FOR A FIRST COUNTERCLAIM

### (Negligent Damage to Real Property)

39.     This counterclaim arises from the landslide at issue in the Complaint herein.

40.     At all relevant times herein, counterclaimants ORA Talus and Resmark have been limited liability companies organized under the laws of the State of Delaware and all of their members are citizens of Delaware, California or Maryland.

41.     At all relevant times herein, counterclaim defendant the City has been a municipal corporation organized under the laws of the State of Washington.

42.     This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332(a)(2) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

43.     Venue in the Western District of Washington is proper in that this action is pending in the Western District of Washington and under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this counterclaim occurred in the Western District of Washington and a substantial part of the property that is the subject of this counterclaim is situated in the Western District of Washington.

44.     ORA Talus and Resmark bring this counterclaim on behalf of themselves and on behalf of the subrogated interests of their insurers.  ORA Talus and Resmark themselves and their subrogated insurers have incurred loss and damage to real property and monetary damages by reason of the acts and failures to act by the City alleged in this counterclaim.

45.     ORA Talus is the current owner of that certain parcel of land commonly referred to as Talus Parcel 9.  ORA Talus acquired title to Talus Parcel 9 by deed recorded on July 2, 2014.

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 7 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

46.     Talus Parcel 9 is part of the Talus Master Planned Development in Issaquah, Washington.  Talus Parcel 9 is located to the west of the intersection of Shangri-La Way NW and NW Talus Drive and to the east of the parcel of land commonly known as Talus Parcel 8. Shangri-La Way NW is a public right of way that runs along the boundary between Talus Parcel 9 and Talus Parcel 8.

47.     In 1998 and 1999, the City caused environmental reviews to be conducted on the parcels in the Talus Master Planned Development, which reviews resulted in draft and final Environmental Impact Statements and a draft Supplemental Environmental Impact Statement. Each of these Environmental Impact Statements recognized that the planned development area included landslide hazard areas.  In fact, as recognized by the City, Talus Parcel 9, Talus Parcel 8 and other parcels of land in the planned development area, including that parcel commonly referred to as Talus Parcel 7, lie within a mapped deep-seated landslide hazard area.

48.     In or about December 1999, the City entered into a Development Agreement with respect to the Talus Master Planned Development.  The Development Agreement, like the Environmental Impact Statements, recognized that the planned development included landslide hazard areas.

49.     Prior to any construction or grading on Talus Parcel 9, the City did work to extend Shangri-La Way along the upslope edges of Talus Parcel 9.  As part of this work, the City caused fill to be placed along the south and west sides of Talus Parcel 9 although City engineers knew that fill placed on top of a landslide hazard area is a known contributor to instability.

50.     The City owns, and has caused to be installed, operated and maintained on the City's behalf, water supply lines, pipes and valves in or adjacent to Talus Parcel 9 including in, near or along Shangri-La Way.  Upon information and belief, in or about 2007 or 2008, the City

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 8 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

installed or caused its agents to install water supply valves and stubbed water supply pipes in, near or along Shangri-La Way.  The City has owned, operated and controlled those valves and pipes since their installation.  Upon information and belief, in or about August or September 2015, the City installed or caused its agents to install additional water supply valves in, near or along Shangri-La Way and/or repaired and/or serviced existing water supply valves in, near or along Shangri-La Way.

51.     Upon information and belief, in or about early September 2015, the City repaired and/or serviced and/or conducted, or caused its agents to repair, service or conduct, water pressure tests of the water main and/or water supply valves in, near or along Shangri-La Way.

52.     The City has a non-delegable duty to maintain, operate, service and repair its water supply lines, pipes and valves (including those installed in or adjacent to Talus Parcel 9 and in, near or along Shangri-La Way) in a manner that will prevent water leaking onto adjacent properties and to prevent property damage to adjacent properties.

53.     In September 2015, construction grading and development began on Talus Parcel 9 under the direction of Terra Talus LLC ("Terra Talus"), as general contractor, and J.R. Hayes & Sons, Inc. ("J.R. Hayes"), as the grading subcontractor.  Grading to reach proposed elevations consisted of cuts and fill placement ranging from approximately 2 to 15 feet.  Temporary fills up to 22 feet were installed to allow equipment access to install soldier pile and tieback walls at the upper west side of the site.  These fills were in addition to the fill the City had placed as part of the extension of Shangri-La Way.

54.     As part of the foregoing construction grading began in September 2015 on Talus Parcel 9, surface water was routed through unlined drainage swales to three or four temporary storm ponds and two previously existing ponds were relocated mid-slope.  Two soldier pile

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  walls (Power Vault Wall and Wall A) were mostly completed near the top of the slope by the

2  end of October 2015.

3      55.    On or about October 25, 2015, water seepage at a valve can near the intersection

4  of Shangri-La Way and NW Stoney Creek Drive and a City-owned blow-off valve on Talus

5  Parcel 9 was reported to J.R. Hayes personnel and subsequently to the City.  In response, the

6  City shut off a water supply valve near the bridge on Stoney Creek Drive.  The blow-off valve

7  was then closed and the above ground riser portion was covered with plastic.  Upon information

8  and belief, these actions were not adequate to stop the water leaking onto Talus Parcel 9.

9      56.    On October 31, 2015, water seepage adjacent to the sidewalk in the southwest

10  portion of Talus Parcel 9 near the blow-off riser/power vault was noticed by a neighboring

11  resident who notified a Talus Parcel 9 representative who, in turn, notified the City.  On

12  October 31, 2015, subsidence and tension cracks were observed between the Power Vault Wall

13  and a sidewalk along Shangri-La Way West and upslope of Talus Parcel 9.  On November 1,

14  2015, a City employee arrived on site and closed a valve on a water supply line in the

15  intersection adjacent to the site.

16      57.    By November 5, 2015, gradual changes including uneven sidewalks and cracks

17  in the curb and gutter were observed at the toe of the slope in the intersection of Shangri-La

18  Way and Talus Drive.  On November 9, 2015, new tension cracks were observed behind the

19  Power Vault and south end of Wall A.

20      58.    On November 12, 2015, excavations at the top of the slope encountered free

21  flowing water.  J.R. Hayes personnel reported water seepage near a retaining wall in the

22  southwest, adjacent to the intersection where several clusters of water supply valves were

23  located within the intersection.  The City used a leak locating device to listen to the valves and

24  determined that one valve was leaking at an estimated rate of several gallons per minute.  Upon

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 10 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    information and belief, the leaking water was City-owned water.  On the same day, a leak was

2    detected at the top of the slope.

3        59.    On November 13, 2015, large volumes of water continued flowing from the

4    upper rockery above the intersection at the base of the slope (NW Talus Drive and Shangri-La

5    Way NW).

6        60.    On November 13, 2015, at the direction of the City, a portion of the road was

7    removed and the leaking valve was exposed.  The excavation disclosed that the packing gland

8    nuts on the valve were loose and that there was a constant visible leak.  The City and/or an

9    agent of the City tightened several nuts and the water leakage slowed.

10        61.    On November 13, 2015, larger changes were seen in the intersection of NW

11    Talus Drive and Shangri-La Way NW.  Further cracking was seen in the asphalt curb and gutter

12    as the pavement was uplifted about 12 to 18 inches in the road about 5 feet east of the western

13    curb.  Movement of retaining walls was observed.  A landslide (the "Landslide") had occurred.

14    On November 17, 2015, the City issued a partial stop work order for the Talus Parcel 9 site.

15        62.    On January 14, 2016, a test pit was excavated at the top of the slope, east of the

16    intersection of Shangri-La Way NW and NW Stoney Creek Drive.  This excavation revealed a

17    broken 8-inch diameter water main pipe, loose end cap and blow-off valve leak.

18        63.    The City directly and/or through its agents negligently installed, operated,

19    maintained, serviced, repaired and/or tested the water supply lines, pipes and valves in or

20    adjacent to Talus Parcel 9 and those water supply lines, pipes and valves caused large amounts

21    of water to leak onto Talus Parcel 9.

22        64.    The large amounts of water that leaked onto Talus Parcel 9 from the City's water

23    supply lines, pipes and valves were great enough to saturate the soil on Talus Parcel 9 and

24    impede the ability of the land to handle rainfall and other surface or underground water flows

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 11 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1  that the City knew had occurred and would occur on Talus Parcel 9 and other parcels in the

2  Talus Master Planned Development.

3    65. The foregoing negligence of the City and/or its agents destabilized Talus Parcel

4  9.  The fill placed on Talus Parcel 9 by the City and J.R. Hayes exacerbated the destabilization

5  caused by the leaking water.

6    66. The City also failed to take adequate actions to stop the water leakage once the

7  City was made aware of its existence.

8    67. The City knew or should have known that its actions and failures to act in a

9  known landslide hazard area would result in an increase in the landslide hazard and cause

10  damage to Talus Parcel 9 and the roads above and below Talus Parcel 9.

11    68. As a result of the City's actions and failures to act, ORA Talus and Resmark and

12  their subrogated insurers have incurred loss and damage to real property and millions of dollars

13  in damages including, but not limited to, the costs of the work on Talus Parcel 9 prior to the

14  Landslide that was lost by the Landslide, the costs of stabilizing and monitoring Talus Parcel 9

15  after the Landslide and the costs of remediating Talus Parcel 9 to bring it back to its pre-

16  Landslide developable condition.  ORA Talus and Resmark estimate that these damages alone

17  exceed $35,000,000.

18    69. ORA Talus and Resmark also estimate that they and their subrogated insurers

19  have incurred and will continue to incur additional damages, the amount of which will be

20  determined at trial.

21    70. By reason of the foregoing, ORA Talus and Resmark are entitled to recover from

22  the City all damages incurred by them and their subrogated insurers.

23

24

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 12 (18-cv-00910 RSM)

## AS AND FOR A SECOND COUNTERCLAIM

### (Trespass)

71.     ORA Talus and Resmark repeat and reallege each and every allegation contained in paragraphs 40 through 70, inclusive, of this Amended Answer and Counterclaims with the same force and effect as if said allegations were fully repeated and realleged at length herein.

72.     ORA Talus did not consent to the leaking of water owned and controlled by the City onto Talus Parcel 9 and, therefore, the leaking of such water amounted to trespass by the City upon Talus Parcel 9 in derogation and invasion of ORA Talus's property rights as the owner of Talus Parcel 9.

73.     As a result of the City's trespass upon Talus Parcel 9, ORA Talus and Resmark and their subrogated insurers have incurred loss and damage to real property and millions of dollars in damages including, but not limited to, the costs of the work on Talus Parcel 9 prior to the Landslide that was lost by the Landslide, the costs of stabilizing and monitoring Talus Parcel 9 after the Landslide and the costs of remediating Talus Parcel 9 to bring it back to its pre-Landslide developable condition.  ORA Talus and Resmark estimate that these damages alone exceed $35,000,000.

74.     ORA Talus and Resmark also estimate that they and their subrogated insurers have incurred and will continue to incur additional damages, the amount of which will be determined at trial.

75.     By reason of the foregoing, ORA Talus and Resmark are entitled to recover from the City all damages incurred by them and their subrogated insurers.

/ / / /

/ / / /

/ / / /

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## AS AND FOR A THIRD COUNTERCLAIM

### (Nuisance)

76.     ORA Talus and Resmark repeat and reallege each and every allegation contained in paragraphs 40 through 70, inclusive, of this Amended Answer and Counterclaims with the same force and effect as if said allegations were fully repeated and realleged at length herein.

77.     The City's causing and allowing water owned by the City to leak onto Talus Parcel 9 and to continue to flow onto Talus Parcel 9 amounted to the creation and continuation of a nuisance on Talus Parcel 9.

78.     As a result of the creation and continuation of the nuisance, ORA Talus and Resmark and their subrogated insurers have incurred loss and damage to real property and millions of dollars in damages, including but not limited to, the costs of the work on Talus Parcel 9 prior to the Landslide that was lost by the Landslide, the costs of stabilizing and monitoring Talus Parcel 9 after the Landslide and the costs of remediating Talus Parcel 9 to bring it back to its pre-Landslide developable condition.  ORA Talus and Resmark estimate that these damages alone exceed $35,000,000.

79.     ORA Talus and Resmark also estimate that they and their subrogated insurers have incurred and will continue to incur additional damages, the amount of which will be determined at trial.

80.     By reason of the foregoing, ORA Talus and Resmark are entitled to recover from the City all damages incurred by them and their subrogated insurers.

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## AS AND FOR A FOURTH COUNTERCLAIM

**(Strict Liability: Collection, Concentration, Channeling and Casting of Groundwater)**

81.     ORA Talus and Resmark repeat and reallege each and every allegation contained in paragraphs 40 through 70, inclusive, of this Amended Answer and Counterclaims with the same force and effect as if said allegations were fully repeated and realleged at length herein.

82.     The actions and failures to act by the City in its management and control of City-owned water and its ownership, installation, operation, maintenance, service, repair and testing of its water supply lines, pipes and valves caused the collection, concentration, channeling and casting of near-surface water and groundwater toward and onto Talus Parcel 9 in a volume greater than, and in a manner different from, natural flow.  The collection and concentration of these flows were done negligently and without regard for their outflow.

83.     The City's release of such near-surface water and/or groundwater infiltrated Talus Parcel 9, increased the saturation of the soil on Talus Parcel 9 and decreased the stability of Talus Parcel 9, thereby causing or, at the least, contributing, in whole or in substantial part, to the Landslide.

84.     By reason of the foregoing, the City is strictly liable to ORA Talus and Resmark, for themselves and their subrogated insurers, for all damages proximately caused by this collection, concentration, channeling and casting of near-surface water and/or groundwater.

85.     As a result of the City's actions and failures to act, ORA Talus and Resmark and their subrogated insurers have incurred loss and damage to real property and millions of dollars in damages including, but not limited to, the costs of the work on Talus Parcel 9 prior to the Landslide that was lost by the Landslide, the costs of stabilizing and monitoring Talus Parcel 9 after the Landslide and the costs of remediating Talus Parcel 9 to bring it back to its pre-

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 15 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1    Landslide developable condition.  ORA Talus and Resmark estimate that these damages alone

2    exceed $35,000,000.

3        86.    ORA Talus and Resmark also estimate that they and their subrogated insurers

4    have incurred and will continue to incur additional damages, the amount of which will be

5    determined at trial.

6        87.    By reason of the foregoing, ORA Talus and Resmark are entitled to recover from

7    the City all damages incurred by them and their subrogated insurers.

8                    **AS AND FOR A FIFTH COUNTERCLAIM**

9                **(Strict Liability:  Artificial Discharge of Groundwater)**

10       88.    ORA Talus and Resmark repeat and reallege each and every allegation contained

11   in paragraphs 40 through 70, inclusive, of this Amended Answer and Counterclaims with the

12   same force and effect as if said allegations were fully repeated and realleged at length herein.

13       89.    The actions and failures to act by the City in its management and control of City-

14   owned water and its ownership, installation, operation, maintenance, service, repair and testing

15   of its water supply lines, pipes and valves caused the artificial discharge of groundwater flows

16   toward and onto Talus Parcel 9.  This artificial discharge was done negligently and without

17   regard for its consequences and results.

18       90.    The City's artificial discharge of groundwater infiltrated Talus Parcel 9,

19   increased the saturation of the soil on Talus Parcel 9 and decreased the stability of Talus Parcel

20   9, thereby causing or, at the least, contributing, in whole or in substantial part, to the Landslide.

21       91.    By reason of the foregoing, the City is strictly liable to ORA Talus and Resmark,

22   for themselves and their subrogated insurers, for all damages proximately caused by this

23   artificial discharge of groundwater.

24

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 16 (18-cv-00910 RSM)

92.     As a result of the City's actions and failures to act, ORA Talus and Resmark and their subrogated insurers have incurred loss and damage to real property and millions of dollars in damages including, but not limited to, the costs of the work on Talus Parcel 9 prior to the Landslide that was lost by the Landslide, the costs of stabilizing and monitoring Talus Parcel 9 after the Landslide and the costs of remediating Talus Parcel 9 to bring it back to its pre-Landslide developable condition.  ORA Talus and Resmark estimate that these damages alone exceed $35,000,000.

93.     ORA Talus and Resmark also estimate that they and their subrogated insurers have incurred and will continue to incur additional damages, the amount of which will be determined at trial.

94.     By reason of the foregoing, ORA Talus and Resmark are entitled to recover from the City all damages incurred by them and their subrogated insurers.

## AS AND FOR A SIXTH COUNTERCLAIM

### (Violation of RCW 4.24.630)

95.     ORA Talus and Resmark repeat and reallege each and every allegation contained in paragraphs 40 through 70, inclusive, of this Amended Answer and Counterclaims with the same force and effect as if said allegations were fully repeated and realleged at length herein.

96.     The actions and failures to act by the City in its management and control of City-owned water and its ownership, installation, operation, maintenance, service, repair and testing of its water supply lines, pipes and valves caused substantial leaking onto Talus Parcel 9, thereby causing waste and injury to Talus Parcel 9.

97.     The City knew or should have known that is water supply lines, pipes and valves were leaking significant amounts of water onto Talus Parcel 9 and should have, but failed to, take adequate steps to prevent such leaks and adequate steps to stop such leaks once the City

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 17 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1    was made aware of their existence in order to prevent such leaks from damaging, injuring,

2    wasting and destabilizing Talus Parcel 9 and minimize such damage, injury, waste and

3    destabilization once the City was made aware of the leaks.

4        98.    As a result of the City's actions and failures to act, ORA Talus and Resmark and

5    their subrogated insurers have incurred loss and damage to real property and millions of dollars

6    in damages including, but not limited to, the costs of the work on Talus Parcel 9 prior to the

7    Landslide that was lost by the Landslide, the costs of stabilizing and monitoring Talus Parcel 9

8    after the Landslide and the costs of remediating Talus Parcel 9 to bring it back to its pre-

9    Landslide developable condition.  ORA Talus and Resmark estimate that these damages alone

10   exceed $35,000,000.

11       99.    ORA Talus and Resmark also estimate that they and their subrogated insurers

12   have incurred and will continue to incur additional damages, the amount of which will be

13   determined at trial.

14       100.    By reason of the foregoing, ORA Talus and Resmark are entitled to recover from

15   the City all damages incurred by them and their subrogated insurers.

16       101.    By reason of the foregoing, pursuant to RCW 4.24.630, the City is liable to ORA

17   Talus and Resmark, for themselves and for their subrogated insurers, for treble the amount of all

18   such damages caused by the waste, damage and injury resulting proximately from the City's

19   actions and/or failures to act.

20       102.    By reason of the foregoing, pursuant to RCW 4.24.630, the City is also liable to

21   ORA Talus and Resmark, for themselves and for their subrogated insurers, for reimbursement

22   of their reasonable costs, including but not limited to, investigative costs and reasonable

23   attorneys' fees and other litigation-related expenses and costs.

24

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 18 (18-cv-00910 RSM)

## PRAYER

WHEREFORE, ORA Talus and Resmark pray that judgment by entered herein as follows:

1. Dismissing each and every claim for relief and cause of action alleged against defendants ORA Talus and Resmark in the Complaint;

2. Awarding to defendants ORA Talus and Resmark, and ordering plaintiff the City to pay to defendants ORA Talus and Resmark, ORA Talus's and Resmark's costs and disbursements herein, including reasonable attorneys' fees incurred in defense of the Complaint;

3. Awarding to counterclaimants ORA Talus and Resmark, for themselves and their subrogated insurers, and ordering counterclaim defendant the City to pay to ORA Talus and Resmark, compensatory damages (to be trebled on the Sixth Counterclaim) and strict liability damages in the amount determined at trial;

4. Awarding to counterclaimants ORA Talus and Resmark, for themselves and their subrogated insurers, and ordering counterclaim defendant the City to pay to ORA Talus and Resmark, interest as allowed by law, reasonable costs including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related expenses pursuant to RCW 4.24.630; and

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 19 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    5.    Awarding to counterclaimants ORA Talus and Resmark, for themselves and their

2 subrogated insurers, such other and further relief as to this Court may seem just and proper.

3    DATED this 27th day of September, 2018.

4                              HARRIGAN LEYH FARMER & THOMSEN LLP

5                              By: s/Arthur W. Harrigan, Jr.
                               By: s/ Tyler L. Farmer
6                              By: s/ Kristin E. Ballinger
                                  Arthur W. Harrigan, Jr. WSBA #1751
7                                 Tyler L. Farmer, WSBA #39912
                                  Kristin E. Ballinger, WSBA #28253
8                                 999 Third Avenue, Suite 4400
                                  Seattle, WA  98104
9                                 Phone: (206) 623-1700
                                  Fax: (206) 623-8717
10                                Email:  arthurh@harriganleyh.com
                                  Email:  tylerf@harriganleyh.com
11                                Email:  kristinb@harriganleyh.com

12                             SAMINI COHEN SPANOS LLP

13                             By: s/ Cynthia M. Cohen
                                  Cynthia M. Cohen, Admitted Pro Hac Vice
14                                333 S. Hope Street, 35th Floor
                                  Los Angeles, CA  90071
15                                Telephone: (213) 863-0080
                                  Fax: (213) 863-0751
                                  Email: cynthiacohen@saminicohen.com
16
                               Attorneys for Defendants ORA Talus 90, LLC and
17                             Resmark Equity Partners, LLC

18

19

20

21

22

23

24

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 20 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cynthia M. Cohen
Cynthiacohen@saminicohen.com

Terence J. Scanlan
tscanlan@skellengerbender.com

Patricia A. Robert
probert@skellengerbender.com

HARRIGAN LEYH FARMER & THOMSEN LLP


By: *s/Arthur W. Harrigan, Jr.*
    Arthur W. Harrigan, Jr. WSBA #1751
    999 Third Avenue, Suite 4400
    Seattle, WA  98104
    Phone: (206) 623-1700
    Fax: (206) 623-8717
    Email:  arthurh@harriganleyh.com

Attorneys for Defendants ORA Talus 90, LLC and Resmark Equity Partners, LLC

AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 21 (18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717