HONORABLE RICARDO S. MARTINEZ

1

2

3

4

5

6

7      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
8                AT SEATTLE

9   CITY OF ISSAQUAH, a municipal
    corporation,                                    Case No.: 18-cv-00910 RSM
10
                            Plaintiff,              **THIRD PARTY COMPLAINT FOR:**
11                                                 **CONTRACTUAL INDEMNITY;**
                    v.                             **IMPLIED INDEMNITY; COMMON LAW**
12                                                 **INDEMNITY; AND NEGLIGENT**
    ORA TALUS 90, LLC, a Delaware limited           **DAMAGE TO PROPERTY**
    liability company; and RESMARK EQUITY
13  PARTNERS, LLC, a Delaware limited
    liability company
14
                            Defendants.
15  ORA TALUS 90, LLC, a Delaware limited
    liability company; and RESMARK EQUITY
16  PARTNERS, LLC, a Delaware limited
    liability company,
17
                    Third-Party plaintiffs,
18
                    v.
19
    TERRA TALUS LLC, a Washington limited
    liability company; ELEMENT
20  RESIDENTIAL INC., a Washington
    corporation; JOSHUA FREED, an individual;
21  J.R. HAYES & SONS, INC., a Washington
    corporation; and TERRA ASSOCIATES,
22  INC., a Washington corporation,

23                  Third-Party Defendants.

24  AND RELATED COUNTERCLAIMS

THIRD PARTY COMPLAINT - 1
(18-cv-00910 RSM)

1    Defendants and Third-Party Plaintiffs ORA Talus 90, LLC ("ORA Talus") and Resmark

2    Equity Partners, LLC ("Resmark"), by their attorneys, for their Third Party Complaint herein,

3    allege:

4                                    **JURISDICTION**

5        1.      This Court has jurisdiction over this third party complaint pursuant to 28 U.S.C.

6    §§ 1332(a)(2) and 1337 in that the Court has original jurisdiction over this action and this third

7    party complaint itself in that they are civil actions between citizens of different states and the

8    matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and in that the

9    claims in this third party complaint arise out of and are so related to the claims for relief

10   asserted in the Complaint filed by the City of Issaquah herein (the "Complaint"), that they form

11   part of the same case or controversy under Article III of the United States Constitution.

12       2.      Venue in the Western District of Washington is proper in that this action is

13   pending in the Western District of Washington and under 28 U.S.C. § 1391(b)(2) in that a

14   substantial part of the events or omissions giving rise to this third party complaint occurred in

15   the Western District of Washington and a substantial part of the property that is the subject of

16   this third party complaint is situated in the Western District of Washington.

17                                      **PARTIES**

18       3.      At all relevant times herein, third-party plaintiffs ORA Talus and Resmark have

19   been limited liability companies organized under the laws of the State of Delaware and all of

20   their members are citizens of Delaware, California or Maryland.

21       4.      At all relevant times herein, third-party defendant Terra Talus LLC ("Terra

22   Talus") has been a limited liability company organized under the laws of the State of

23   Washington and all of its members are citizens of the State of Washington.

24

THIRD PARTY COMPLAINT - 2
(18-cv-00910 RSM)

5.      At all relevant times herein, third-party defendant Element Residential Inc. ("Element") has been a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington.  Element is an affiliate of Terra Talus.

6.      At all relevant times herein, third-party defendant Joshua Freed ("Freed") has been an individual domiciled in the State of Washington.  Freed is an affiliate of Terra Talus and Element.

7.      At all relevant times herein, third-party defendant J.R. Hayes & Sons, Inc. ("J.R. Hayes") has been a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington.

8.      At all relevant times herein, third-party defendant Terra Associates, Inc. ("Terra") has been a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington.

## GENERAL ALLEGATIONS

9.      This third party complaint arises from the cause of action alleged against ORA Talus and Resmark in the Complaint herein filed by the City of Issaquah, Washington (the "City").  In the Complaint, the City alleges that it is entitled to recover from ORA Talus and Resmark damages the City contends were caused to certain portions of the City's infrastructure and certain of the City's water facilities as a result of a 2015 landslide (the "Landslide") on the property commonly known as Talus Parcel 9.  In the Complaint, the City alleges that the foregoing alleged property damage was caused by alleged acts and omissions of ORA Talus and Resmark in breach of alleged duties the City contends were owed by ORA Talus and Resmark to the City.  A true and correct copy of the Complaint is annexed hereto as Exhibit A.

10.     ORA Talus and Resmark have answered the Complaint.  In their answer, ORA Talus and Resmark have denied and continue to deny that any acts or omissions by either of

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

them caused any damage to property of the City or breached duties, if any, either ORA Talus or Resmark owed to the City.  ORA Talus and Resmark have also asserted counterclaims against the City.  In their counterclaims, ORA Talus and Resmark allege that, contrary to the allegations in the Complaint, the City's own actions and failures to act caused significant loss and damages to real property and monetary damages to ORA Talus and Resmark and their subrogated insurers and that the City's actions and failures to act caused or, at the least, contributed, in whole or in substantial part, to the Landslide.  A true and correct copy of ORA Talus's and Resmark's Amended Answer to Complaint; and Counterclaims is annexed hereto as Exhibit B.

11.     If the City in fact suffered any damage to its property and if any such damage was proximately caused by acts or omissions of persons or entities other than the City itself, directly or through its agents, any such damage was not caused by acts or omissions of ORA Talus or Resmark, but rather was proximately caused by the acts or omissions of others, including third-party defendants Terra Talus, J.R. Hayes and Terra, as set forth hereinbelow. ORA Talus and Resmark bring this third party complaint against said third-party defendants to recover from them indemnity for any damages the City is found to have suffered.

12.     ORA Talus and Resmark also bring this third party complaint, on behalf of themselves and their subrogated insurers, to recover for loss and damage to real property and monetary damages they and their subrogated insurers incurred by reason of the acts and failures to act by the third-party defendants named in this third party complaint to the extent said third-party defendants caused or contributed to the loss of real property and damages incurred by ORA Talus and Resmark and their subrogated insurers.

13.     ORA Talus is the current owner of Talus Parcel 9.  ORA Talus acquired title to Talus Parcel 9 by deed recorded on July 2, 2014.

14.     Talus Parcel 9 is part of the Talus Master Planned Development in Issaquah, Washington.  Talus Parcel 9 is located to the west of the intersection of Shangri-La Way NW and NW Talus Drive and to the east of the parcel of land commonly known as Talus Parcel 8.  Shangri-La Way NW is a public right of way that runs along the boundary between Talus Parcel 9 and Talus Parcel 8.

15.     In 1998 and 1999, the City caused environmental reviews to be conducted on the parcels in the Talus Master Planned Development, which reviews resulted in draft and final Environmental Impact Statements and a draft Supplemental Environmental Impact Statement.  Each of these Environmental Impact Statements recognized that the planned development area included landslide hazard areas.  In fact, as recognized by the City, Talus Parcel 9, Talus Parcel 8 and other parcels of land in the planned development area, including that parcel commonly referred to as Talus Parcel 7, lie within a mapped deep-seated landslide hazard area.

16.     In or about December 1999, the City entered into a Development Agreement with respect to the Talus Master Planned Development.  The Development Agreement, like the Environmental Impact Statements, recognized that the planned development included landslide hazard areas.

17.     Prior to the acquisition of Talus Parcel 9 by ORA Talus, Talus Parcel 7, Talus Parcel 8 and Talus Parcel 9 were owned by affiliates of J.R. Hayes.  Those affiliates submitted an application to the City for approval of a preliminary plat for residential lots on Talus Parcel 7, Talus Parcel 8 and Talus Parcel 9.  The application was supported by geotechnical analyses (one for each of Talus Parcel 7, Talus Parcel 8 and Talus Parcel 9), each of which was entitled a Critical Area Report ("CAR") and each of which had been prepared in 2014 by Terra.

18.     None of the CARs acknowledged or recognized that Talus Parcel 7, Talus Parcel 8 and Talus Parcel 9 lie within a mapped deep-seated landslide.

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

19.     The CAR for Talus Parcel 9 noted that natural geologic conditions encountered at Talus Parcel 9 indicated that, with the exception of colluvium deposited in the northern ravine area, the slopes have generally been stable during the post-glacial period.  The CAR for Talus Parcel 9 noted that there was no evidence of unstable slope condition or recent slope instability on the parcel.

20.     Prior to the acquisition of Talus Parcel 9 by ORA Talus, Element entered into a Purchase and Sale Agreement, dated for reference purposes January 23, 2014, as amended as of March 7, 2014, April 7, 2014, and April 10, 2014, to acquire Talus Parcel 9.

21.     On April 24, 2014, Element entered into an agreement with Terra pursuant to which Terra agreed to update its 2008 geotechnical report for Talus Parcel 9.  In the agreement, Terra noted that it had received authorization from J.R. Hayes to use existing data and soils data from supplemental test pits to prepare the report.

22.     Pursuant to the agreement with Element, Terra issued a report entitled Geotechnical Report Talus Parcel 9 Issaquah, Washington (the "Geotechnical Report").  In the Geotechnical Report, Terra noted that there was groundwater seepage in the property of a minor to moderate flow, but opined that it was isolated and represented infiltrated rainfall.  In the Geotechnical Report, Terra noted that, based on the Issaquah Municipal Code definition of landslide hazard area, nearly the entire north one-half of the site fell under the landslide hazard category, but opined that, as currently planned, the development concept and planned grading when completed as Terra recommended in the report, would eliminate the landslide hazard. The Geotechnical Report, like the CAR for Talus Parcel 9, failed to mention that the entire site was within a mapped deep-seated landslide.

23.     The Geotechnical Report represented that it had been prepared in accordance with generally accepted geotechnical engineering practices.  The Geotechnical Report

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   acknowledged that it was intended for specific application to the Talus Parcel 9 project and that

2   its opinions and recommendation were to be implemented and relied upon in the design, grading

3   and construction of the project.

4   24.   Element and ORA Talus entered into an Assignment and Assumption Purchase

5   and Sale Agreement pursuant to which ORA Talus acquired the contractual right of Element to

6   purchase Talus Parcel 9 and ORA Talus agreed to engage Element, or one of its builder

7   affiliates, as a fee builder of the townhomes to be built on Talus Parcel 9.

8   25.   Pursuant to the Assignment and Assumption Purchase and Sale Agreement,

9   effective June 30, 2014, ORA Talus engaged Terra Talus as general contractor to perform or

10   cause to be performed and be responsible for all of the pre-construction work, land development

11   work and all of the phase unit work for the Talus Parcel 9 project (the "Terra Talus

12   Agreement").

13   26.   Terra Talus engaged J.R. Hayes as a subcontractor to perform grading and other

14   work on Talus Parcel 9 (the "J.R. Hayes Agreement").  The agreement between Terra Talus and

15   J.R. Hayes was entered into on April 10, 2014, and refers to Terra Talus or assigns as owner and

16   J.R. Hayes as contractor because it was entered into prior to ORA Talus's acquisition of the title

17   to Talus Parcel 9 and prior to ORA Talus's engagement of Terra Talus as general contractor.

18   27.   Pursuant to the Terra Talus Agreement, Terra Talus warranted that it was in

19   charge of and responsible for and participated in the preparation of the plans and specifications

20   and other contract documents affecting the Talus Parcel 9 project.  Pursuant to the Terra Talus

21   Agreement, Terra Talus also warranted that it had investigated and would investigate to full

22   satisfaction all conditions affecting the work affecting the project which included the

23   geotechnical engineering work for which Terra Talus had engaged Terra and obtained the

24   Geotechnical Report.  These warranties imposed on Terra Talus the responsibility to ensure that

THIRD PARTY COMPLAINT - 7
(18-cv-00910 RSM)

1   the work performed by Terra conformed to the requisite standard of care for such work as the

2   Geotechnical Report represented it had.

3          28.     Pursuant to the Terra Talus Agreement, Terra Talus agreed that it would

4   supervise, direct, and be fully responsible for the design, architecture, engineering and all work

5   to be performed on Talus Parcel 9, and be responsible for the acts and omissions of all

6   consultants (*e.g.*, Terra) and all subcontractors (*e.g.*, J.R. Hayes).

7          29.     Pursuant to the Terra Talus Agreement, Terra Talus agreed that it was solely

8   responsible and liable for executing all work in a safe and prudent manner including protecting

9   the public from property damage.

10         30.     Pursuant to the Terra Talus Agreement, Terra Talus expressly agreed to

11  indemnify ORA Talus and any of its members, partners and other parties in interest and their

12  successors and assigns (the "Indemnitees") and hold the Indemnitees harmless and defend them

13  from and against any claims, demands, obligations, damages, actions, causes of action, suits,

14  losses, judgments, awards, fines, penalties, liabilities, costs and expenses (including, without

15  limitation, attorneys' fees, disbursements, court costs and all other expert or consultants' fees

16  and costs).

17         31.     Pursuant to the Terra Talus Agreement, Terra Talus acknowledged that ORA

18  Talus would not have control over or charge of, and would not be responsible for, design,

19  construction means, or safety precautions in connection with the work to be performed.

20         32.     Third-party defendants Element and Freed executed a written Guaranty in favor

21  of ORA Talus as of June 30, 2014 (the "Guaranty").  Pursuant to the Guaranty, Element and

22  Freed, jointly and severally, unconditionally and irrevocably guaranteed for the benefit of ORA

23  Talus and its successor and assigns the performance of all obligations or Terra Talus with

24  respect to the foregoing.

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

33.     Pursuant to the J.R. Hayes Agreement, J.R. Hayes agreed to perform all infrastructure, grading and site work necessary to deliver recordable townhome lots. Additionally, pursuant to the J.R. Hayes Agreement, J.R. Hayes agreed that it would provide all reasonable protection to prevent damage or loss to property at the site or adjacent thereto.

34.     In September 2015, construction grading and development began on Talus Parcel 9 under the direction of Terra Talus, as general contractor, and J.R. Hayes, as the grading subcontractor.  Terra Talus and J.R. Hayes followed the recommendations made by Terra in the Geotechnical Report.   Grading to reach proposed elevations consisted of cuts and fill placement ranging from approximately 2 to 15 feet.  Temporary fills up to 22 feet were installed to allow equipment access to install soldier pile and tieback walls at the upper west side of the site. These fills were in addition to the fill the City had placed along the south and west sides of Talus Parcel 9 as part of an extension of Shangri-La Way.

35.     As part of the foregoing construction grading begun in September 2015 on Talus Parcel 9, surface water was rerouted through unlined drainage swales to three or four temporary storm ponds and two previously existing ponds were relocated mid-slope.  Two soldier pile walls (Power Vault Wall and Wall A) were mostly completed near the top of the slope by the end of October 2015.  This work too followed the recommendations of Terra in the Geotechnical Report.

36.     On or about October 25, 2015, water seepage at a valve can near the intersection of Shangri-La Way and NW Stoney Creek Drive and a City-owned blow-off valve on Talus Parcel 9 was reported to J.R. Hayes personnel and subsequently to the City.  In response, the City shut off a water supply valve near the bridge on Stoney Creek Drive.  The blow-off valve was then closed and the above ground riser portion was covered with plastic.  Upon information and belief, these actions were not adequate to stop the water leaking onto Talus Parcel 9.

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

37.     On October 31, 2015, water seepage adjacent to the sidewalk in the southwest portion of Talus Parcel 9 near the blow-off riser/power vault was noticed by a neighboring resident who notified a Talus Parcel 9 representative who, in turn, notified the City.  On October 31, 2015, subsidence and tension cracks were observed between the Power Vault Wall and a sidewalk along Shangri-La Way West and upslope of Talus Parcel 9.  On November 1, 2015, a City employee arrived on site and closed a valve on a water supply line in the intersection adjacent to the site.

38.     By November 5, 2015, gradual changes including uneven sidewalks and cracks in the curb and gutter were observed at the toe of the slope in the intersection of Shangri-La Way and Talus Drive.  On November 9, 2015, new tension cracks were observed behind the Power Vault and south end of Wall A.

39.     On November 12, 2015, excavations at the top of the slope encountered free flowing water.  J.R. Hayes personnel reported water seepage near a retaining wall in the southwest, adjacent to the intersection where several clusters of water supply valves were located within the intersection.  The City used a leak locating device to listen to the valves and determined that one valve was leaking at an estimated rate of several gallons per minute.  Upon information and belief, the leaking water was City-owned water.  On the same day, a leak was detected at the top of the slope.

40.     On November 13, 2015, large volumes of water continued flowing from the upper rockery above the intersection at the base of the slope (NW Talus Drive and Shangri-La Way NW).

41.     On November 13, 2015, at the direction of the City, a portion of the road was removed and the leaking valve was exposed.  The excavation disclosed that the packing gland

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   nuts on the valve were loose and that there was a constant visible leak.  The City and/or an

2   agent of the City tightened several nuts and the water leakage slowed.

3          42.    On November 13, 2015, larger changes were seen in the intersection of NW

4   Talus Drive and Shangri-La Way NW.  Further cracking was seen in the asphalt curb and gutter

5   as the pavement was uplifted about 12 to 18 inches in the road about 5 feet east of the western

6   curb.  Movement of retaining walls was observed.  The Landslide had occurred.  On November

7   17, 2015, the City issued a partial stop work order for the Talus Parcel 9 site.

8          43.    On January 14, 2016, a test pit was excavated at the top of the slope, east of the

9   intersection of Shangri-La Way NW and NW Stoney Creek Drive.  This excavation revealed a

10  broken 8-inch diameter water main pipe, loose end cap and blow-off valve leak.  In the

11  Complaint, the City alleges that the damage revealed by the excavation was caused by the

12  Landslide.  In the Amended Answer and Counterclaims, ORA Talus and Resmark contend that

13  the City directly and/or through its agents negligently installed, operated, maintained, serviced,

14  repaired and/or tested the water supply lines, pipes and valves in or adjacent to Talus Parcel 9

15  and that the City's negligence caused those water supply lines, pipes and valves to allow large

16  amounts of water to leak onto Talus Parcel 9 and caused the Landslide because the amounts of

17  water that leaked onto Talus Parcel 9 from the City's water supply lines, pipes and valves were

18  great enough to saturate the soil on Talus Parcel 9 and impede the ability of the land to handle

19  rainfall and other surface or underground water flows and that this destabilized Talus Parcel 9.

20                              **FIRST CLAIM FOR RELIEF**

21          **(For Contractual Indemnity Against Terra Talus, Element and Freed)**

22          44.    ORA Talus and Resmark repeat and reallege each and every allegation contained

23  in paragraphs 1 through 43, inclusive, of this third party complaint with the same force and

24  effect as if said allegations were fully repeated and realleged at length herein.

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

45.     If, as alleged in the Complaint, the City suffered any damage to its property and if, as alleged in the Complaint, the City is found to be entitled to recover such damage or any other sums from ORA Talus or Resmark because the damage was proximately caused by acts or omissions in work performed on Talus Parcel 9, then, pursuant to the express indemnity and hold harmless provision in the Terra Talus Agreement, Terra Talus is obligated to defend, indemnify, and hold ORA Talus and Resmark harmless for and from damages, if any, incurred by the City and incurred by ORA Talus or Resmark and all amounts paid by ORA Talus or Resmark by way of defense costs (including attorneys' fees), settlement or judgment.

46.     If, as alleged in the Complaint, the City suffered any damage to its property and if, as alleged in the Complaint, the City is found to be entitled to recover such damage or any of the sums from ORA Talus or Resmark because the damage was proximately caused by acts or omissions in work performed on Talus Parcel 9, then, pursuant to the Guaranty, Element and Freed are jointly and severally obligated, along with Terra Talus, to indemnify and hold ORA Talus and Resmark harmless for and defend from damages, if any, incurred by the City, and incurred by ORA Talus or Resmark and all amounts paid by ORA Talus or Resmark by way of defense costs (including attorneys' fees), settlement or judgment.

## SECOND CLAIM FOR RELIEF

### (For Implied Indemnity Against Terra Talus, Element and Freed)

47.     ORA Talus and Resmark repeat and reallege each and every allegation contained in paragraphs 1 through 43, inclusive, of this third party complaint with the same force and effect as if said allegations were fully repeated and realleged at length herein.

48.     If, as alleged in the Complaint, the City suffered any damage to its property and if, as alleged in the Complaint, such damage was proximately caused by any acts or omissions in work performed on Talus Parcel 9, any such damage was caused by acts or omissions of

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  Terra Talus in doing or failing to do what the Terra Talus Agreement obligated Terra Talus to

2  do in connection with its complete responsibility for such work.

3      49.     By reason of the foregoing, if the City recovers damages or other sums from

4  ORA Talus or Resmark for damage to the City's property as alleged in the Complaint, then

5  ORA Talus and Resmark are entitled to complete indemnity, jointly and severally, from Terra

6  Talus, Element and Freed for all damages, if any, incurred by the City and all damages incurred

7  by ORA Talus or Resmark and all amounts paid by ORA Talus or Resmark by way of defense

8  costs (including attorneys' fees), settlement or judgment.

9                    **THIRD CLAIM FOR RELIEF**

10         **(For Common Law Indemnity Against Terra Talus, J.R. Hayes and Terra)**

11     50.     ORA Talus and Resmark repeat and reallege each and every allegation contained

12  in paragraphs 1 through 43, inclusive, of this third party complaint with the same force and

13  effect as if said allegations were fully repeated and realleged at length herein.

14     51.     As Terra Talus, J.R. Hayes and Terra knew, or should have known, fill placed on

15  top of a known landslide hazard area is a known contributor to instability.  Terra Talus, J.R.

16  Hayes and Terra knew, or should have known, prior to recommending how to do grading work

17  and prior to commencing grading work on Talus Parcel 9 that the City previously had caused

18  fill to be placed along the south and west sides of Talus Parcel 9 and that the additional fill

19  placed on Talus Parcel 9 would increase instability of the parcel.

20     52.     If, as alleged in the Complaint, the City suffered any damage to its property and

21  if, as alleged in the Complaint, such damage was proximately caused by any acts or omissions

22  in work performed on Talus Parcel 9, any such damage was caused, in whole or in part, by acts

23  or omissions of Terra Talus, J.R. Hayes and Terra in doing and failing to do what was necessary

24  to protect Talus Parcel 9 and adjacent property.

THIRD PARTY COMPLAINT - 13
(18-cv-00910 RSM)

53.     By reason of the foregoing, if the City recovers any damages or other sums from ORA Talus or Resmark for damages to the City's property as alleged in the Complaint, then ORA Talus and Resmark are entitled to common law indemnity from Terra Talus, J.R. Hayes and Terra for all damages, if any, incurred by the City and all damages incurred by ORA Talus or Resmark and all amounts paid by ORA Talus or Resmark by way of defense costs (including attorneys' fees), settlement or judgment.

## FOURTH CLAIM FOR RELIEF

**(For Negligent Damage to Real Property Against Terra Talus, J.R. Hayes and Terra)**

54.     ORA Talus and Resmark repeat and reallege each and every allegation contained in paragraphs 1 through 43, inclusive, and 51 of this third party complaint with the same force and effect as if said allegations were fully repeated and realleged at length herein.

55.     Each of Terra Talus, J.R. Hayes and Terra caused loss and damage to real property (*i.e.*, Talus Parcel 9) and monetary damages to ORA Talus and Resmark and their subrogated insurers by reason of the actions and failure to act as alleged herein.

56.     The fill placed on Talus Parcel 9 during the construction grading and development begun in September 2015, in addition to the fill placed on Talus Parcel 9 by the City, exacerbated the destabilization of Talus Parcel 9 caused by the leaking of City-owned water onto Talus Parcel 9 and was a contributing cause of the Landslide.

57.     The redirection of the flow of surface water through unlined drainage swales and stored in unlined storage ponds during the construction, grading and development begun in September 2015, also contributed to the destabilization of Talus Parcel 9 and was a contributing cause of the Landslide.

58.     The failure to control runoff from Shangri-La Way at the head of Talus Parcel 9 during the construction, grading and development begun in September 2015, which allowed the

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   runoff to flow onto Talus Parcel 9, contributed to the destabilization of Talus Parcel 9 and was a

2   contributing cause of the Landslide.

3          59.    The fill changes and the rerouting of the surface water were part of Terra's

4   recommendations for the design, grading and construction of Talus Parcel 9 in the Geotechnical

5   Report and supported Terra's opinion that, if followed, they would eliminate the landslide

6   hazard caused, Terra said, by the steep slopes on Talus Parcel 9.  J.R. Hayes, as the grading

7   subcontractor, and Terra Talus, as general contractor, followed Terra's recommendations.

8   Contrary to Terra's opinion, the Landslide did happen.

9          60.    The recommendations in the Geotechnical Report were based on borings and test

10  pits Terra performed in connection with the CAR for Talus Parcel 9 and the Geotechnical

11  Report in order to analyze soil conditions and groundwater presence on, and overall stability of,

12  Talus Parcel 9.  However, the borings were shallow and spatially limited.

13         61.    The conclusions in the Geotechnical Report regarding groundwater presence

14  dismissed all groundwater presence as being the result of rainfall and did not recognize that the

15  groundwater could have, and likely did, come from other sources which could and did have an

16  effect on the stability of Talus Parcel 9.

17         62.    The conclusions in the Geotechnical Report regarding the landslide risks on

18  Talus Parcel 9 attributed the risk to the steep slopes because the Issaquah Municipal Code

19  included steep slopes within the definition of landslide hazard.  In doing this, Terra did not give

20  sufficient consideration to other risks of a landslide (leaking water, water runoff and excessive

21  fill) and led Terra to its expressed opinion that the grading and development design

22  recommended by Terra would eliminate the landslide hazard.  The Landslide evidences the

23  inadequacy of Terra's testing and resulting evaluations and opinions.

24

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

63.     The testing, analyses, evaluations and opinions for and in the Geotechnical
Report were performed and rendered by Terra as a geotechnical engineer.  As a geotechnical
engineer with admitted knowledge that the Geotechnical Report was to be relied upon in the
design, grading and construction of the Talus Parcel 9 project, Terra assumed the duty to ORA
Talus and Resmark to use reasonable engineering skill and judgment and to act with reasonable
care to avoid creating risks to the safety of persons and property and causing physical damage to
the Talus Parcel 9 real property.

64.     The acts and omissions of Terra in the performance of its work and the
evaluations and opinion it rendered were negligently performed and rendered in that they were
not performed or rendered with the required reasonable skill and judgment and required
reasonable care and, therefore, Terra breached the duty it had assumed and owed to ORA Talus
and Resmark.

65.     As licensed contractors, Terra Talus and J.R. Hayes should have recognized that
the recommendations and opinions of Terra were inadequate and that, if followed by Terra
Talus and J.R. Hayes, they would create risks to the safety of persons and property, including
Talus Parcel 9, and adjacent property, thereby breaching their own duty of care.

66.     Terra Talus and J.R. Hayes accepted and followed the recommendations and
opinions of Terra and, therefore, breached their own duty of care.

67.     Additionally, Terra Talus expressly undertook the responsibility to ensure that
the work performed by Terra conformed to the requisite standard of care for such work and
expressly assumed responsibility for the work performed by J.R. Hayes.

68.     By reason of the breaches of duty by Terra, J.R Hayes and Terra Talus, ORA
Talus and Resmark and their subrogated insurers have incurred loss and damage to real property
and millions of dollars in damages including, but not limited to, the costs or the work on Talus

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL., (206) 623-1700    FAX, (206) 623-8717

1  Parcel 9 prior to the Landslide that was lost by the Landslide, the costs of stabilizing and

2  monitoring Talus Parcel 9 after the Landslide and the costs of remediating Talus Parcel 9 to

3  bring it back to its pre-Landslide developable condition.  ORA Talus and Resmark estimate that

4  these damages alone exceed $35,000,000.

5      69.    ORA Talus and Resmark also estimate that they and their subrogated insurers

6  have incurred and will continue to incur additional damages, the amount of which will be

7  determined at trial.

8      70.    By reason of the foregoing, ORA Talus and Resmark are entitled to recover from

9  Terra Talus, J.R. Hayes and Terra all damages incurred by them and their subrogated insurers.

10  **<u>PRAYER</u>**

11  WHEREFORE, ORA Talus and Resmark pray that judgment by entered herein as

12  follows:

13      1.    Adjudging and decreeing that third party defendants Terra Talus, Element and

14  Freed are contractually obligated, jointly and severally, to defend, indemnify, and hold third-

15  party plaintiffs ORA Talus and Resmark harmless for and from all damages, if any, incurred by

16  the City and all damages incurred by ORA Talus or Resmark and all amounts paid by ORA

17  Talus or Resmark by way of defense costs (including attorneys' fees), settlement or judgment;

18      2.    Adjudging and decreeing that third party defendants Terra Talus, Element and

19  Freed are liable and obligated, jointly and severally, in implied indemnity to indemnify third-

20  party plaintiffs ORA Talus and Resmark for all damages, if any, incurred by the City and all

21  damages incurred by ORA Talus or Resmark and all amounts paid by ORA Talus or Resmark

22  by way of defense costs (including attorneys' fees), settlement or judgment;

23      3.    Adjudging and decreeing that third party defendants Terra Talus, J.R. Hayes and

24  Terra are liable and obligated in common law indemnity to indemnify third-party plaintiffs

THIRD PARTY COMPLAINT - 17
(18-cv-00910 RSM)

1  ORA Talus and Resmark for all damages, if any, incurred by the City and all damages incurred

2  by ORA Talus or Resmark and all amounts paid by ORA Talus or Resmark by way of defense

3  costs (including attorneys' fees), settlement or judgment;

4         4.     Awarding to third-party plaintiffs ORA Talus and Resmark, for themselves and

5  their subrogated insurers, and ordering third party defendants Terra Talus, J.R. Hayes and Terra

6  to pay ORA Talus and Resmark, compensatory damages in the amount determined at trial; and

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1       5.      Awarding to ORA Talus and Resmark, for themselves and their subrogated

2  insurers, such other and further relief as to this Court may seem just and proper.

3       DATED this 1st day of October, 2018.

4

5                    HARRIGAN LEYH FARMER & THOMSEN LLP

6                    By: *s/Arthur W. Harrigan, Jr.*
                      By: *s/ Tyler L. Farmer*

7                    By: *s/ Kristin E. Ballinger*
                        Arthur W. Harrigan, Jr. WSBA #1751

8                        Tyler L. Farmer, WSBA #39912
                        Kristin E. Ballinger, WSBA #28253

9                        999 Third Avenue, Suite 4400
                        Seattle, WA  98104

10                   Phone: (206) 623-1700
                       Fax: (206) 623-8717

11                   Email:  arthurh@harriganleyh.com
                       Email:  tylerf@harriganleyh.com

12                   Email:  kristinb@harriganleyh.com

13                   SAMINI COHEN SPANOS LLP

14                   By: *s/ Cynthia M. Cohen*
                        Cynthia M. Cohen, Admitted Pro Hac Vice

15                     333 S. Hope Street, 35th Floor
                     Los Angeles, CA  90071

16                   Telephone: (213) 863-0080
                     Fax: (213) 863-0751

17                   Email: cynthiacohen@saminicohen.com

                   Attorneys for Defendants and Third-party plaintiffs

18                  ORA Talus 90, LLC and Resmark Equity Partners,
                   LLC

19

20

21

22

23

24

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018 I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

Cynthia M. Cohen
Cynthiacohen@saminicohen.com

Terence J. Scanlan
tscanlan@skellengerbender.com

Patricia A. Robert
probert@skellengerbender.com

HARRIGAN LEYH FARMER & THOMSEN LLP


By: *s/Arthur W. Harrigan, Jr.*
Arthur W. Harrigan, Jr. WSBA #1751
999 Third Avenue, Suite 4400
Seattle, WA  98104
Phone: (206) 623-1700
Fax: (206) 623-8717
Email:  arthurh@harriganleyh.com

Attorneys for Defendants ORA Talus 90, LLC and
Resmark Equity Partners, LLC

THIRD PARTY COMPLAINT - 20
(18-cv-00910 RSM)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717