The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF ISSAQUAH,<br><br>     Plaintiff,<br><br> v.<br><br>ORA TALUS 90, LLC, a Delaware limited liability company; and RESMARK EQUITY PARTNERS, LLC, a Delaware limited liability company,<br><br>     Defendants. | NO. 18-CV-00910 RSM<br><br>PLAINTIFF CITY OF ISSAQUAH'S ANSWER TO DEFENDANTS ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S COUNTERCLAIMS |
| ORA TALUS 90, LLC, a Delaware limited liability company; and RESMARK EQUITY PARTNERS, LLC, a Delaware limited liability company,<br><br>     Third-Party plaintiffs,<br><br> v.<br><br>TERRA TALUS LLC, a Washington limited liability company; ELEMENT RESIDENTIAL INC., a Washington corporation; JOSHUA FREED, an individual; J.R. HAYES & SONS, INC., a Washington corporation; and TERRA ASSOCIATES, INC., a Washington corporation,<br><br>     Third-Party Defendants. | |
| AND RELATED COUNTERCLAIMS | |

PLAINTIFF CITY OF ISSAQUAH'S ANSWER TO DEFENDANTS ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S COUNTERCLAIMS – 1

014860-00101  2827449.docx

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

Plaintiff City of Issaquah, ("The City"), by and through its attorneys of record, Skellenger Bender, P.S., hereby answers the counterclaims by Defendants ORA Talus 90, LLC and Resmark Equity Partners, LLC ("Defendants") as follows:

## I. FIRST COUNTERCLAIM
### (Negligent Damage to Real Property)

39. Paragraph 39 includes legal conclusions to which no response is required. To the extent any response may be required, The City denies Paragraph 14.

40. The City admits that ORA Talus and Resmark are limited liability companies organized under the laws of the State of Delaware. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and, therefore, denies them.

41. The City admits the allegations in Paragraph 41.

42. The City admits that this Court has proper jurisdiction over this lawsuit but is without knowledge or information sufficient to form a belief as to the truth about whether all members of ORA Talus and Resmark are citizens of different states.

43. The City admits the allegations in Paragraph 43.

44. The City denies the allegations in Paragraph 44.

45. The City admits the allegations in Paragraph 45.

46. The City admits the allegations in Paragraph 46.

47. The City admits that draft and final Environmental Impact Statements and a draft Supplemental Environmental Impact Statement were completed in 1998 and 1999 for the Talus Master Planned Development. Except as expressly admitted, The City denies the remainder of the allegations in Paragraph 47.

48. The City admits the allegations in Paragraph 48.

49. The City admits that Shangri-La Way was extended above Talus Parcel 9 as a Master Developer plat improvement performed on behalf of TMS (Talus Management Services); The City denies that this extension work was a City public works project.

PLAINTIFF CITY OF ISSAQUAH'S ANSWER TO DEFENDANTS ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S COUNTERCLAIMS – 2

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

014860-00101  2827449.docx

Accordingly, and except as expressly admitted, The City denies the remainder of the allegations in Paragraph 49.

50. The City admits that it currently owns a portion of the water system in Talus, but not the entire system, nor does The City own the system above the Talus 616 reservoir (Concrete tanks). The City further admits that all infrastructure related to water supply in Talus was constructed by either TMS or parcel builders. Except as expressly admitted, The City denies the remainder of the allegations in Paragraph 50.

51. The City admits that, on or about September 3, 2015, its staff witnessed Talus Management Services or parcel builders test water systems as part of the plat improvements for Talus 9, which have not yet been accepted by the City. Except as expressly admitted, The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies them.

52. The City denies the allegations contained in Paragraph 52 as they call for a legal conclusion to which no response is required.

53. The City admits that in September 2015 construction grading and development began on Talus 9 under the direction of the permit holder, ORA Talus. The City expressly denies that it placed, or had placed, fills as part of the extension of Shangri-La Way, as there have been no City-funded infrastructure projects in Talus. Except as expressly admitted and denied, The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and, therefore, denies them.

54. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies them.

55. The City denies the last sentence of Paragraph 55. As to the remaining allegations in Paragraph 55, The City is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

PLAINTIFF CITY OF ISSAQUAH'S ANSWER TO DEFENDANTS ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S COUNTERCLAIMS – 3

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

014860-00101  2827449.docx

56. The City admits the allegations in the second sentence of Paragraph 56. Except as expressly admitted, The City denies the remainder of the allegations in Paragraph 56, as it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

57. The City admits the allegations in the first sentence of Paragraph 57. The City denies the allegations in the second sentence of Paragraph 57, as The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

58. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies them.

59. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies them.

60. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies them.

61. The City admits that the landslide occurred on Talus Parcel 9 on or about November 13, 2015, that cracking was seen in the asphalt curb and gutter, that movement of retaining walls was observed, and that The City issued a partial stop work order for the Talus Parcel 9 site on or about November 17, 2015. Except as expressly admitted, The City denies the remaining allegations in Paragraph 61, as The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

62. The City admits the allegations in Paragraph 62.

63. The City denies the allegations in Paragraph 63.

64. The City denies the allegations in Paragraph 64.

65. The City admits that the fill placed on Talus Parcel 9 by J.R. Hayes caused destabilization of that land. Except as expressly admitted, The City denies the remaining allegations in Paragraph 65.

PLAINTIFF CITY OF ISSAQUAH'S ANSWER TO DEFENDANTS ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S COUNTERCLAIMS – 4

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

014860-00101  2827449.docx

66. The City denies the allegations in Paragraph 66.

67. The City denies the allegations in Paragraph 67.

68. The City denies the allegations in Paragraph 68.

69. The City denies the allegations in Paragraph 69.

70. The City denies the allegations in Paragraph 70.

## II.   SECOND COUNTERCLAIM
### (Trespass)

71. The City incorporates by reference all its answers to the preceding paragraphs as if fully set forth herein.

72. The City denies the allegations in Paragraph 72.

73. The City denies the allegations in Paragraph 73.

74. The City denies the allegations in Paragraph 74.

75. The City denies the allegations in Paragraph 75.

## III.   THIRD COUNTERCLAIM
### (Nuisance)

76. The City incorporates by reference all its answers to the preceding paragraphs as if fully set forth herein.

77. The City denies the allegations in Paragraph 77.

78. The City denies the allegations in Paragraph 78.

79. The City denies the allegations in Paragraph 79.

80. The City denies the allegations in Paragraph 80.

## IV.   FOURTH COUNTERCLAIM
### (Strict Liability: Collection, Concentration, Channeling and Casting of Groundwater)

81. The City incorporates by reference all its answers to the preceding paragraphs as if fully set forth herein.

82. The City denies the allegations in Paragraph 82.

83. The City denies the allegations in Paragraph 83.

84. The City denies the allegations in Paragraph 84.

PLAINTIFF CITY OF ISSAQUAH'S ANSWER TO DEFENDANTS ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S COUNTERCLAIMS – 5

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

014860-00101  2827449.docx

85. The City denies the allegations in Paragraph 85.

86. The City denies the allegations in Paragraph 86.

87. The City denies the allegations in Paragraph 87.

## V.    FIFTH COUNTERCLAIM
### (Strict Liability: Artificial Discharge of Groundwater)

88. The City incorporates by reference all its answers to the preceding paragraphs as if fully set forth herein.

89. The City denies the allegations in Paragraph 89.

90. The City denies the allegations in Paragraph 90.

91. The City denies the allegations in Paragraph 91.

92. The City denies the allegations in Paragraph 92.

93. The City denies the allegations in Paragraph 93.

94. The City denies the allegations in Paragraph 94.

## VI.    SIXTH COUNTERCLAIM
### (Violation of RCW 4.24.630)

95. The City incorporates by reference all its answers to the preceding paragraphs as if fully set forth herein.

96. The City denies the allegations in Paragraph 96.

97. The City denies the allegations in Paragraph 97.

98. The City denies the allegations in Paragraph 98.

99. The City denies the allegations in Paragraph 99.

100. The City denies the allegations in Paragraph 100.

101. The City denies the allegations in Paragraph 101.

102. The City denies the allegations in Paragraph 102.

## AFFIRMATIVE DEFENSES

AND BY WAY OF FURTHER ANSWER, THE CITY OF ISSAQUAH, ALLEGES THE FOLLOWING AFFIRMATIVE DEFENSES:

PLAINTIFF CITY OF ISSAQUAH'S ANSWER TO DEFENDANTS ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S COUNTERCLAIMS – 6

014860-00101  2827449.docx

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

1. That Defendants' counterclaims fail to state a claim upon which relief may be granted.

2. That any and all damages sustained by Defendants, which are not herein admitted but are specifically denied, were and are the proximate result of an unavoidable accident due to unforeseen circumstances over which The City had no control and for which no claim lies against The City.

3. That at all times herein mentioned, any and all damages sustained by the Defendants, which are not herein admitted but are expressly denied, were and are the proximate result of the acts, omissions and/or negligence of third persons, which acts omissions and/or negligence were not reasonably foreseeable by The City and which intervening acts, omissions and/or negligence bar any and all recovery against The City.

4. That at all times herein mentioned, any and all damages sustained by the Defendants, which are not herein admitted but are expressly denied, shall be apportioned between all responsible persons or entities whether party defendants or not.

5. That Defendants have failed to minimize and mitigate Defendants' injuries and damages, and such claims are thereby barred.

6. That such injuries and damage as Defendants may have sustained were proximately caused and contributed to by Defendants' own negligence.

7. That Defendants voluntarily and knowingly assumed the risk of sustaining the injuries and damages of which Defendants now complain.

8. That Defendants have failed to join necessary and indispensable parties.

9. That this Court lacks subject matter jurisdiction.

10. That The City is immune from liability.

11. That Defendants' claims are barred by applicable statutes of limitation.

12. That Defendants' claims are barred by laches.

13. That Defendants' claims are barred by estoppel and/or waiver.

PLAINTIFF CITY OF ISSAQUAH'S ANSWER TO DEFENDANTS ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S COUNTERCLAIMS – 7

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

014860-00101  2827449.docx

14. That all statements, if any, made by The City were privileged and true.

15. That Defendants' counterclaims are barred by the doctrine of unclean hands.

16. The City reserves the right to add additional affirmative defenses and/or party defendants as discovery may warrant.

**PRAYER**

THE CITY denies ORA Talus and Resmark are entitled to any of the requested relief.

Dated this 16th day of October, 2018.

                                       s/ Terence J. Scanlan
Terence J. Scanlan, WSBA #19498
Patricia A. Robért, WSBA #46716
SKELLENGER BENDER, P.S.
1301 – 5th Avenue, Ste. 3401
Seattle, WA 98101-2605
Telephone: 206-623-6501
Facsimile: 206-447-1973
tscanlan@skellengerbender.com
probert@skellengerbender.com
Attorneys for City of Issaquah

PLAINTIFF CITY OF ISSAQUAH'S ANSWER TO DEFENDANTS ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S COUNTERCLAIMS – 8

014860-00101 2827449.docx

skellengerbender
1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

# CERTIFICATE OF SERVICE

THE UNDERSIGNED swears under penalty of perjury under the laws of the State of Washington as follows:

1. I am over the age of 21, am an employee of Skellenger Bender, P.S., and not a party to this action.

2. On October 16, 2018, I caused a true and correct copy of the foregoing document to be served on counsel of record in the following manner:

| Counsel for Defendants | |
|---|---|
| Arthur W. Harrigan, Jr. WSBA #1751 | ☐ U.S. Mail |
| Tyler L. Farmer, WSBA #39912 | ☐ Hand Delivery |
| Kristin E. Ballinger, WSBA #28253 | ☐ Facsimile |
| HARRIGAN LEYH FARMER & THOMSEN LLP | ☐ Overnight |
| 999 Third Avenue, Suite 4400 Seattle, WA 98104 | ☐ E-mail |
| Phone: (206) 623-1700 | ☑ CM/ECF system |
| Fax: (206) 623-8717 | |
| Email: arthurh@harriganleyh.com | |
| Email: tylerf@harriganleyh.com | |
| Email: kristinb@harriganleyh.com | |

Cynthia M. Cohen, Admitted Pro Hac Vice
SAMINI COHEN SPANOS LLP
333 S. Hope Street, 35th Floor
Los Angeles, CA 90071
Phone: (213) 863-0080
Fax: (213) 863-0751
Email: cynthiacohen@saminicohen.com

DATED this 16th day of October, 2018, at Seattle, Washington.

      s/ George L. Auslander
George L. Auslander, Paralegal

PLAINTIFF CITY OF ISSAQUAH'S ANSWER TO DEFENDANTS ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S COUNTERCLAIMS – 9

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

014860-00101  2827449.docx