1     HONORABLE RICARDO S. MARTINEZ

2

3

4

5

6

7     UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
8     AT SEATTLE

9     CITY OF ISSAQUAH, a municipal
      corporation,                                    Case No.: 18-cv-00910 RSM
10
                              Plaintiff,              **FIRST AMENDED THIRD PARTY**
11                  v.                                **COMPLAINT FOR: CONTRACTUAL**
                                                      **INDEMNITY; IMPLIED INDEMNITY;**
12    ORA TALUS 90, LLC, a Delaware limited           **COMMON LAW INDEMNITY; AND**
      liability company; and RESMARK EQUITY           **NEGLIGENT DAMAGE TO PROPERTY**
13    PARTNERS, LLC, a Delaware limited
      liability company
14
                              Defendants.
15    ORA TALUS 90, LLC, a Delaware limited
      liability company; and RESMARK EQUITY
16    PARTNERS, LLC, a Delaware limited
      liability company,
17
                        Third-Party Plaintiffs,
18                  v.

19    TERRA TALUS LLC, a Washington limited
      liability company; ELEMENT
20    RESIDENTIAL INC., a Washington
      corporation; JOSHUA FREED, an individual;
21    J.R. HAYES & SONS, INC., a Washington
      corporation; TERRA ASSOCIATES, INC., a
22    Washington corporation; TALUS
      MANAGEMENT SERVICES LLC, a
23    Washington limited liability company; and
      TALUS 7 & 8, LLC, a Washington limited
24    liability company,

FIRST AMENDED THIRD PARTY COMPLAINT - 1
(18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Third-Party Defendants.

AND RELATED COUNTERCLAIMS

Defendants and Third-Party Plaintiffs ORA Talus 90, LLC ("ORA Talus") and Resmark Equity Partners, LLC ("Resmark"), by their attorneys, for their First Amended Third Party Complaint ("third party complaint") herein, allege:

## JURISDICTION

1.      This Court has jurisdiction over this third party complaint pursuant to 28 U.S.C. §§ 1332(a)(2) and 1337 in that the Court has original jurisdiction over this action and this third party complaint itself in that they are civil actions between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and in that the claims in this third party complaint arise out of and are so related to the claims for relief asserted in the Complaint filed by the City of Issaquah herein (the "Complaint"), that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue in the Western District of Washington is proper in that this action is pending in the Western District of Washington and under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this third party complaint occurred in the Western District of Washington and a substantial part of the property that is the subject of this third party complaint is situated in the Western District of Washington.

## PARTIES

3.      At all relevant times herein, third-party plaintiffs ORA Talus and Resmark have been limited liability companies organized under the laws of the State of Delaware and all of their members are citizens of Delaware, California or Maryland.

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

4.      At all relevant times herein, third-party defendant Terra Talus LLC ("Terra Talus") has been a limited liability company organized under the laws of the State of Washington and all of its members are citizens of the State of Washington.

5.      At all relevant times herein, third-party defendant Element Residential Inc. ("Element") has been a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington.  Element is an affiliate of Terra Talus.

6.      At all relevant times herein, third-party defendant Joshua Freed ("Freed") has been an individual domiciled in the State of Washington.  Freed is an affiliate of Terra Talus and Element.

7.      At all relevant times herein, third-party defendant J.R. Hayes & Sons, Inc. ("J.R. Hayes") has been a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington.

8.      At all relevant times herein, third-party defendant Terra Associates, Inc. ("Terra") has been a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington.

9.      At all relevant times herein, third-party defendant Talus Management Services LLC ("Talus Management") has been a limited liability company organized under the laws of the State of Washington and all of its members are citizens of the State of Washington.

10.      At all relevant times herein, third-party defendant Talus 7 & 8 Investment, LLC ("Talus 7 & 8") has been a limited liability company organized under the laws of the State of Washington and all of its members are citizens of the State of Washington.

## GENERAL ALLEGATIONS

11.      This third party complaint arises from the cause of action alleged against ORA Talus and Resmark in the Complaint herein filed by the City of Issaquah, Washington (the

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1  "City").  In the Complaint, the City alleges that it is entitled to recover from ORA Talus and

2  Resmark damages the City contends were caused to certain portions of the City's infrastructure

3  and certain of the City's water facilities as a result of a 2015 landslide (the "Landslide") on the

4  property commonly known as Talus Parcel 9.  In the Complaint, the City alleges that the

5  foregoing alleged property damage was caused by alleged acts and omissions of ORA Talus and

6  Resmark in breach of alleged duties the City contends were owed by ORA Talus and Resmark

7  to the City.  A true and correct copy of the Complaint is annexed hereto as Exhibit A.

8          12.      ORA Talus and Resmark have answered the Complaint.  In their answer, ORA

9  Talus and Resmark have denied and continue to deny that any acts or omissions by either of

10  them caused any damage to property of the City or breached duties, if any, either ORA Talus or

11  Resmark owed to the City.  ORA Talus and Resmark have also asserted counterclaims against

12  the City.  In their counterclaims, ORA Talus and Resmark allege that, contrary to the allegations

13  in the Complaint, the City's own actions and failures to act caused significant loss and damages

14  to real property and monetary damages to ORA Talus and Resmark and their subrogated

15  insurers and that the City's actions and failures to act caused or, at the least, contributed, in

16  whole or in substantial part, to the Landslide.  A true and correct copy of ORA Talus's and

17  Resmark's Amended Answer to Complaint; and Counterclaims is annexed hereto as Exhibit B.

18          13.      If the City in fact suffered any damage to its property and if any such damage

19  was proximately caused by acts or omissions of persons or entities other than the City itself,

20  directly or through its agents, any such damage was not caused by acts or omissions of ORA

21  Talus or Resmark, but rather was proximately caused by the acts or omissions of others,

22  including third-party defendants Terra Talus, J.R. Hayes, Terra, Talus Management and Talus 7

23  & 8, as set forth hereinbelow.  ORA Talus and Resmark bring this third party complaint against

24

FIRST AMENDED THIRD PARTY COMPLAINT - 4
(18-cv-00910 RSM)

said third-party defendants to recover from them indemnity for any damages the City is found to have suffered.

14.     ORA Talus and Resmark also bring this third party complaint, on behalf of themselves and their subrogated insurers, to recover for loss and damage to real property and monetary damages they and their subrogated insurers incurred by reason of the acts and failures to act by the third-party defendants named in this third party complaint to the extent said third-party defendants caused or contributed to the loss of real property and damages incurred by ORA Talus and Resmark and their subrogated insurers.

15.     ORA Talus is the current owner of Talus Parcel 9.  ORA Talus acquired title to Talus Parcel 9 by deed recorded on July 2, 2014.

16.     Talus Parcel 9 is part of the Talus Master Planned Development in Issaquah, Washington.  Talus Parcel 9 is located to the west of the intersection of Shangri-La Way NW and NW Talus Drive and to the east of the parcel of land commonly known as Talus Parcel 8. Shangri-La Way NW is a public right of way that runs along the boundary between Talus Parcel 9 and Talus Parcel 8.

17.     In 1998 and 1999, the City caused environmental reviews to be conducted on the parcels in the Talus Master Planned Development, which reviews resulted in draft and final Environmental Impact Statements and a draft Supplemental Environmental Impact Statement. Each of these Environmental Impact Statements recognized that the planned development area included landslide hazard areas.  In fact, as recognized by the City, Talus Parcel 9, Talus Parcel 8 and other parcels of land in the planned development area, including that parcel commonly referred to as Talus Parcel 7, lie within a mapped deep-seated landslide hazard area.

18.     In or about December 1999, the City entered into a Development Agreement with respect to the Talus Master Planned Development.  The Development Agreement, like the

FIRST AMENDED THIRD PARTY COMPLAINT - 5
(18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   Environmental Impact Statements, recognized that the planned development included landslide

2   hazard areas.

3       19.     Subsequent to the City's entry into the Development Agreement, and in or about

4   July 2007, Talus Management acquired the remaining master development rights under, and

5   undertook responsibility for carrying out responsibilities under, the Development Agreement,

6   and J.R. Hayes directly, and/or through others with which it contracted, did development,

7   construction, and infrastructure work and improvements on the Talus Master Planned

8   Development, including, but not limited to, on Talus Parcel 7, Talus Parcel 8 and Talus Parcel

9   9.

10      20.     Prior to the acquisition of Talus Parcel 9 by ORA Talus, Talus Parcel 7, Talus

11  Parcel 8 and Talus Parcel 9 were owned by affiliates of J.R. Hayes.  Talus Parcel 7 and Talus

12  Talus Parcel 8 were owned and continue to be owned by Talus 7 & 8.  Talus Parcel 9 was

13  owned by Talus 9 Investment, LLC.  Talus 7 & 8 and Talus 9 Investment, LLC submitted a

14  joint application to the City for approval of a preliminary plat for residential lots on Talus Parcel

15  7, Talus Parcel 8 and Talus Parcel 9.  The application was supported by geotechnical analyses

16  (one for each of Talus Parcel 7, Talus Parcel 8 and Talus Parcel 9), each of which was entitled a

17  Critical Area Report ("CAR") and each of which had been prepared in 2014 by Terra.

18      21.     None of the CARs acknowledged or recognized that Talus Parcel 7, Talus Parcel

19  8 and Talus Parcel 9 lie within a mapped deep-seated landslide.

20      22.     The CAR for Talus Parcel 9 noted that natural geologic conditions encountered

21  at Talus Parcel 9 indicated that, with the exception of colluvium deposited in the northern ravine

22  area, the slopes have generally been stable during the post-glacial period.  The CAR for Talus

23  Parcel 9 noted that there was no evidence of unstable slope condition or recent slope instability

24  on the parcel.

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

23.     Prior to the acquisition of Talus Parcel 9 by ORA Talus, Element entered into a Purchase and Sale Agreement, dated for reference purposes January 23, 2014, as amended as of March 7, 2014, April 7, 2014, and April 10, 2014, to acquire Talus Parcel 9.

24.     On April 24, 2014, Element entered into an agreement with Terra pursuant to which Terra agreed to update its 2008 geotechnical report for Talus Parcel 9.  In the agreement, Terra noted that it had received authorization from J.R. Hayes to use existing data and soils data from supplemental test pits to prepare the report.

25.     Pursuant to the agreement with Element, Terra issued a report entitled Geotechnical Report Talus Parcel 9 Issaquah, Washington (the "Geotechnical Report").  In the Geotechnical Report, Terra noted that there was groundwater seepage in the property of a minor to moderate flow, but opined that it was isolated and represented infiltrated rainfall.  In the Geotechnical Report, Terra noted that, based on the Issaquah Municipal Code definition of landslide hazard area, nearly the entire north one-half of the site fell under the landslide hazard category, but opined that, as currently planned, the development concept and planned grading when completed as Terra recommended in the report, would eliminate the landslide hazard. The Geotechnical Report, like the CAR for Talus Parcel 9, failed to mention that the entire site was within a mapped deep-seated landslide.

26.     The Geotechnical Report represented that it had been prepared in accordance with generally accepted geotechnical engineering practices.  The Geotechnical Report acknowledged that it was intended for specific application to the Talus Parcel 9 project and that its opinions and recommendation were to be implemented and relied upon in the design, grading and construction of the project.

27.     Element and ORA Talus entered into an Assignment and Assumption Purchase and Sale Agreement pursuant to which ORA Talus acquired the contractual right of Element to

FIRST AMENDED THIRD PARTY COMPLAINT - 7
(18-cv-00910 RSM)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1  purchase Talus Parcel 9 and ORA Talus agreed to engage Element, or one of its builder

2  affiliates, as a fee builder of the townhomes to be built on Talus Parcel 9.

3    28.  Pursuant to the Assignment and Assumption Purchase and Sale Agreement,

4  effective June 30, 2014, ORA Talus engaged Terra Talus as general contractor to perform or

5  cause to be performed and be responsible for all of the pre-construction work, land development

6  work and all of the phase unit work for the Talus Parcel 9 project (the "Terra Talus

7  Agreement").

8    29.  Terra Talus engaged J.R. Hayes as a subcontractor to perform grading and other

9  work on Talus Parcel 9 (the "J.R. Hayes Agreement").  The agreement between Terra Talus and

10  J.R. Hayes was entered into on April 10, 2014, and refers to Terra Talus or assigns as owner and

11  J.R. Hayes as contractor because it was entered into prior to ORA Talus's acquisition of the title

12  to Talus Parcel 9 and prior to ORA Talus's engagement of Terra Talus as general contractor.

13    30.  Pursuant to the Terra Talus Agreement, Terra Talus warranted that it was in

14  charge of and responsible for and participated in the preparation of the plans and specifications

15  and other contract documents affecting the Talus Parcel 9 project.  Pursuant to the Terra Talus

16  Agreement, Terra Talus also warranted that it had investigated and would investigate to full

17  satisfaction all conditions affecting the work affecting the project which included the

18  geotechnical engineering work for which Terra Talus had engaged Terra and obtained the

19  Geotechnical Report.  These warranties imposed on Terra Talus the responsibility to ensure that

20  the work performed by Terra conformed to the requisite standard of care for such work as the

21  Geotechnical Report represented it had.

22    31.  Pursuant to the Terra Talus Agreement, Terra Talus agreed that it would

23  supervise, direct, and be fully responsible for the design, architecture, engineering and all work

24

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1  to be performed on Talus Parcel 9, and be responsible for the acts and omissions of all

2  consultants (*e.g.*, Terra) and all subcontractors (*e.g.*, J.R. Hayes).

3       32.     Pursuant to the Terra Talus Agreement, Terra Talus agreed that it was solely

4  responsible and liable for executing all work in a safe and prudent manner including protecting

5  the public from property damage.

6       33.     Pursuant to the Terra Talus Agreement, Terra Talus expressly agreed to

7  indemnify ORA Talus and any of its members, partners and other parties in interest and their

8  successors and assigns (the "Indemnitees") and hold the Indemnitees harmless and defend them

9  from and against any claims, demands, obligations, damages, actions, causes of action, suits,

10  losses, judgments, awards, fines, penalties, liabilities, costs and expenses (including, without

11  limitation, attorneys' fees, disbursements, court costs and all other expert or consultants' fees

12  and costs).

13       34.     Pursuant to the Terra Talus Agreement, Terra Talus acknowledged that ORA

14  Talus would not have control over or charge of, and would not be responsible for, design,

15  construction means, or safety precautions in connection with the work to be performed.

16       35.     Third-party defendants Element and Freed executed a written Guaranty in favor

17  of ORA Talus as of June 30, 2014 (the "Guaranty").  Pursuant to the Guaranty, Element and

18  Freed, jointly and severally, unconditionally and irrevocably guaranteed for the benefit of ORA

19  Talus and its successor and assigns the performance of all obligations or Terra Talus with

20  respect to the foregoing.

21       36.     Pursuant to the J.R. Hayes Agreement, J.R. Hayes agreed to perform all

22  infrastructure, grading and site work necessary to deliver recordable townhome lots.

23  Additionally, pursuant to the J.R. Hayes Agreement, J.R. Hayes agreed that it would provide all

24  reasonable protection to prevent damage or loss to property at the site or adjacent thereto.

FIRST AMENDED THIRD PARTY COMPLAINT - 9
(18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

37.     In September 2015, construction grading and development began on Talus Parcel 9 under the direction of Terra Talus, as general contractor, and J.R. Hayes, as the grading subcontractor.  Terra Talus and J.R. Hayes followed the recommendations made by Terra in the Geotechnical Report.   Grading to reach proposed elevations consisted of cuts and fill placement ranging from approximately 2 to 15 feet.  Temporary fills up to 22 feet were installed to allow equipment access to install soldier pile and tieback walls at the upper west side of the site. These fills were in addition to the fill the City had placed along the south and west sides of Talus Parcel 9 as part of an extension of Shangri-La Way.

38.     As part of the foregoing construction grading begun in September 2015 on Talus Parcel 9, surface water was rerouted through unlined drainage swales to three or four temporary storm ponds and two previously existing ponds were relocated mid-slope.  Two soldier pile walls (Power Vault Wall and Wall A) were mostly completed near the top of the slope by the end of October 2015.  This work too followed the recommendations of Terra in the Geotechnical Report.

39.     On or about October 25, 2015, water seepage at a valve can near the intersection of Shangri-La Way and NW Stoney Creek Drive and a City-owned blow-off valve on Talus Parcel 9 was reported to J.R. Hayes personnel and subsequently to the City.  In response, the City shut off a water supply valve near the bridge on Stoney Creek Drive.  The blow-off valve was then closed and the above ground riser portion was covered with plastic.  Upon information and belief, these actions were not adequate to stop the water leaking onto Talus Parcel 9.

40.     On October 31, 2015, water seepage adjacent to the sidewalk in the southwest portion of Talus Parcel 9 near the blow-off riser/power vault was noticed by a neighboring resident who notified a Talus Parcel 9 representative who, in turn, notified the City.  On October 31, 2015, subsidence and tension cracks were observed between the Power Vault Wall

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  and a sidewalk along Shangri-La Way West and upslope of Talus Parcel 9.  On November 1,

2  2015, a City employee arrived on site and closed a valve on a water supply line in the

3  intersection adjacent to the site.

4      41.    By November 5, 2015, gradual changes including uneven sidewalks and cracks

5  in the curb and gutter were observed at the toe of the slope in the intersection of Shangri-La

6  Way and Talus Drive.  On November 9, 2015, new tension cracks were observed behind the

7  Power Vault and south end of Wall A.

8      42.    On November 12, 2015, excavations at the top of the slope encountered free

9  flowing water.  J.R. Hayes personnel reported water seepage near a retaining wall in the

10  southwest, adjacent to the intersection where several clusters of water supply valves were

11  located within the intersection.  The City used a leak locating device to listen to the valves and

12  determined that one valve was leaking at an estimated rate of several gallons per minute.  Upon

13  information and belief, the leaking water was City-owned water.  On the same day, a leak was

14  detected at the top of the slope.

15      43.    On November 13, 2015, large volumes of water continued flowing from the

16  upper rockery above the intersection at the base of the slope (NW Talus Drive and Shangri-La

17  Way NW).

18      44.    On November 13, 2015, at the direction of the City, a portion of the road was

19  removed and the leaking valve was exposed.  The excavation disclosed that the packing gland

20  nuts on the valve were loose and that there was a constant visible leak.  The City and/or an

21  agent of the City tightened several nuts and the water leakage slowed.

22      45.    On November 13, 2015, larger changes were seen in the intersection of NW

23  Talus Drive and Shangri-La Way NW.  Further cracking was seen in the asphalt curb and gutter

24  as the pavement was uplifted about 12 to 18 inches in the road about 5 feet east of the western

FIRST AMENDED THIRD PARTY COMPLAINT - 11
(18-cv-00910 RSM)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  curb.  Movement of retaining walls was observed.  The Landslide had occurred.  On November

2  17, 2015, the City issued a partial stop work order for the Talus Parcel 9 site.

3     46.     On January 14, 2016, a test pit was excavated at the top of the slope, east of the

4  intersection of Shangri-La Way NW and NW Stoney Creek Drive.  This excavation revealed a

5  broken 8-inch diameter water main pipe, loose end cap and blow-off valve leak.  In the

6  Complaint, the City alleges that the damage revealed by the excavation was caused by the

7  Landslide.  In the Amended Answer and Counterclaims, ORA Talus and Resmark contend that

8  the City directly and/or through its agents negligently installed, operated, maintained, serviced,

9  repaired and/or tested the water supply lines, pipes and valves in or adjacent to Talus Parcel 9

10  and that the City's negligence caused those water supply lines, pipes and valves to allow large

11  amounts of water to leak onto Talus Parcel 9 and caused the Landslide because the amounts of

12  water that leaked onto Talus Parcel 9 from the City's water supply lines, pipes and valves were

13  great enough to saturate the soil on Talus Parcel 9 and impede the ability of the land to handle

14  rainfall and other surface or underground water flows and that this destabilized Talus Parcel 9.

15     47.     To the extent that J.R. Hayes, Talus Management and/or Talus 7 & 8 (as opposed

16  to the City) installed any of the water supply infrastructure that failed, those entities are

17  responsible for such failure, and for any property and other damage caused by such failure.

18                              **FIRST CLAIM FOR RELIEF**

19            **(For Contractual Indemnity Against Terra Talus, Element and Freed)**

20     48.     ORA Talus and Resmark repeat and reallege each and every allegation contained

21  in paragraphs 1 through 47, inclusive, of this third party complaint with the same force and

22  effect as if said allegations were fully repeated and realleged at length herein.

23     49.     If, as alleged in the Complaint, the City suffered any damage to its property and

24  if, as alleged in the Complaint, the City is found to be entitled to recover such damage or any

FIRST AMENDED THIRD PARTY COMPLAINT - 12
(18-cv-00910 RSM)

1   other sums from ORA Talus or Resmark because the damage was proximately caused by acts or

2   omissions in work performed on Talus Parcel 9, then, pursuant to the express indemnity and

3   hold harmless provision in the Terra Talus Agreement, Terra Talus is obligated to defend,

4   indemnify, and hold ORA Talus and Resmark harmless for and from damages, if any, incurred

5   by the City and incurred by ORA Talus or Resmark and all amounts paid by ORA Talus or

6   Resmark by way of defense costs (including attorneys' fees), settlement or judgment.

7        50.    If, as alleged in the Complaint, the City suffered any damage to its property and

8   if, as alleged in the Complaint, the City is found to be entitled to recover such damage or any of

9   the sums from ORA Talus or Resmark because the damage was proximately caused by acts or

10   omissions in work performed on Talus Parcel 9, then, pursuant to the Guaranty, Element and

11   Freed are jointly and severally obligated, along with Terra Talus, to indemnify and hold ORA

12   Talus and Resmark harmless for and defend from damages, if any, incurred by the City, and

13   incurred by ORA Talus or Resmark and all amounts paid by ORA Talus or Resmark by way of

14   defense costs (including attorneys' fees), settlement or judgment.

15               **<u>SECOND CLAIM FOR RELIEF</u>**

16        **(For Implied Indemnity Against Terra Talus, Element and Freed)**

17        51.    ORA Talus and Resmark repeat and reallege each and every allegation contained

18   in paragraphs 1 through 47, inclusive, of this third party complaint with the same force and

19   effect as if said allegations were fully repeated and realleged at length herein.

20        52.    If, as alleged in the Complaint, the City suffered any damage to its property and

21   if, as alleged in the Complaint, such damage was proximately caused by any acts or omissions

22   in work performed on Talus Parcel 9, any such damage was caused by acts or omissions of

23   Terra Talus in doing or failing to do what the Terra Talus Agreement obligated Terra Talus to

24   do in connection with its complete responsibility for such work.

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

53.     By reason of the foregoing, if the City recovers damages or other sums from ORA Talus or Resmark for damage to the City's property as alleged in the Complaint, then ORA Talus and Resmark are entitled to complete indemnity, jointly and severally, from Terra Talus, Element and Freed for all damages, if any, incurred by the City and all damages incurred by ORA Talus or Resmark and all amounts paid by ORA Talus or Resmark by way of defense costs (including attorneys' fees), settlement or judgment.

## THIRD CLAIM FOR RELIEF

### (For Common Law Indemnity Against Terra Talus, J.R. Hayes, Terra, Talus Management and Talus 7 & 8)

54.     ORA Talus and Resmark repeat and reallege each and every allegation contained in paragraphs 1 through 47, inclusive, of this third party complaint with the same force and effect as if said allegations were fully repeated and realleged at length herein.

55.     As J.R. Hayes, Talus Management and Talus 7 & 8 knew, or should have known, leaking water pipelines and valves in a known landslide hazard area are known contributors to instability.  Talus Management and Talus 7 & 8 should have made sure that any pipelines and valves they caused to be installed did not and would not leak.

56.     As Terra Talus, J.R. Hayes and Terra knew, or should have known, fill placed on top of a known landslide hazard area is a known contributor to instability.  Terra Talus, J.R. Hayes and Terra knew, or should have known, prior to recommending how to do grading work and prior to commencing grading work on Talus Parcel 9 that the City previously had caused fill to be placed along the south and west sides of Talus Parcel 9 and that the additional fill placed on Talus Parcel 9 would increase instability of the parcel.

57.     If, as alleged in the Complaint, the City suffered any damage to its property and if, as alleged in the Complaint, such damage was proximately caused by any acts or omissions

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700    FAX, (206) 623-8717

1  in work performed on or related to infrastructure on or in Talus Parcel 7, Talus Parcel 8 and/or

2  Talus Parcel 9, any such damage was caused, in whole or in part, by acts or omissions of Terra

3  Talus, J.R. Hayes, Terra, Talus Management and Talus 7 & 8 in doing and failing to do what

4  was necessary to protect Talus Parcel 9 and adjacent property.

5         58.     By reason of the foregoing, if the City recovers any damages or other sums from

6  ORA Talus or Resmark for damages to the City's property as alleged in the Complaint, then

7  ORA Talus and Resmark are entitled to common law indemnity from Terra Talus, J.R. Hayes,

8  Terra, Talus Management and Talus 7 & 8 for all damages, if any, incurred by the City and all

9  damages incurred by ORA Talus or Resmark and all amounts paid by ORA Talus or Resmark

10  by way of defense costs (including attorneys' fees), settlement or judgment.

11  

12  **FOURTH CLAIM FOR RELIEF**

13  **(For Negligent Damage to Real Property Against Terra Talus,
J.R. Hayes, Terra, Talus Management and Talus 7 & 8)**

14         59.     ORA Talus and Resmark repeat and reallege each and every allegation contained

15  in paragraphs 1 through 47, inclusive, 55 and 56 of this third party complaint with the same

16  force and effect as if said allegations were fully repeated and realleged at length herein.

17         60.     Each of Terra Talus, J.R. Hayes, Terra, Talus Management and Talus 7 & 8

18  caused loss and damage to real property (*i.e.*, Talus Parcel 9) and monetary damages to ORA

19  Talus and Resmark and their subrogated insurers by reason of the actions and failure to act as

20  alleged herein.

21         61.     After Talus Management acquired the remaining development rights under the

22  Development Agreement, Talus Management used its affiliate J.R. Hayes to cause the

23  installation of water pipelines and valves, including pipelines that run through Talus Parcel 9.

24  Talus Management and J.R. Hayes had a duty and responsibility to ensure that such work

FIRST AMENDED THIRD PARTY COMPLAINT - 15
(18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1   conformed to the requisite standard of care for such work and avoid risks to the safety of Talus

2   Parcel 9.  To the extent those pipelines were the ones that leaked and Talus Management and

3   J.R. Hayes installed the pipelines improperly or failed to maintain them while it was their

4   obligation to maintain them, Talus Management and J.R. Hayes did not do so.

5          62.     During the period in which Talus 7 & 8 developed Talus Parcel 7 and Talus

6   Parcel 8, Talus 7 & 8 used its affiliate J.R. Hayes to cause installation of water valves and water

7   pipelines on Talus Parcel 7 or Talus Parcel 8 in close proximity to Talus Parcel 9.  Talus 7 & 8

8   and J.R. Hayes had a duty and responsibility to ensure that such work, and the maintenance and

9   testing of the valves and pipes, conformed to the requisite standard of care for such work to

10  avoid risks to Talus Parcel 9.  To the extent these valves or pipelines leaked, Talus Management

11  and J.R. Hayes did not do so.

12         63.     The fill placed on Talus Parcel 9 during the construction grading and

13  development begun in September 2015, in addition to the fill placed on Talus Parcel 9 by the

14  City, exacerbated the destabilization of Talus Parcel 9 caused by the leaking of City-owned

15  water onto Talus Parcel 9 and was a contributing cause of the Landslide.

16         64.     The redirection of the flow of surface water through unlined drainage swales and

17  stored in unlined storage ponds during the construction, grading and development begun in

18  September 2015, also contributed to the destabilization of Talus Parcel 9 and was a contributing

19  cause of the Landslide.

20         65.     The failure to control runoff from Shangri-La Way at the head of Talus Parcel 9

21  during the construction, grading and development begun in September 2015, which allowed the

22  runoff to flow onto Talus Parcel 9, contributed to the destabilization of Talus Parcel 9 and was a

23  contributing cause of the Landslide.

24

FIRST AMENDED THIRD PARTY COMPLAINT - 16
(18-cv-00910 RSM)

66.     The fill changes and the rerouting of the surface water were part of Terra's recommendations for the design, grading and construction of Talus Parcel 9 in the Geotechnical Report and supported Terra's opinion that, if followed, they would eliminate the landslide hazard caused, Terra said, by the steep slopes on Talus Parcel 9.  J.R. Hayes, as the grading subcontractor, and Terra Talus, as general contractor, followed Terra's recommendations. Contrary to Terra's opinion, the Landslide did happen.

67.     The recommendations in the Geotechnical Report were based on borings and test pits Terra performed in connection with the CAR for Talus Parcel 9 and the Geotechnical Report in order to analyze soil conditions and groundwater presence on, and overall stability of, Talus Parcel 9.  However, the borings were shallow and spatially limited.

68.     The conclusions in the Geotechnical Report regarding groundwater presence dismissed all groundwater presence as being the result of rainfall and did not recognize that the groundwater could have, and likely did, come from other sources which could and did have an effect on the stability of Talus Parcel 9.

69.     The conclusions in the Geotechnical Report regarding the landslide risks on Talus Parcel 9 attributed the risk to the steep slopes because the Issaquah Municipal Code included steep slopes within the definition of landslide hazard.  In doing this, Terra did not give sufficient consideration to other risks of a landslide (leaking water, water runoff and excessive fill) and led Terra to its expressed opinion that the grading and development design recommended by Terra would eliminate the landslide hazard.  The Landslide evidences the inadequacy of Terra's testing and resulting evaluations and opinions.

70.     The testing, analyses, evaluations and opinions for and in the Geotechnical Report were performed and rendered by Terra as a geotechnical engineer.  As a geotechnical engineer with admitted knowledge that the Geotechnical Report was to be relied upon in the

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

design, grading and construction of the Talus Parcel 9 project, Terra assumed the duty to ORA Talus and Resmark to use reasonable engineering skill and judgment and to act with reasonable care to avoid creating risks to the safety of persons and property and causing physical damage to the Talus Parcel 9 real property.

71.    The acts and omissions of Terra in the performance of its work and the evaluations and opinion it rendered were negligently performed and rendered in that they were not performed or rendered with the required reasonable skill and judgment and required reasonable care and, therefore, Terra breached the duty it had assumed and owed to ORA Talus and Resmark.

72.    As licensed contractors, Terra Talus and J.R. Hayes should have recognized that the recommendations and opinions of Terra were inadequate and that, if followed by Terra Talus and J.R. Hayes, they would create risks to the safety of persons and property, including Talus Parcel 9, and adjacent property, thereby breaching their own duty of care.

73.    Terra Talus and J.R. Hayes accepted and followed the recommendations and opinions of Terra and, therefore, breached their own duty of care.

74.    Additionally, Terra Talus expressly undertook the responsibility to ensure that the work performed by Terra conformed to the requisite standard of care for such work and expressly assumed responsibility for the work performed by J.R. Hayes.

75.    By reason of the breaches of duty by Terra Talus, J.R Hayes, Terra, Talus Management and Talus 7 & 8, ORA Talus and Resmark and their subrogated insurers have incurred loss and damage to real property and millions of dollars in damages including, but not limited to, the costs or the work on Talus Parcel 9 prior to the Landslide that was lost by the Landslide, the costs of stabilizing and monitoring Talus Parcel 9 after the Landslide and the

FIRST AMENDED THIRD PARTY COMPLAINT - 18
(18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1 costs of remediating Talus Parcel 9 to bring it back to its pre-Landslide developable condition.

2 ORA Talus and Resmark estimate that these damages alone exceed $35,000,000.

3     76.    ORA Talus and Resmark also estimate that they and their subrogated insurers

4 have incurred and will continue to incur additional damages, the amount of which will be

5 determined at trial.

6     77.    By reason of the foregoing, ORA Talus and Resmark are entitled to recover from

7 Terra Talus, J.R. Hayes, Terra, Talus Management and Talus 7 & 8 all damages incurred by

8 them and their subrogated insurers.

9 **PRAYER**

10     WHEREFORE, ORA Talus and Resmark pray that judgment by entered herein as

11 follows:

12     1.    Adjudging and decreeing that third party defendants Terra Talus, Element and

13 Freed are contractually obligated, jointly and severally, to defend, indemnify, and hold third-

14 party plaintiffs ORA Talus and Resmark harmless for and from all damages, if any, incurred by

15 the City and all damages incurred by ORA Talus or Resmark and all amounts paid by ORA

16 Talus or Resmark by way of defense costs (including attorneys' fees), settlement or judgment;

17     2.    Adjudging and decreeing that third party defendants Terra Talus, Element and

18 Freed are liable and obligated, jointly and severally, in implied indemnity to indemnify third-

19 party plaintiffs ORA Talus and Resmark for all damages, if any, incurred by the City and all

20 damages incurred by ORA Talus or Resmark and all amounts paid by ORA Talus or Resmark

21 by way of defense costs (including attorneys' fees), settlement or judgment;

22     3.    Adjudging and decreeing that third party defendants Terra Talus, J.R. Hayes,

23 Terra, Talus Management and Talus 7 & 8 are liable and obligated in common law indemnity to

24 indemnify third-party plaintiffs ORA Talus and Resmark for all damages, if any, incurred by the

FIRST AMENDED THIRD PARTY COMPLAINT - 19
(18-cv-00910 RSM)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   City and all damages incurred by ORA Talus or Resmark and all amounts paid by ORA Talus

2   or Resmark by way of defense costs (including attorneys' fees), settlement or judgment;

3       4.    Awarding to third-party plaintiffs ORA Talus and Resmark, for themselves and

4   their subrogated insurers, and ordering third party defendants Terra Talus, J.R. Hayes, Terra,

5   Talus Management and Talus 7 & 8 to pay ORA Talus and Resmark, compensatory damages in

6   the amount determined at trial; and

7       5.    Awarding to ORA Talus and Resmark, for themselves and their subrogated

8   insurers, such other and further relief as to this Court may seem just and proper.

9       DATED this 29th day of October, 2018.

10                   HARRIGAN LEYH FARMER & THOMSEN LLP

11                   By: *s/ Arthur W. Harrigan, Jr.*
                 By: *s/ Tyler L. Farmer*

12                   By: *s/ Kristin E. Ballinger*

13                     Arthur W. Harrigan, Jr. WSBA #1751
                   Tyler L. Farmer, WSBA #39912
                   Kristin E. Ballinger, WSBA #28253

14                     999 Third Avenue, Suite 4400
                   Seattle, WA  98104

15                     Phone: (206) 623-1700
                   Fax: (206) 623-8717

16                     Email:  arthurh@harriganleyh.com
                   Email:  tylerf@harriganleyh.com

17                     Email:  kristinb@harriganleyh.com

18                   SAMINI COHEN SPANOS LLP

19                   By: *s/ Cynthia M. Cohen*
                   Cynthia M. Cohen, Admitted Pro Hac Vice

20                     333 S. Hope Street, 35th Floor
                   Los Angeles, CA  90071
                   Telephone: (213) 863-0080

21                     Fax: (213) 863-0751
                   Email: cynthiacohen@saminicohen.com

22                   *Attorneys for Defendants and Third-party plaintiffs*
                 *ORA Talus 90, LLC and Resmark Equity Partners,*

23                   *LLC*

24

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on October 29, 2018, I caused a true and correct copy of the

3  foregoing document to be served on the person(s) listed below in the manner indicated:

| | |
|---|---|
| 4   Cynthia M. Cohen<br>Samini Cohen Spanos LLP<br>5   333 S. Hope Street, 35th Floor<br>Los Angeles, CA  90071<br>6   Telephone: (213) 863-0080<br>Fax: (2130 863-0751<br>7   Email Cynthiacohen@saminicohen.com<br><br>8   *Attorney for ORA Talus 90, LLC and Resmark Equity<br>Partners, LLC* | ☐ Via Hand Delivery<br>☑ Via ECF<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| 9   Terence J. Scanlan, WSBA #19498<br>Patricia A. Robert, WSBA # 46716<br>10  Skellenger Bender, P.S.<br>1301 – 5th Avenue, Suite 3401<br>11  Seattle, WA 98101-2605<br>Telephone: 206-623-6501<br>12  Facsimile: 206-447-1973<br>Email: tscanlan@skellengerbender.com<br>13  Email: probert@skellengerbender.com<br><br>14  *Attorneys for City of Issaquah* | ☐ Via Hand Delivery<br>☑ Via ECF<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| 15  Dean G. von Kallenbach<br>Theresa Rava<br>Williams, Kastner & Gibbs PLLC<br>16  601 Union Street, Suite 4100<br>Seattle, WA 98101-2380<br>17  Telephone: 206-628-6600<br>Fax: 206-628-6611<br>18  Email: dvonkallenbach@williamskastner.com<br>Email: trava@williamskastner.com<br>19<br>*Attorneys for Element Residential Inc., Terra Talus,*<br>20  *LLC and Joshua Freed* | ☐ Via Hand Delivery<br>☑ Via ECF<br>☐ Via Facsimile<br>☐ Via Electronic Mail |

21

22

23

24

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| A. Grant Lingg, WSBA #24227<br>Vicky L. Strada, WSBA #34559<br>Forsberg & Umlauf, P.S.<br>901 Fifth Avenue, Suite 1400<br>Telephone: 206-689-8500<br>Email: glingg@foum.law<br>Email: vstrada@foum.law<br><br>*Attorneys for Third-Party Defendants Terra Associates, Inc.* | ☐ Via Hand Delivery<br>☑ Via ECF<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| Patrick Mullaney WSBA #21982<br>Foster Pepper PLLC<br>111 Third Avenue, Suite 3000<br>Seattle, WA  98101<br>Phone: (206)-447-2815<br>Fax: (206) 749-2058<br>Email: patrick.mullaney@foster.com<br><br>*Attorney for J.R. Hayes & Sons, Inc.* | ☐ Via Hand Delivery<br>☐ Via ECF<br>☐ Via Facsimile<br>☑ Via Process Server |

HARRIGAN LEYH FARMER & THOMSEN LLP

By: s/Arthur W. Harrigan, Jr.
    Arthur W. Harrigan, Jr. WSBA #1751
    999 Third Avenue, Suite 4400
    Seattle, WA  98104
    Phone: (206) 623-1700
    Fax: (206) 623-8717
    Email:  arthurh@harriganleyh.com

*Attorneys for ORA Talus 90, LLC and Resmark Equity Partners, LLC*

FIRST AMENDED THIRD PARTY COMPLAINT - 22
(18-cv-00910 RSM)