1

The Honorable Ricardo S. Martinez

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

CITY OF ISSAQUAH, a municipal
corporation,

10

Plaintiff,

No. 18-cv-00910 RSM

v.

11

THIRD-PARTY DEFENDANTS TALUS
MANAGEMENT SERVICES'S, TALUS
7&8 INVESTMENT L.L.C.'S, AND J.R.
HAYES & SONS, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, CROSS-
CLAIMS, AND COUNTERCLAIMS TO
THE THIRD-PARTY PLAINTIFFS'
FIRST AMENDED COMPLAINT FOR:
CONTRACTUAL INDEMNITY;
IMPLIED INDEMNITY; COMMON
LAW INDEMNITY; BREACH OF
CONTRACT; AND NEGLIGENT
DAMAGE TO PROPERTY

ORA TALUS 90, LLC, a Delaware limited
liability company; and RESMARK EQUITY
PARTNERS, LLC, a Delaware liability
company,

12

13

Defendants.

14

15

ORA TALUS 90, LLC, a Delaware limited
liability company; and RESMARK EQUITY
PARTNERS, LLC, a Delaware limited liability
company,

16

17

Third-Party Plaintiffs,

18

v.

19

TERRA TALUS LLC, a Washington limited
liability company; ELEMENT RESIDENTIAL
INC., a Washington corporation; JOSHUA
FREED, an individual; TERRA ASSOCIATES,
INC., a Washington corporation; J.R. HAYES
& SONS, INC., a Washington corporation;
TALUS MANAGEMENT SERVICES LLC, a
Washington limited liability company; and
TALUS 7&8, LLC, a Washington limited
liability company

20

21

22

23

24

Third-Party Defendants.

25

26

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

COMES NOW Third-Party Defendants J.R. Hayes & Sons, Inc. ("JR Hayes"), Talus Management Services, LLC ("TMS") and Talus 7&8 LLC ("Talus 7/8") (collectively, "Third-Party Defendants") hereby answers as follows:[1]

### ANSWER TO JURISDICTION AND VENUE

1.      Third-Party Defendants admit the allegations in paragraph 1 of the Third-Party Complaint.

2.      Third-Party Defendants admit that venue is proper in the District Court for the Western District of Washington.

### ANSWER TO PARTIES

3.      On information and belief, Third-party Defendants admit the allegations set forth in paragraph 3 of the third-party Complaint.

4.      On information and belief, Third-party Defendants admit the allegations set forth in paragraph 4 of the Third-Party Complaint.

5.      On information and belief, Third-party Defendants admit the allegations set forth in the first sentence of paragraph 5 of the Third-Party Complaint. Third-Party Defendants lack sufficient knowledge to form a belief as to the allegations in the second sentence of paragraph 5 and therefore deny the same.

6.      On information and belief, Third-Party Defendants admit the allegations set forth in paragraph 6 of the Third-Party Complaint.

7.      Third-Party Defendants admit the allegations set forth in paragraph 7 of the Third-Party Complaint.

8.      On information and belief, Third-Party Defendants admit the allegations set forth in paragraph 8 of the Third-Party Complaint.

---

[1] As used herein, "ORA Talus" refers collectively to ORA Talus 90 LLC and Resmark Equity Partners LLC unless otherwise noted.

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 1
Case No. 18-cv-00910 RSM

9.    Third-Party Defendants admit the allegations set forth in paragraph 9 of the Third-Party Complaint.

10.    Third-Party Defendants admit the allegations set forth in paragraph 10 of the Third-Party Complaint.

## ANSWER TO GENERAL ALLEGATIONS

11.    Paragraph 9 of the Third-Party Complaint appears to be a characterization and/or summary of the City of Issaquah's ("City") cause of action against ORA Talus and Resmark in the Complaint filed in this case, and entails legal conclusions to which no response is required. To the extent a response is required, Third-Party Defendants admit that the City of Issaquah filed suit against ORA Talus and Resmark to recover damages allegedly caused to the City's infrastructure and certain water facilities due to a landslide in 2015 based on the legal theory of negligence. Third Party Defendants also admit that Third-Party Plaintiffs attached a copy of the City's Complaint to their Third-Party Complaint.

12.    Paragraph 10 of the Third-Party Complaint appears to be a summary and/or characterization of the nature of ORA Talus and Resmark's Answer to the Complaint, which speaks for itself and to which no response is required. To the extent an answer is required, Third-Party Defendants admit that ORA Talus and Resmark deny that their acts and admissions caused damages to property of the City or breached duties (if any) owed to the City. Third-Party Defendants also admit that the City's own actions and failures to act caused or contributed, in whole or in substantial part, to the landslide. Third-Party Defendants further admit that ORA Talus and Resmark attached a copy of their Amended Answer to the Complaint and Counterclaims to their Third-Party Complaint.

13.    Third-Party Defendants deny that they proximately caused any alleged damage to the City of Issaquah. Rather, the City's damages (if any) were proximately caused by its own acts and/or omissions, and the acts and/or omissions of nonparties (named below), the other named third-party defendants, including Terra Talus and Terra Associates, Inc., and the Third-

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 2
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

Party Plaintiffs, ORA Talus and Resmark. Third-Party Defendants deny all other allegations contained within paragraph 13 of the Third-Party Complaint.

14.     Third-Party Defendants deny the allegations in paragraph 14 of the Third-Party Complaint as they pertain to JR Hayes, Talus Management and Talus 7/8.

15.     On information and belief, Third-Party Defendants admit the allegations in paragraph 15 of the Third-Party Complaint.

16.     Third-Party Defendants admit the allegations set forth in paragraph 16 of the Third-Party Complaint.

17.     Third-Party Defendants admit the allegations set forth in the first sentence of paragraph 17 of the Third-Party Complaint. Third-Party Defendants lack sufficient information to form a belief as to the remaining allegations set forth in paragraph 17 of the Third-Party Complaint and therefore deny the same.

18.     Third-Party Defendants admit the allegations set forth in the first sentence of paragraph 18 of the Third-Party Complaint. Third-Party Defendants lack sufficient information to form a belief as to the remaining allegations set forth in paragraph 18 of the Third-Party Complaint and therefore deny the same.

19.     Third-Party Defendants admits that TMS acquired the remaining master development rights under the Development Agreement in 2007. Third-Party Defendants admit that JR Hayes carried out certaain development, construction, and infrastructure work on Talus Parcels 7 and 8. Third-Party Defendants also admit that JR Hayes carried out grading activities on Parcel 9 at the direction of, and under the supervision of Terra Talus and Terra Associates. Third-Party Defendants deny all other allegations in paragraph 19 of the Third-Party Complaint.

20.     Third-Party Defendants deny that prior to the acquisition of Talus Parcel 9 by ORA Talus, Talus Parcels 7, 8, and 9 were owned by affiliates of JR Hayes. Third-Party Defendants admit the remaining allegations set forth in paragraph 20 of the Third-Party Complaint.

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 3
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

21.     Paragraph 21 of the Third-Party Complaint purports to characterize and/or summarize the contents of certain Critical Area Reports (CARs), which speak for themselves and to which no response is required. To the extent an answer is required, Third-Party Defendants lack sufficient information to form a belief as to the allegations in paragraph 21 of the Third Party Complaint and therefore deny the same.

22.     Third-Party Defendants admit that Terra Associates prepared a CAR for Parcel 9. The remainder of paragraph 22 purports to characterize and/or summarize the contents of said CAR, which speaks for itself, and to which no response is required. To the extent a response is required, JR Hayes lacks sufficient knowledge to form a belief as to the allegations, and therefore denies the same.

23.     On information and belief, Third-Party Defendants admit the allegations in paragraph 23 of the Third-Party Complaint.

24.     On information and belief, Third-Party Defendants admit the allegations in the first sentence of paragraph 24 of the Third-Party Complaint. Third-Party Defendants lack sufficient information to form a belief as to the allegations in the second sentence of paragraph 24 and therefore deny the same.

25.     On information and belief, Third-Party Defendants admit the allegations in the first sentence of paragraph 25 of the Third-Party Complaint. Third-Party Defendants lack sufficient information to form a belief as to the allegations in the remainder of paragraph 25 and therefore deny the same.

26.     Third-Party Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 26 of the Third-Party Complaint and therefore deny the same.

27.     On information and belief, Third-Party Defendants admit the allegations set forth in paragraph 27 of the Third-Party Complaint.

28.     Third-Party Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 28 of the Third-Party Complaint and therefore deny the same.

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST AMENDED THIRD-PARTY COMPLAINT – 4
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

29.     Third-Party Defendants admit the allegations set forth in the first sentence of paragraph 29 of the Third-Party Complaint. Third-Party Defendants lack sufficient information to form a belief as to the allegations in the second sentence of paragraph 29, and therefore deny the same.

30.     On information and belief, Third-Party Defendants admit the allegations set forth in paragraph 30 of the Third-Party Complaint.

31.     On information and belief, Third-Party Defendants admit the allegations set forth in paragraph 31 of the Third-Party Complaint.

32.     Third-Party Defendants lack sufficient information to form a belief as to the allegations in paragraph 32 of the Third-Party Complaint, and therefore deny the same.

33.     Third-Party Defendants lack sufficient information to form a belief as to the allegations set forth in paragraph 33 of the Third-Party Complaint and therefore deny the same.

34.     Third-Party Defendants lack sufficient information to form a belief as to the allegations set forth in paragraph 34 of the Third-Party Complaint and therefore deny the same.

35.     Third-Party Defendants lack sufficient information to form a belief as to the allegations set forth in paragraph 35 of the Third-Party Complaint and therefore deny the same.

36.     Third-Party Defendants admit that JR Hayes agreed to perform certain infrastructure, grading, and site work on Talus Parcel 9. The remainder of paragraph 36 of the Third-Party Complaint purports to characterize and/or summarize certain contractual provisions in the JR Hayes Agreement, which speak for themselves and to which no response is required. To the extent a response is required, Third-Party Defendants deny the characterizations.

37.     Third-Party Defendants admit that construction and grading began on Talus Parcel 9 in approximately September 2015 under the direction of Terra Talus, as general contractor, and that JR Hayes conducted grading work as the subcontractor. Third-Party Defendants admit that JR Hayes followed the recommendations of Terra Associates in its

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 5
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1 Geotechnical Report. Third-Party Defendants lack sufficient information to form a belief as to

2 the remaining allegations in paragraph 37 and therefore deny the same.

3   38. Third-Party Defendants are without sufficient information to admit or deny the

4 allegations in paragraph 38 of the Third-Party Complaint and therefore deny the same.

5   39. On information and belief, Third-Party Defendants admit the allegations in

6 paragraph 39 of the Third-Party Complaint.

7   40. On information and belief, Third-Party Defendants admit the allegations in

8 paragraph 40 of the Third-Party Complaint.

9   41. Third-Party Defendants lack sufficient information to form a belief as to the

10 allegations in paragraph 41 of the Third-Party Complaint and therefore deny the same.

11   42. Third-Party Defendants lack sufficient information to form a belief as the

12 allegations in paragraph 42 of the Third-Party Complaint and therefore deny the same.

13   43. Third-Party Defendants lack sufficient information to form a belief as the

14 allegations in paragraph 43 of the Third-Party Complaint and therefore deny the same.

15   44. Third-Party Defendants lack sufficient information to form a belief as the

16 allegations in paragraph 44 of the Third-Party Complaint and therefore deny the same.

17   45. Upon information and belief, Third-Party Defendants admit the allegations in

18 paragraph 45 of the Third-Party Complaint.

19   46. On information and belief, Third-Party Defendants admit the allegations in the

20 first two sentences of paragraph 46 of the Third-Party Complaint. The remaining allegations

21 purport to characterize and/or summarize the Amended Answer and Counterclaims of ORA

22 Talus and Resmark, which speak for itself, and to which no response is required. To the extent a

23 response is required, Third-Party Defendants admit that discharge from City-owned water

24 infrastructure caused the Landslide.

25   47. Third-Party Defendants deny the allegations in paragraph 47 of the Third-Party

26 Complaint.

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 6
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

**ANSWER TO FIRST CLAIM FOR RELIEF**

48.     Third-Party Defendants restate and incorporate by reference every answer to every allegation in paragraphs 1-47 of the Third-Party Complaint, as if fully set forth herein.

49.     The First Claim for relief is not directed toward Third-Party Defendants. Therefore no response is required to paragraph 49 of the Third-Party Complaint.

50.     The First Claim for relief is not directed toward Third-Party Defendants. Therefore no response is required to paragraph 50 of the Third-Party Complaint.

**ANSWER TO SECOND CLAIM FOR RELIEF**

51.     Third-Party Defendants restate and incorporate by reference every answer to every allegation in paragraphs 1-50 of the Third-Party Complaint, as if fully set forth herein.

52.     The Second Claim for relief is not directed toward Third-Party Defendants. Therefore no response is required to paragraph 52 of the Third-Party Complaint.

53.     The Second Claim for relief is not directed toward Third-Party Defendants. Therefore no response is required to paragraph 53 of the Third-Party Complaint.

**ANSWER TO THIRD CLAIM FOR RELIEF**

54.     Third-Party Defendants restate and incorporate by reference every answer to every allegation in paragraphs 1-53 of the Third-Party Complaint, as if fully set forth herein.

55.     Third-Party Defendants deny that any water infrastructure installed by, or at the direction of JR Hayes, TMS, or Talus 7/8 caused the landslide. Third-Party Defendants deny the remaining allegations in paragraph 55 of the Third-Party Complaint as unnamed parties and/or the City were responsible for any water lines and/or valves.

56.     Third-Party Defendants deny the allegations in paragraph 57 of the Third-Party Complaint as they pertain to Third-Party Defendants. Third-Party Defendants did not recommend how to do grading work; rather, that was the purview of Terra Talus and/or Terra Associates. Moreover, Third-Party Defendants are not experts in geology, landslides, or

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 7
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

geotechnical engineering, as such Third-Party Defendants deny the remaining allegations in paragraph 56 of the Third-Party Complaint.

57.    Paragraph 57 alleges legal conclusions to which no response is required. To the extent a response is required, Third-Party Defendants aver that if, as alleged in its Complaint, the City suffered damage to its property, such damage was proximately caused by the acts or omissions of Terra Talus, Terra Associates, Element Residential, the Third-Party Plaintiffs, and/or the City itself. Third-Party Defendants deny that their acts/omissions (if any) were the proximate cause, or contributing cause, of the City's damages.

58.    Paragraph 58 alleges legal conclusions to which no response is required. To the extent a response is required, Third-Party Defendants deny that ORA Talus and Resmark are entitled to common law indemnity from them as to any damages incurred by them or the City, including defense costs (and attorneys' fees), settlement, or judgment.

///

## ANSWER TO FOURTH CLAIM FOR RELIEF

59.    Third-Party Defendants restate and incorporate by reference every answer to every allegation in paragraphs 1-58 of the Third-Party Complaint, as if fully set forth herein.

60.    Third-Party Defendants denies the allegations in paragraph 60 of the Third-Party Complaint as such allegations pertain to them.

61.    Third-Party Defendants are without sufficient information to admit or deny the allegations in paragraph 61 of the Third-Party Complaint and therefore deny the same.

62.    Third-Party Defendants admit that JR Hayes contracted with Big Mountain Enterprise LLC ("BME") on September 20, 2014 (the "JR Hayes/BME Contract") to install water lines in Shangri-La Way in conjunction with the Parcel 7 and Parcel 8 final plat. The BME Water Lines are distinct from and north of the City water lines and valve assembly that leaked in October 2015. Third-Party Defendants deny the remaining allegations in Paragraph 62 of Third-Party Complaint.

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 8
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

63.    Third-Party Defendants deny that fill was placed on Talus Parcel 9 during the construction grading and development begun in September 2015. Third-Party Defendants are without sufficient knowledge to know whether fill was placed on Parcel 9 by the City and therefore deny the same. Third-Party Defendants deny the remaining allegations in paragraph 61 of the Third-Party Complaint as they pertain to Third-Party Defendants. To any extent fill placed on Parcel 9 caused or was a contributing cause of the landslide, this was due to the acts and/or omissions of Terra Talus, Terra Associates, Element Residential, Third-Party Plaintiffs, and/or the City.

64.    Third-Party Defendants deny the allegations in paragraph 64 of the Third-Party Complaint.

65.    Third-Party Defendants admit only that the failure of the City to control runoff from its leaking pipes and valves at the head of Parcel 9 caused or contributed to the destabilization of the parcel and to the landslide. Third-Party Defendants deny the allegations in paragraph 65 of the Third-Party Complaint as the allegations pertain to them.

66.    Third-Party Defendants are without sufficient information to admit or deny the allegations in paragraph 66 of the Third-Party Complaint and therefore deny the same.

67.    Third-Party Defendants are without sufficient information to admit or deny the allegations in paragraph 67 of the Third-Party Complaint and therefore deny the same.

68.    Third-Party Defendants are without sufficient information to admit or deny the allegations in paragraph 68 of the Third-Party Complaint and therefore deny the same.

69.    Third-Party Defendants are without sufficient information to admit or deny the allegations in Third-Party Complaint paragraph 69 and therefore deny the same.

70.     Third-Party Defendants are without sufficient information to admit or deny the allegations in paragraph 70 of the Third-Party Complaint and therefore denies the same.

71.    Third-Party Defendants are without are without sufficient information to admit or deny the allegations in paragraph 71 of the Third-Party Complaint and therefore denies the same.

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST AMENDED THIRD-PARTY COMPLAINT – 9
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

72.     Third-Party Defendants deny the allegations in paragraph 72 of the Third-Party Complaint.

73.     Third-Party Defendants admit that JR Hayes accepted and followed the recommendations and opinions of Terra Associates, but denies that JR Hayes breached its duty of care.

74.     On information and belief, Third-Party Defendants admit the allegations in paragraph 74 of the Third-Party Complaint.

75.     Third-Party Defendants deny the allegations in paragraph 75 of the Third-Party Complaint as they pertain to them.

76.     Third-Party Defendants lack sufficient information to form a belief as to the allegations in paragraph 76 of the Third-Party Complaint and therefore deny the same.

77.     Third-Party Defendants deny the allegations in paragraph 77 of the Third-Party Complaint.

## ANSWER TO PRAYER

WHEREFORE, Third-Party Defendants pray that the Court deny the requested relief by ORA Talus and Resmark as against Third-Party Defendants as follows:

1.     Paragraph 1 of the prayer for relief does not contain any requested relief against Third-Party Defendants that requires a response. Third-Party Defendants request that the Court deny any requested relief in paragraph 1 as sought from Third-Party Defendants.

2.     Paragraph 2 of the prayer for relief does not request relief against Third-Party Defendants that requires a response. Third-Party Defendants request that the Court deny any requested relief in paragraph 2 as sought from Third-Party Defendants.

3.     Adjudge and decree that Third-Party Defendants are not liable and obligated in any way to Third-Party Plaintiffs.  Further, Third Party Defendants deny Third-Party Plaintiffs claims for common law indemnity to indemnify Third-Party Plaintiffs for all damages (if any) incurred by the City and all damages incurred by ORA Talus or Resmark and all amounts paid

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST AMENDED THIRD-PARTY COMPLAINT – 10
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

by ORA Talus or Resmark by way of defense costs (including attorneys' fees), settlement or judgment. Third-Party Defendants request that the Court further deny any requested relief in paragraph 3 sought from Third-Party Defendants.

4.      Third-Party Defendants request that the Court deny the requested relief in paragraph 4 of the prayer for relief as against Third-Party Defendants.

5.      JR Hayes requests that the Court deny the requested relief in paragraph 5 of the prayer for relief as against JR Hayes.

Third-Party Defendants deny all other allegations not specifically admitted in this Answer to the Third-Party Complaint. Having set forth its answer, Third-Party Defendants now plead the following affirmative defenses:

///

## AFFIRMATIVE DEFENSES

1.      Third-Party Plaintiffs have failed to state a claim for relief.

2.      The act or event complained of was an act of God for which the Third-Party Defendant was not responsible and his negligence, if any, did not contribute to it in any way.

3.      Third-Party Plaintiffs' claims are barred in whole or part by contributory fault or negligence.

4.      Third-Party Plaintiffs' claims are barred in whole or part by comparative negligence.

5.      The Third-Party Plaintiffs' injuries or damages (if any) were caused in whole or part by nonparties, including but not limited to Big Mountain Enterprises, LLC, and/or Kulchin Foundation Drilling Company.

6.      Third-Party Plaintiffs' claims are barred by the doctrines of estoppel and laches.

7.      Third-Party Plaintiffs' claims are barred by their failure to mitigate damages (if any).

8.      Third Party Plaintiffs' claims are barred by insurance defense.

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST AMENDED THIRD-PARTY COMPLAINT – 11
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

9. Third-Party Plaintiffs' claims are barred by contract, which requires that any dispute arising from the Work performed on Talus Parcel 9 be resolved by arbitration or mediation.

10. Third-Party Plaintiffs' claims are barred by assumption of the risk.

11. Third-Party Plaintiffs' claims are barred by unclean hands.

12. Third-Party Plaintiffs' claims are barred by statute of limitations.

13. Third-Party Plaintiffs' claims are barred by waiver.

Now having asserted and pled its answer and affirmative defenses, Third-Party Defendants JR Hayes and Talus 7/8 state the following general allegations in support of their Counterclaims against ORA Talus, Crossclaims against Terra Associates, Element, and Terra Talus, and their Rule 14(a) Claims against the City:[2]

## GENERAL ALLEGATIONS

1. These counterclaims, Rule 14(a) claims, and crossclaims arise from the cause of action alleged against ORA Talus in the City's Complaint and the causes of actions alleged against Third-Party Defendants herein. Third-Party Defendants JR Hayes and Talus 7/8 reallege and restate those facts it admitted in its Answer to the Third-Party Complaint above, as if fully set forth herein.

2. At all relevant times, JR Hayes has been a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington.

3. At all relevant times, Talus 7/8 has been a limited liability company under the laws of the State of Washington with its principal place of business in the State of Washington.

4. At all relevant times herein, Third-Party Plaintiffs ORA Talus have been limited liability companies organized under the laws of the State of Delaware and all of their members are citizens of Delaware, California, or Maryland.

---

[2] A copy of the Notices of Claim for Damages that Talus 7/8 and JR Hayes mailed to the City on October 30, 2017, is attached hereto as Appendix A.

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST AMENDED THIRD-PARTY COMPLAINT – 12
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

5.      This Court has jurisdiction over this Counterclaim, Rule 14(a) Claims, and Crossclaims, and pursuant to 28 U.S.C. §1332(a)(2) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

6.      Venue in the Western District of Washington is proper in that a substantial part of the events or omissions giving rise to this counterclaim occurred in the Western District of Washington and a substantial part of the property that is the subject of this counterclaim is situated in the Western District of Washington.

7.      Third-Party Defendants JR Hayes and Talus 7/8 bring these counterclaims, crossclaims, and Rule 14(a) claims on behalf of themselves and the subrogated interests of their insurers (if any). Third-Party Defendants have incurred losses and damages by reasons of the acts and failures to act by ORA Talus and Resmark and the City as alleged in this counterclaim.

8.      Upon information and belief, Resmark formed ORA Talus (as a wholly-owned subsidiary) for the purposes of developing the real property commonly known as Talus Parcel 9 ("Parcel 9"). ORA Talus is the current owner of Parcel 9. ORA Talus acquired title to Talus Parcel 9 by deed recorded on July 2, 2014.

9.      Talus Parcel 9 is part of the Talus Master Planned Development, a 628-acre master planned community located on the hillside of Cougar Mountain above State Route 900 in the City of Issaquah. Talus Parcel 9 is located to the west of the intersection of Shangri-La Way NW and NW Talus Drive and to the east of the parcel of land commonly known as Talus Parcel 8. Shangri-La Way NW is a public right of way that runs along the boundary between Talus Parcel 9 and Talus Parcel 8.

10.     At all times relevant herein, the City maintained extensive public water infrastructure upslope and west of Talus Parcel 9. This water infrastructure includes pipes and valves in the vicinity of the Shangri-La Way/NW Stoney Creek Drive intersection and a large

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 13
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

reservoir concrete tank (the #616 Reservoir) on City-owned property directly upslope and west of Talus Parcel 9.

10.     The following is an aerial view of Parcels 7, 8, and 9.  The City's circular 616 reservoir shown is just west (south) of Parcel 8.  The Shangri-La Way/NW Stoney Creek Drive intersection is just immediately east of the reservoir:

///

///

///

**(West)**



**(East)**

11.     The Development of the Talus Master Planned Development has been ongoing since the late 1990's. As a prerequisite to such development, in 1998 and 1999, the City caused environmental impact statements (EIS's) to be issued regarding the parcels in the Talus Master Planned Development. These EIS's recognized that Talus Parcels 7, 8, and 9 contained steep slopes and were partially within landslide hazard areas.

12.     The City entered into an RCW 36.70B.170 development agreement on December 6, 1999 (the "Development Agreement"). The Development Agreement, which was updated in

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 14
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

2009, created the development standards, procedures and land use regulations that govern the Talus Development. Because much of Talus is located on a hillside, the Development Agreement required extensive geotechnical analysis and monitoring prior to, and during, construction in steep slope areas.

13.     As a result of the geotechnical investigation conducted, Appendix E of the Development Agreement included a set of requirements specific to development in steep slope areas.  These requirements included but were not limited to: steep slope buffers, site-specific geotechnical studies, retaining wall safety factors, slope stability analysis, and fill soil engineering specifications.

14.     Appendix E specifically required that a licensed geotechnical or structure engineer design any steep slope structural fills, that such slopes be constructed under the guidance of a geotechnical engineer, and that the "as built" plans be certified by a licensed structural or geotechnical engineer.  In addition, Appendix E required a developer to have an independent qualified professional on site during any construction activities within 100 feet of a critical area buffer, and the developer was required to produce geotechnical analyses prior to any grading activities to demonstrate that soils were compatible with the proposed development.

15.     Appendix E required that the developer cease all construction activities and provide an updated Critical Areas Study ("CAR") if clearing and grading activities uncovered any unmapped critical area.  Finally, Appendix E required that all geotechnical analyses and reports be subject to third-party independent review by a City-selected geotechnical engineer.

16.     In February 2014, a joint application was submitted to the City by Talus 7/8 and Talus 9 Investment, LLC for preliminary plat approval as to Parcels 7, 8, and 9.  The application included 56 lots on Parcel 7, 7 lots on Parcel 8, and 90 lots on Parcel 9.  Terra Associates served as the geotechnical engineer for the preliminary plat approval and prepared the required CARs that were then peer-reviewed by the City's selected engineering firm, SubTerra, Inc. To prepare

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST AMENDED THIRD-PARTY COMPLAINT – 15
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

the CARs, Terra Associates performed field investigations, testing, data review of prior soil boring logs, slope stability modeling, and geotechnical analysis.

17.    Plat infrastructure construction on Talus Parcels 7 and 8 was substantially complete before construction on Talus Parcel 9 began. Approximately one year before the Parcel 9 Landslide, Talus Parcels 7 and 8 were graded, retaining walls were constructed, and the majority of the plat infrastructure had been installed.

18.    Element entered into a Purchase and Sale Agreement with Parcel 9 Investment, LLC for the purchase of Talus Parcel 9, dated for reference purposes, January 23, 2014 (the Parcel 9 PSA), and amended as of March 7, 2014, April 7, 2014, and April 10, 2014. The Parcel 9 PSA included a due diligence investigation clause.

19.    On or about April 24, 2014, Element entered into an agreement with Terra Associates to update its 2008 geotechnical report for Talus Parcel 9. Pursuant to the agreement, Terra issued a report titled Geotechnical Report Talus Parcel 9 Issaquah, Washington on May 1, 2014 (the "Parcel 9 Geotech Report.") The Parcel 9 Geotech Report concluded that, despite the presence of steep slopes, grading and development of Parcel 9 was feasible if the Parcel 9 Geotech Report's recommendations were followed.

20.    The Parcel 9 PSA provided Element Residential with the opportunity to access all existing studies regarding Parcel 9 and gave Element the right to enter Parcel 9 to conduct additional due diligence investigation if Element chose to do so.  The Parcel 9 PSA provided that Element was purchasing Parcel 9 "As Is" and that Element Residential was "responsible to inspect, investigate and otherwise determine that the Property [was] suitable for [Element's] intended use."

21.    Upon information and belief, Element and ORA Talus entered into an Assignment and Assumption of Purchase and Sale Agreement ("Assignment of PSA") pursuant to which ORA Talus acquired the contractual right of Element to purchase Parcel 9. The ORA Talus/Element assignment included a provision whereby ORA Talus accepted the due diligence

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 16
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

information and waiver of inspection periods and all feasibility contingencies in the original Parcel 9 PSA except for provisions related to mineral rights reservation and Phase I environmental review.

22.     ORA Talus agreed to engage Element, or one of its builder affiliates, to act as the fee builder/general contractor to finish the plat and to construct townhomes on Talus Parcel 9.

23.     Upon information and belief, pursuant to the Assignment of PSA, ORA Talus engaged Terra Talus on June 30, 2014 as the general contractor to perform or cause to be performed and be responsible for all of the pre-construction work, land development work, and all of the phase unit work for the Talus Parcel 9 Project. Effective June 30, 2014, ORA engaged Element affiliate Terra Talus to fulfill that role (the "ORA Talus/Terra Talus Contract").

24.     Prior to ORA's assumption of the Element Purchase and Sale Agreement, on April 10, 2014, Terra Talus engaged JR Hayes as a subcontractor to perform certain grading and other work on Talus Parcel 9 ("the Terra Talus/JR Hayes Contract").  The Terra Talus/JR Hayes Contract obligated Terra Talus to engage a civil engineer to prepare applications for grading, and retaining wall and construction permits.

25.     Upon information and belief, ORA Talus and Resmark were responsible for the overall supervision, construction, and all work performed on Parcel 9. Upon information and belief, under the ORA Talus/Terra Talus Contract, Terra Talus warranted that it was also in charge of and responsible for, and participated in, the preparation of the plans and specifications and other contract documents affecting Parcel 9. Upon information and belief, Terra Talus further warranted that it had investigated, and would investigate to full satisfaction, all conditions affecting the project including the geotechnical engineering work for which Terra Talus had engaged Terra Associates and obtained the Parcel 9 Geotech Report.

26.     Upon information and belief, under the ORA Talus/Terra Talus Contract, Terra Talus agreed that it would supervise, direct, and be fully responsible for the design, architecture,

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 17
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

engineering, and all work to be performed on Parcel 9, and to be responsible for the acts and/or omissions of all subcontractors, including JR Hayes.

27.    Upon information and belief, pursuant to the ORA Talus/Terra Talus Contract, Terra Talus agreed that it was responsible and liable for executing work in a safe and prudent manner including protecting the public from property damage.

28.    Upon information and belief, construction of the Parcel 9 plat began in September 2015 under the direction of ORA Talus, Resmark, Terra Talus and Terra Associates.  JR Hayes cut and filled the property, consistent with the preliminary plat plans, geotechnical reports and direction from Terra Talus and Terra Associates.

29.    JR Hayes's construction practices were consistent with how it had graded Parcels 7 and 8 when it constructed the final plat infrastructure on those Parcels, and JR Hayes's construction practices were consistent with ORA Talus's City-approved grading plans and the direction from Terra Talus and Terra Associates.

30.    As the general contractor, Terra Talus and its affiliate Element were obligated by both the ORA Talus/Terra Talus Contract and the Terra Talus/JR Hayes Contract to enroll JR Hayes in the project's WRAP construction insurance program that, on information and belief, was a requirement of the ORA Talus/Terra Talus Contract for all contractors and subcontractors doing work on Parcel 9.

31.    On December 15, 2014, JR Hayes contacted Element employees in writing to request the WRAP insurance program enrollment forms.  On September 25, 2015, JR Hayes again contacted Element employees in writing to request and copies of the Terra Talus/JR Hayes Contract exhibits that were missing from the contract copy that had been provided to JR Hayes, including Exhibit K—Insurance Addendum SR 501 and Exhibit L—WRAP Insurance Manual.  Neither Element nor Terra Talus provided any response to these written inquiries.

32.    Upon information and belief, although either Element or Terra Talus deducted insurance premiums from JR Hayes's contract payment, Element and/or Terra Talus failed to

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 18
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

enroll JR Hayes in the WRAP insurance program.   On information and belief, the WRAP insurance premium was based on the development project costs, which included the value of JR Hayes's work.   On information and belief, Terra Talus's payment for the WRAP insurance included the money it had deducted from JR Hayes.

33.     Employees of Element, presumably acting on behalf of Terra Talus, were involved in communicating with JR Hayes regarding enrollment in the WRAP construction insurance program.

34.     As a result of the failure of Terra Talus and/or Element to enroll JR Hayes in the WRAP insurance program, when JR Hayes sought enrollment following the landslide, the WRAP insurer denied the coverage that JR Hayes is owed for the Landslide claims.   Terra Talus and Element had a duty as the WRAP administrator to diligently administer the WRAP insurance program.   Terra Talus's and Element's acts and omissions breached this duty and damaged JR Hayes.

35.     On September 14, 2015, ORA Talus granted Talus 7/8 a construction and utility easement ("Waterline Easement") to install and construct water system improvements over, across and under Parcel 9.   The rights granted in the Waterline Easement included a temporary construction easement and a "perpetual, nonexclusive easement for the operation, maintenance, repair and removal of water system improvements on, over, across and under [Parcel 9]."   27.

36.     On or about October 25, 2015, a Talus resident noticed a significant water leak bubbling out of the ground, which they reported to JR Hayes.   JR Hayes reported the leak to the City.   The leak originated from a City-owned blow-off valve assembly, located in the City right-of-way near the intersection of Shangri-La Way and NW Stoney Creek Drive and at a City-owned blow-off valve located on Parcel 9.

37.     On October 26, 2015, at a point near the bridge on NW Stoney Creek Drive, the City turned off the water supply to the leaking blow-off valve assembly.   On information and

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 19
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1    belief, these actions were not sufficient to stop water leaking onto Parcel 9.  The City's acts and

2    omissions in allowing uncontrolled discharge from the City's water pipes damaged Talus 7/8.

3          38.    On or about October 31, 2015, JR Hayes noticed minor settlement along portions

4    of the upper slope of Parcel 9 at the same general location as the blow-off valve water leak.  JR

5    Hayes notified the geotechnical engineer, Terra Associates.  Terra Associates began monitoring

6    the settlement. On information and belief, additional water was noticed on Parcel 9 on or about

7    October 31, 2015 near the blow-off riser/power vault.  The City was notified of this water

8    discharge.

9          39.    On the evening of November 13th, 2015, a significant subterranean landslide

10   originated on Parcel 9.  The Landslide caused an approximately 2.6 acre portion of Parcel 9 to

11   experience both downslope lateral movement and uplift along the lower portion of Parcel 9 that

12   extended into the existing City-owned right-of-way (Shangri-La Way) at the base of Parcel 9.

13         40.    On November 13, 2015, in response to the significant uplift movement on

14   Shangri-La Way, JR Hayes, at the direction of the City and Terra Associates, stabilized the toe of

15   the Parcel 9 slope with a rock buttress and removed soil from the upper portion of Parcel 9. Over

16   the next several weeks, Terra Associates installed several inclinometer devices and dewatering

17   wells on Parcel 9 to monitor subsequent slope movement.  Borings were drilled both on Parcel 9

18   and in the adjacent right-of-way.

19         41.    Following the Landslide, the City dug up and removed the blow-off valve riser

20   assembly.  The riser pipe was cracked and showed rust and discoloration.  The blow-off valve

21   riser assembly, utility vault, and adjacent road surface and right-of-way appeared otherwise un-

22   impacted by the Landslide.

23         42.    When investigative monitoring wells were drilled following the Landslide, on

24   information and belief, Terra Associates noted the presence of copious amounts of water in the

25   wells.  Terra Associates began pumping the water from the wells in an effort to dewater Parcel 9.

26

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 20
Case No. 18-cv-00910 RSM

1  The Landslide stabilized following dewatering, and monitoring between February 2016 and June
2  2016 showed no further slope movement.

3          43.     Terra Associates tested the water in the Parcel 9 post-Landslide
4  dewatering/monitoring wells.  The tests confirmed that the water was chemically-treated potable
5  water.  On information and belief, Terra Associates concluded that the water from the City's
6  defective valve assembly and ruptured pipe caused the Parcel 9 Landslide and reported that
7  conclusion to the City's geotechnical engineers.

8          44.     Upon information and belief, while the Landslide originated on Parcel 9 and was
9  generally contained on that Parcel, a portion of the Landslide near the Shangri-La Way public
10 right-of-way.

11         45.     As a condition of final plat approval for Talus Parcel 7 and Parcel 8, the City
12 required stabilization of the portion of the Shangri-La Way right-of-way, just upslope from the
13 Parcel 9 Landslide scarp.  By the summer of 2016, ORA Talus still had not proposed a
14 remediation plan to the City to address the Landslide or the right-of-way stabilization.

15         46.     Instead, on information and belief, ORA Talus stopped communicating with the
16 City.  ORA Talus also refused to cooperate with Talus 7/8 on the right-way-stabilization or to
17 allow Talus 7/8 to access Parcel 9 to perform the necessary repairs.

18         47.     The Landslide delayed Talus 7/8's ability to obtain its final plat.

19         48.     The construction costs for the underground pile wall and water line and the
20 additional carry costs associated with the landslide-related delay amount to over $3.8 million.  In
21 addition, Talus 7/8 was forced to conduct additional geotechnical analysis of its property, and it
22 lost a sale of its final plat to a national home builder due to the delay and uncertainty in the
23 geology of Parcels 7 and 8 caused by the Landslide.  The lost sale was caused by the City's delay
24 in requiring ORA Talus to remediate Parcel 9 and in ORA Talus's failure to undertake timely
25 remediation to protect public health and safety.  The City's acts and omissions and ORA Talus's
26 acts and omissions, including, without limitation, the delay in remediating Parcel 9 were the

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 21
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

direct and proximate cause of Talus 7/8 suffering damages in excess of approximately $15 million.

49.     Following the mitigation work on November 13, 2015, Terra Talus began removing fill soil from the upper portion of the landslide. Borings were drilled on Talus Parcel 9 as well as the adjacent right of way. Additional measures were taken, including dewatering, to slow the slope displacement on Parcel 9 and stabilize the land to minimize additional damage to it and to City infrastructure.

50.     The slide area on Parcel 9 was monitored following the landslide. On February 22, 2016, Terra Associates submitted a Critical Areas Report for Talus Parcel 9 Landslide that indicated no further movement was occurring.

51.     Following the landslide, on approximately December 16, 2016, Talus 7/8 sought to finalize their Plat. They attended a hearing at which ORA Talus and Resmark objected based on the Landslide and instability in Parcel 9. The City's Hearing Examiner granted the Plat, finding that the instability was limited to Parcel 9. ORA Talus and Resmark appealed this decision to the Hearing Examiner and then to King County Superior Court when the Hearing Examiner affirmed the decision. The King County Superior Court reversed the decision and remanded for additional geotechnical analysis.

52.     The acts and/or omissions of the City ORA Talus and Resmark interfered with Talus 7/8's free use of its property and caused or contributed to the lost sale and damages pled in paragraph 48, above.

**FIRST COUNTERCLAIM OF JR HAYES AND/OR TALUS 7/8 AGAINST ORA TALUS**
**(Common Law/Equitable Indemnity)**

53.     JR Hayes repeats and realleges the allegations of paragraphs 1 through 52 of the counterclaim, crossclaims, and Rule 14(a) claims as if fully stated herein.

54.     ORA Talus and Resmark's wrongful acts and/or omissions which caused or contributed to the Landslide exposed and involved JR Hayes and/or Talus 7/8 in litigation with

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 22
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

the City and other parties, and JR Hayes and/or Talus 7/8 was not connected with the wrongful acts and/or omissions of ORA Talus or Resmark.

55.     JR Hayes and/or Talus 7/8 is entitled to full and/or partial indemnity from ORA Talus and Resmark for any and all liability JR Hayes may be found to have to the City and/or any judgment entered against it in favor of the City, plus JR Hayes and/or Talus 7/8 costs and attorneys' fees incurred in the defense of Third-Party Plaintiffs' action.

**FIRST COUNTERCLAIM OF TALUS 7/8 AGAINST ORA TALUS,**
**FIRST RULE 14(a) CLAIM AGAINST THE CITY OF ISSAQUAH, AND FIRST**
**CROSSCLAIM AGAINST TERRA TALUS, TERRA ASSOCIATES, AND ELEMENT**
**(Public and Private Nuisance)**

56.     Talus 7/8 repeats and realleges the allegations of paragraphs 1 through 55 of the counterclaims, crossclaims, and Rule 14(a) claims as if fully stated herein.

57.     The City, ORA Talus, Resmark, Terra Talus, and Terra Associates caused, by their wrongful and negligent acts and omissions, Landslide on Parcel 9 and into the public right-of-way known as Shangri-La Way, that created impacted the public health, safety and welfare by creating safety issues which equally affected the rights of the entire community(ies) or neighborhood(s) near Parcels 7, 8 and 9, but which caused special injury to Talus 7/8.

58.     ORA Talus's acts and/or omissions after the Landslide, including but not limited to the delay in remediating the Landslide and the refusal to allow Talus 7/8 to access the Waterline Easement across Talus Parcel 9, which required Talus 7/8 to relocate its booster pumps and water line, was an obstruction of the free use and enjoyment of property owned by Talus 7/8.

59.     The City's acts and/or omissions after the Landslide, including but not limited to, requiring Talus 7/8 construct a costly underground pile wall on Parcel 8 along the upper Shangri-

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 23
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

La Way right-of-way as condition of final plat approval, was an obstruction to the free use and enjoyment of Talus 7/8's property.

59.     ORA Talus, and/or the City's acts and omissions after the Landslide caused undue delays in finalizing the Plat for Parcels 7/8 and caused an obstruction of Talus 7/8's free use and enjoyment of those parcels.

60.     The acts and/or omissions of ORA Talus, Resmark, and/or the City, caused Talus 7/8 to suffer damages in an amount to be proven at trial.

///

///

///

**SECOND COUNTERCLAIM OF JR HAYES AND TALUS 7/8 AGAINST ORA TALUS AND RESMARK, SECOND RULE 14(a) CLAIM AGAINST THE CITY, AND SECOND CROSSCLAIM AGAINST TERRA TALUS, ELEMENT, AND TERRA ASSOCIATES**
**(Negligence)**

61.     JR Hayes and Talus 7/8 repeat and reallege the allegations of paragraphs 1 through 60 of the Crossclaim as if fully stated herein.

62.     Each of ORA Talus, Terra Talus, Terra Associates, Element had a duty to exercise due care in the planning, design, and construction of the Parcel 9 development.  ORA Talus, Terra Talus, Terra Associates, and Element breached that duty of care by failing to property investigate geotechnical conditions on Parcel 9 and to plan and implement construction on Parcel 9 to properly account for the geotechnical and hydrologic conditions.  ORA Talus's, Terra Talus's, Terra Associates's and Element's breach of their respective duties of care caused damage to Talus 7/8 and resulted in potential liability and associated damages to JR Hayes.

63.     The City had a duty to operate, maintain, and repair its water system with reasonable skill, judgement and care.  The City breached its duty by failing to operate, maintain,

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 24
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1 and repair its water system so that it would not cause uncontrolled discharges of water onto

2 Parcel 9 thereby destabilizing the slope and causing the Landslide.   The City further breached its

3 duty by delaying the post-Landslide remediation of Parcel 9 and by failing to require timely

4 remediation of the life/safety conditions on Parcel 9.  The City's breach of these duties of care

5 caused damage to Talus 7/8 and resulted in potential liability and associated damages to JR

6 Hayes.

7       64.    Terra Associates had a duty to perform geotechnical investigation and oversight

8 of construction on Parcel 9.  The recommendations in the Terra Associates's CARs and geotech

9 report were based on borings and test pits that Terra Associates performed on Parcel 9 and

10 adjacent properties and was done at the direction and oversight of ORA Talus and Terra Talus.

11 Terra Associates, ORA Talus and Terra Talus failed to adequately investigate and account for

12 the geotechnical conditions on Parcel 9, including without limitation, soil conditions,

13 groundwater, and consideration of other risks.  These failures breached Terra Associates's, ORA

14 Talus's duty of care to develop Parcel 9 with reasonable care and contributed to causing the

15 Landslide that damaged Talus 7/8 and JR Hayes.  Terra Associates further breached its duty of

16 care by failing to anticipate Parcel 9's susceptibility to landslide, by failing to adequately

17 monitor the conditions on Parcel 9 during grading and construction, and by failing to arrest the

18 Landslide.

19       65.    Terra Talus had a duty of care to ensure that the work performed on Parcel 9

20 would conform to the requisite standard of care and that the construction plans and specifications

21 could be safely accomplished.  Terra Talus breached its duty of care by failing to adequately

22 assess site conditions, including geotechnical conditions, and to ensure that the construction

23 plans and development objectives could be safely accomplished.  Terra Talus's breach of these

24 duties of care caused damage to Talus 7/8 and resulted in potential liability and associated

25 damages to JR Hayes.

26

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 25
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

66.     As the property owner and general contractor, ORA Talus and Terra Talus should have recognized that the geotechnical investigation of Parcel 9 and the construction plans and approvals developed therefrom were inadequate and would create an unreasonable risk of damage to persons and property, including Parcel 7 and Parcel 8, thereby breaching their duties of care to Talus 7 & 8 and JR Hayes.  Additionally, Terra Talus expressly had a responsibility to ensure that the work performed by Terra Associates and the Parcel 9 construction plans and specifications conformed to the requisite standards of care.  ORA Talus breached their duty of care by allowing the Landslide to occur on Parcel 9.

67.     By reason of the foregoing, Talus 7/8 were required by the City to redirect a booster pump water lines from Parcel 9, had to build a costly underground pile wall on Parcel 8, and lost the sale of the Plat to a national homebuilder due to the uncertainty created in the geology of Parcels 7 and 8 and due to delays in receiving the final Plat for Parcels 7 and 8.

68.     By reason of the foregoing Talus 7/8 suffered damages exceeding $15 million and JR Hayes is incurring potential liability and costs of defense.

69.     By reason of the foregoing, if ORA Talus and Resmark or the City recover any damages or other sums from JR Hayes and/or Talus 7/8 for damages (if any), including but not limited to the costs to replace or repair Parcel 9, return Parcel 9 to its pre-landslide condition, and the costs of stabilizing and monitoring Parcel 9, then JR Hayes and their subrogated insurers are entitled to recover from the City, Terra Talus, Terra Associates, and Element, all such damages.

### THIRD CROSSCLAIM OF TALUS 7/8 AND JR HAYES
**(Common Law/Equitable Indemnity Against Terra Talus, Element, and Terra Associates)**

70.     JR Hayes and Talus 7/8 repeat and reallege the allegations of paragraphs 1 through 69 of the counterclaims and crossclaims as if fully stated herein.

71.     The wrongful acts and/or omissions by Terra Talus, Element, and Terra Associates exposed and involved JR Hayes and Talus 7/8 in litigation with the City, ORA Talus

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 26
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

and Resmark, and JR Hayes and Talus 7/8 were not connected with the wrongful acts and/or omissions of Terra Talus, Terra Associates, and Element.

72.     JR Hayes and Talus 7/8 are entitled to full indemnity from Terra Talus, Terra Associates, and/or Element Residential for any and all liability JR Hayes and/or Talus 7/8 may be found to have to the City and/or Third-Party Plaintiffs, and/or any judgment entered against it in favor of plaintiff, plus JR Hayes costs and attorneys' fees incurred in the defense of this action.

### FOURTH CROSSCLAIM OF JR HAYES AND/OR TALUS 7/8
(Express and Implied Contractual Indemnity Against Terra Talus)

73.     JR Hayes and Talus 7/8 repeats and realleges the allegations of paragraphs 1 through 73 of the counterclaims and crossclaims as if fully stated herein.

74.     Terra Talus had an express contractual duty to indemnify and hold harmless JR Hayes and/or Talus 7/8 for the grading and other work it performed at Talus Parcel 9. Terra Talus expressly assumed the responsibility to ensure that the work performed by Terra Associates would conform to the requisite standard of care, and expressly assumed responsibility for the work performed by JR Hayes.

75.     Terra Talus breached its duty to indemnify and hold harmless JR Hayes in this action, which was the proximate cause of damages to JR Hayes.

76.     Terra Talus breached implied duties to indemnify and hold harmless JR Hayes, which arose out of the nature of the contract and Terra Talus's express assumption of responsibility for the work performed by Terra Associates and JR Hayes.

77.     JR Hayes is entitled to full and/or partial indemnity from Terra Talus for any and all liability JR Hayes may be found to have to Third-Party Plaintiffs and the City, and/or any

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 27
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

judgment entered against it in favor of Plaintiff, plus costs and attorneys' fees incurred in the defense of this third-party action.

### FIFTH CROSSCLAIM OF JR HAYES
**(Breach of Contract, Negligence, and Negligent Misrepresentation
Against Terra Talus and Element)**

78.     JR Hayes and Talus 7 & 8 repeats and realleges the allegations of paragraphs 1 through 77 of the counterclaims and crossclaims as if fully stated herein.

79.     Terra Talus and Element had an express contractual duty under the ORA Talus/Terra Talus and the Terra Talus/JR Hayes Contract to provide and obtain WRAP insurance for JR Hayes.

80.     JR Hayes contacted Element employees several times to request the insurance enrollment forms and copies of the Terra Talus/JR Hayes Contract exhibits missing from its copy, including the insurance addendum and WRAP insurance manual.

81.     Upon information and belief, either Element or Terra Talus deducted insurance premiums from JR Hayes's contract payment, but failed to enroll JR Hayes in the WRAP insurance program.

82.     Element and/or Terra Talus failed to exercise reasonable care or competence in obtaining or communicating to JR Hayes that it was, in fact, not enrolled or covered by the WRAP insurance program. Element and/or Terra Talus further breached their contractual duty to enroll JR Hayes into the WRAP insurance program.  Element and/or Terra Talus had a duty to administer the WRAP insurance program in a manner consistent with industry standards. Through their negligence, Element and/or Terra Talus breach their duty of care by failing to

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

enroll JR Hayes in the WRAP insurance program as required by both the ORA Talus/Terra Talus Contract and the JR Hayes/Terra Talus Contract.

83.     JR Hayes justifiably relied on the information negligently supplied by Terra Talus and/or Element vis-à-vis the information provided in the contracts, and the deductions of insurance premiums, and did not obtain insurance.

84.     JR Hayes suffered pecuniary losses in reliance on the negligence, misrepresentations and the breach of contract by Terra Talus and/or Element, as its insurance claims relating to the Landslide were denied by the WRAP insurer.

### SIXTH CROSSCLAIM OF TALUS 7 & 8 AGAINST ORA TALUS
#### (Breach of Contract)

85.     Talus 7 & 8 is a party to an easement agreement with ORA Talus that allowed Talus 7 & 8 to locate a waterline, a booster pump and other related infrastructure on Parcel 9.

86.     ORA Talus breached the easement agreement by refusing to allow Talus 7/8 to use the easement area.

87.     As a result of ORA Talus's breach of the Easement, Talus 7/8 was forced to redesign and relocate the waterline and booster pump at a cost that exceeded $ 1 million.

### THIRD COUNTERCLAIM OF JR HAYES AND TALUS 7/8 AGAINST ORA TALUS AND SEVENTH CROSSCLAIM AGAINST  TERRA TALUS, ELEMENT, AND TERRA ASSOCIATES
#### (Declaratory Judgment)

88.     Talus 7&8 and JR Hayes repeat and reallege each and every allegation contained in Paragraphs 1 to 87 inclusive and incorporate them herein by reference.

89.     Under the express and implied indemnity and hold harmless provisions in the Terra Talus/JR Hayes Contract, Terra Talus is obligated to defend, indemnify, and hold JR Hayes harmless for actions arising out of its work.

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST AMENDED THIRD-PARTY COMPLAINT – 29
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

90.     Under common law, ORA Talus, Terra Talus, Element, and Terra Associates are obligated to indemnify Terra 7/8 and JR Hayes for actions arising out of its work.

91.     If, as alleged in the City's Complaint and/or ORA Talus's Third Complaint, the City or ORA Talus have suffered damage to their respective properties as alleged, and either the City or ORA Talus are found to be entitled to recover damages or other sums from Talus 7/8 or JR Hayes, then pursuant to the express, implied indemnity and hold harmless clauses in the Terra Talus/JR Hayes Contract, and/or under common law, ORA Talus, Terra Talus, Element, and Terra Associates are liable to JR Hayes for and from damages, if any, incurred by the City or ORA Talus, and all amounts paid by JR Hayes by way of defense costs (including attorney's fees), settlement or judgment.

92.     Talus 7&8 and JR Hayes are entitled to a declaratory judgment that ORA Talus, Terra Talus, Element, and Terra Associates are liable to Talus 7&8 and JR Hayes for and from damages, if any, incurred by the City or ORA Talus, and all amounts paid by Talus 7&8 and JR Hayes by way of defense costs (including attorney's fees), settlement or judgment.

///

## PRAYER FOR RELIEF

WHEREFORE, Talus 7 & 8 and JR Hayes pray for relief as follows:

1.     For an entry of judgment declaring that ORA Talus, Terra Talus, Element, and Terra Associates owe an express, implied, and/or common law duty to Talus 7/8 and/or JR Hayes to faithfully and diligently defend, indemnify, and hold harmless JR Hayes and/or Talus 7/8 in the Third-Party suit, and that they are obligated to pay any judgment or other relief obtained by ORA Talus and/or the City against JR Hayes, including settlement, and judgment.

2.     For an award of indemnity against Terra Talus, Element and Terra Associates, and an award of any and all liability Talus 7/8 and/or JR Hayes may be found to have to the City, and/or any judgment entered against it in favor of Third-Party Plaintiffs; including Talus 7 & 8's

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 30
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

and/or JR Hayes' costs and attorneys' fees incurred in the defense of Third-Party Plaintiffs' action and the prosecution of the Counterclaims and Crossclaims set forth herein;

3.     For an award of damages for nuisance against the City, ORA Talus, Terra Talus, Resmark and Terra Associates in amounts to be proven at trial;

4.     For an award of indemnity against Terra Talus, Terra Associates, and Element Residential for any and all liability JR Hayes may be found to have to Third-Party Plaintiff, and/or any judgment entered against it in favor of plaintiff; including JR Hayes' costs and attorneys' fees incurred in the defense of Third-Party Plaintiff's action and the prosecution of the Counterclaims and Crossclaims set forth herein;

5.     For an award of damages from Terra Talus, Talus Associates, the City, Element, ORA Talus, and Resmark for their negligent acts and/or omissions which were the proximate cause of damages incurred by Talus 7/8 relating to the loss of the sale of its plat, the delay damages it incurred and the costs of the stabilization measures and relocation of the waterline and other related work and the liability and costs incurred by JR Hayes;

6.     Awarding to Third-Party Defendants, for itself and its subrogated insurers, and ordering Terra Talus and Terra Associates to pay JR Hayes and Talus 7/8 compensatory damages in an amount to be determined at trial.

7.     For an award of damages from ORA Talus to Talus 7/8 for the breach of the Waterline Easement.

8.     For an award of damage from Terra Talus and/or Element to JR Hayes for the breach of their contract, negligence, and negligent misrepresentation.

8.     For such other and further relief as the Court may deem just and proper.

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 31
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

DATED this 30th day of October, 2018.

*/s/ Patrick J. Mullaney*
Patrick J. Mullaney, WSBA #21982
*/s/ John P. Zahner*
John P. Zahner, WSBA ##24505
*/s/ Tacy K. Hass*
Tacy K. Hass, WSBA #49190
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, Washington  98101-3292
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email: patrick.mullaney@foster.com
        jack.zahner@foster.com
        adrian.winder@foster.com
Attorneys for Third-Party Defendant J.R. HAYES & SONS, INC.,
TALUS MANAGEMENT SERVICES, L.L.C., and TALUS 7&8
INVESTMENT, L.L.C.

## CERTIFICATE OF SERVICE

I certify that on October 30, 2018, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF which will notify all parties in this matter who are registered with the Court's CM/ECF filing system of such filing.

Executed in Seattle, Washington this 30th day of October, 2018.

*/s/ Christi Bass*
Christi Bass, Legal Assistant

THIRD-PARTY DEFENDANTS ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIM AND CROSSCLAIMS TO FIRST
AMENDED THIRD-PARTY COMPLAINT – 32
Case No. 18-cv-00910 RSM

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700