HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CITY OF ISSAQUAH, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORA TALUS 90, LLC, a Delaware limited liability company; and RESMARK EQUITY PARTNERS, LLC, a Delaware limited liability company,<br><br>Defendants.<br>_____<br>ORA TALUS 90, LLC, a Delaware limited liability company; and RESMARK EQUITY PARTNERS, LLC, a Delaware limited liability company,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>TERRA TALUS LLC, a Washington limited liability company; ELEMENT RESIDENTIAL INC., a Washington corporation; JOSHUA FREED, an individual; J.R. HAYES & SONS, INC., a Washington corporation; TERRA ASSOCIATES, INC., a Washington corporation; TALUS MANAGEMENT SERVICES LLC, a Washington | NO. 18-CV-00910- RSM<br><br>TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT |

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1

limited liability company; and TALUS 7&8 INVESTMENT, LLC, a Washington limited liability company,

Third-Party Defendants.

Third-Party Defendants Terra Talus LLC, Element Residential Inc., and Joshua Freed (collectively "Element") answer the allegations contained in the First Amended Third Party Complaint for Contractual Indemnity, Implied Indemnity; Common Law Indemnity; and Negligent Damage to Property ("3rd Party Complaint") of Third Party Plaintiffs Ora Talus 90 LLC and Resmark Equity Partners LLC (collectively "Resmark") as follows:

**ANSWER TO JURISDICTION AND VENUE**

1. Element admits the allegations contained in paragraph 1 of the 3rd Party Complaint.

2. Element admits the allegation contained in paragraph 2 of the 3rd Party Complaint that venue is property in the District Court for the Western District of Washington.

**ANSWER TO PARTIES**

3. Element is without knowledge concerning the allegations contained in paragraph 3 of 3rd Party Complaint and therefore denies the same.

4. Element admits the allegations contained in paragraphs 4, 5, and 6 of 3rd Party Complaint.

5. Element is without knowledge concerning the allegations contained in paragraphs 7, 8, 9, and 10 of 3rd Party Complaint and therefore denies the same.

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1

## ANSWER TO GENERAL ALLEGATIONS

6. Paragraph 11 of the 3rd Party Complaint appears to be a characterization and/or summary of the City of Issaquah's ("City") cause of action against Resmark in the Complaint filed in this case, and entails legal conclusions to which no response is required. To the extent a response is required, Element admits the City filed suit against Resmark to recover damages allegedly caused to the City's infrastructure and certain water facilities due to a landslide in 2015 based on the legal theory of negligence. Element also admit that Resmark attached a copy of the City's Complaint to its 3rd Party Complaint.

7. Paragraph 12 of the 3rd Party Complaint appears to be a summary and/or characterization of the nature of Resmark's Answer to the Complaint, which speaks for itself and to which no response is required. To the extent an answer is required, Element admits that Resmark denies that its acts and admissions caused damages to the City's property or breached duties (if any) owed to the City. Element also admits that the City's own actions and failures to act caused or contributed, in whole or in substantial part, to the landslide. Element further admits that Resmark attached a copy of its Amended Answer to the Complaint and Counterclaims to their 3rd Party Complaint.

8. In response to the allegations contained in paragraph 13 of the 3rd Party Complaint, Element denies that it proximately caused any alleged damage to the City. Rather, the City's damages (if any) were proximately caused by its own acts and/or omissions. Alternatively, the City's damages were caused by the acts of Resmark or of the other Third-Party Defendants (J.R. Hayes & Sons, Inc., Terra Associates, Inc., Talus Management Services

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1

LLC, and Talus 7 & 8, LLC). Element denies all other allegations contained within paragraph 13 of the 3rd Party Complaint.

9. Element denies the allegations contained in paragraph 14 of the 3rd Party Complaint as they pertain to Element. Element is without information concerning the remaining allegations contained in paragraph 14 of the 3rd Party Complaint and therefore denies them.

10. Upon information and belief, Element admits the allegations contained in paragraph 15 of the 3rd Party Complaint.

11. Element admits the allegations contained in paragraph 16 of the 3rd Party Complaint.

12. Upon information and belief, Element admits that in 1998 and 1999, the City caused an environmental review to be conducted on the parcels in the Talus Master Planned Development as alleged in paragraph 17 of the 3rd Party Complaint. Element is without information concerning the remaining allegations contained in paragraph 17 of the 3rd Party Complaint and denies the same.

13. Element admits the allegation in paragraph 18 of the 3rd Party Complaint that the City entered into a Development Agreement with respect to the Talus Master Planned Development. Element is without sufficient information concerning the remaining allegations contained in paragraph 18 of the 3rd Party complaint and denies the same.

14. Element is without sufficient information concerning the allegations contained in paragraphs 19, 20, and 21 of the 3rd Party Complaint and denies the same.

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1

15. Element admits the allegation contained in paragraph 22 of the 3rd Party Complaint that Terra Associates prepared a Critical Area Report ("CAR") for Parcel 9. The remainder of paragraph 22 of the 3rd party Complaint purports to characterize and/or summarize the contents of said CAR, which speaks for itself, and to which no response is required. To the extent a response is required, Element lacks sufficient knowledge to form a belief as to the remaining allegations contained in paragraph 22 of the 3rd Amended Complaint and denies the same.

16. Element admits the allegations contained in paragraph 23 of the 3rd Amended Complaint.

17. Element admits the allegations contained in the first sentence of paragraph 24 of the 3rd Amended Complaint. The agreement referenced in paragraph 24 of the 3rd Amended Complaint speaks for itself, and no response to the allegations concerning the agreement is required.

18. Element admits the allegations contained in the first sentence of paragraph 25 of the 3rd Amended Complaint. Element lacks sufficient knowledge concerning the remaining allegations contained in paragraph 25 of the 3rd Party Complaint and denies the same.

19. Element lacks sufficient information concerning the allegations contained in paragraph 26 of the 3rd Party Complaint and denies the same.

20. Element admits the allegations contained in paragraphs 27, 28, and 29 of the 3rd Party Complaint.

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1

21.  Paragraphs 30, 31, 32, 33, and 34 of the 3rd Party Complaint purport to characterize and/or summarize the contents of the Terra Talus Agreement, which speaks for itself and to which no response is required. To the extent a response is required, Element denies the allegations contained in paragraphs 30, 31, 32, 33, and 34 of the 3rd Party Complaint.

22.  Element admits the allegation contained in the first sentence of paragraph 35 of the 3rd Party Complaint. The remainder of paragraph 35 of the 3rd Party Complaint purports to characterize and/or summarize the contents of the Guaranty, which speaks for itself and to which no response is required. To the extent a response is required, Element denies the allegations contain in paragraph 35 of the 3rd Party Complaint.

23.  Element admits the allegation contained in paragraph 36 of the 3rd Party Complaint that J.R. Hayes agreed to perform certain Infrastructure, grading, and site work on Talus Parcel 9. The remainder of paragraph 36 of the 3rd Party Complaint purports to characterize and/or summarize certain contractual provisions in the JR Hayes Agreement, which speak for themselves and to which no response is required. To the extent a response is required, Element denies the allegations contain in paragraph 36 of the 3rd Party Complaint.

24.  Element admits the allegation contained in paragraph 37 of the 3rd Party Complaint that the construction and grading began on Talus Parcel 9 in approximately September 2015, and that J.R. Hayes performed the construction and grading. Element is without sufficient information concerning the remaining allegations contained in paragraph 37 of the 3rd Party Complaint and denies the same.

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1

25. Based upon information and belief, Element admits the allegations contained in paragraphs 39, 40, 41, 42, 43, 44, and 45 of the 3rd Party Complaint.

26. Element admits the allegation in paragraph 46 of the 3rd Party Complaint that, in January 2016, the City excavated the top of the slope and revealed a broken 8 inch diameter water main pipe with a loose end cap and a blow-off valve leak. The remaining allegations contained in paragraph 46 of the 3rd Party Complaint purport to characterize and/or summarize Resmark's Amended Answer and Counterclaims, which speak for itself and to which no response is required. To the extent a response is required, Element admits that discharge from City-owned water infrastructure caused the Landslide.

27. Element lacks sufficient information to form a belief regarding the allegations contained in paragraph 47 of the 3rd Party Complaint and denies the same.

**ANSWER TO FIRST CLAIM FOR RELIEF**

28. In response to the allegations contained in paragraph 48 of the 3rd Party Complaint, Element restates and incorporates by reference its responses to the contained in paragraphs 1 through 47 of the 3rd Party Complaint as if fully set forth herein.

29. Element denies the allegations contained in paragraphs 49 and 50 of the 3rd Party Complaint.

**ANSWER TO SECOND CLAIM FOR RELIEF**

30. In response to the allegations contained in paragraph 51 of the 3rd Party Complaint, Element restates and incorporates by reference its responses to the contained in paragraphs 1 through 50 of the 3rd Party Complaint as if fully set forth herein.

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1

31. Element denies the allegations contained in paragraphs 52 and 53 of the 3rd Party Complaint.

### ANSWER TO THIRD CLAIM FOR RELIEF

32. In response to the allegations contained in paragraph 54 of the 3rd Party Complaint, Element restates and incorporates by reference its responses to the contained in paragraphs 1 through 53 of the 3rd Party Complaint as if fully set forth herein.

33. Element denies the allegations contained in paragraphs 55, 56, 57, and 58 of the 3rd Party Complaint regarding Terra Talus. Element is without sufficient information concerning the remaining allegations in those paragraphs and denies the same.

### ANSWER TO FOURTH CLAIM FOR RELIEF

34. In response to the allegations contained in paragraph 59 of the 3rd Party Complaint, Element restates and incorporates by reference its responses to the contained in paragraphs 1 through 58 of the 3rd Party Complaint as if fully set forth herein.

35. Element denies the allegations contained in paragraph 60 of the 3rd Party Complaint regarding Terra Talus. Element is without sufficient information concerning the remaining allegations in paragraph 60 and denies the same.

36. Element is without sufficient information concerning the allegations contained in paragraphs 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, and 71 of the 3rd Party Complaint and denies the same.

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 8

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1

37. Element denies the allegations contained in paragraphs 72, 73, 74, and 75 of the 3rd Party Complaint regarding Terra Talus. Element is without sufficient information concerning the remaining allegations in those paragraphs and denies the same.

38. Element is without sufficient information concerning the allegations contained in paragraph 76 of the 3rd Party Complaint and denies the same.

39. Element denies the allegations contained in paragraph 77 of the 3rd Party Complaint.

40. Element denies each and every allegation in the 3rd Party Complaint not expressly admitted in this Answer.

## II.  AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER AND AS AFFIRMATIVE DEFENSES, Element alleges as follows:

1. Resmark failed to state a claim upon which relief can be granted.

2. Resmark's claims are barred in whole or in part by comparative negligence.

3. Resmark's claims are barred in whole or in part by contributory fault or negligence.

4. Resmark's claims are barred by the doctrines of estoppel and laches.

5. Resmark's claims are barred by their failure to mitigate their damages, if any.

6. Resmark's claims are barred by unclean hands.

7. The act or event complained of was an act of God for which Element was not responsible and its negligence, if any, did not contribute to the damages in any way.

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 9

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1

8. Resmark's claims are barred by insurance defense.

9. Resmark's claims are barred by assumption of the risk.

10. Resmark's claims are barred by unclean hands.

11. Resmark's claims are barred by waiver.

## ANSWER TO PRAYER FOR RELIEF

WHEREFORE, Element requests the Court to deny Resmark's requested relief in its 3rd Party Complaint as follows:

A. For dismissal of Resmark's 3rd Party Complaint with prejudice;

B. For judgment against Resmark for the costs, expenses, and attorney fees incurred in defense of the 3rd Party Complaint in an amount to be determined by the Court;

C. For an order allowing Element to amend the pleadings to conform to the evidence at trial; and

D. For such other and further relief as the Court deems just and equitable.

DATED this 29th day of November, 2018.

By: s/ Dean G. von Kallenbach
Dean G. von Kallenbach WSBA #12870
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel: (206) 628-6600  Fax: (206) 628-6611
Email: dvonkallenbach@williamskastner.com

*Attorneys for Third-Party Defendants Element Residential Inc., Terra Talus, LLC and Joshua Freed*

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 10

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2018 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to all recipients.

DATED this 29th day of November, 2018.

        s/ Dean G. von Kallenbach
        Dean G. von Kallenbach, WSBA#12870
        dvonkallenbach@williamskastner.com
        Attorneys for Third Party Defendants
        Element Residential Inc., Terra Talus, LLC and
        Joshua Freed

TERRA TALUS LLC, ELEMENT RESIDENTIAL INC., AND JOSHUA FREED'S ANSWER TO ORA TALUS 90, LLC AND RESMARK EQUITY PARTNERS, LLC'S FIRST AMENDED THIRD PARTY COMPLAINT - 11

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6649004.1