UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF ISSAQUAH,<br><br>Plaintiff,<br><br>v.<br><br>ORA TALUS 90, LLC, et al.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD PARTY CLAIMS | CASE NO. 18-cv-00910 RSM<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably

targeted, clear, and as specific as possible.

**B.        ESI Disclosures**

Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the parties, each party shall disclose:

1.        <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.        <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.        <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.        <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.        Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.        Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.        All parties shall supplement their disclosures in accordance with Rule 26(e) with

discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

  a. Deleted, slack, fragmented, or other data only accessible by forensics.
  b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
  c. On-line access data such as temporary internet files, history, cache, cookies, and the like.
  d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).
  e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.
  f. Server, system or network logs.
  g. Data remaining from systems no longer in use that is unintelligible on the systems in use.
  h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.     Privilege**

1. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

4. Privilege Log Based on Metadata. The parties agree that privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.

E. **ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a. A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b. If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 4
(Case No. 18-cv-00910-RSM)

    c. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  Absent a showing of good cause, each search term or query returning more than 250 megabytes of data is presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

    d. The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

  3. <u>Format.</u> The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files),and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

  4. <u>De-duplication.</u>  The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

  5. <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

DATED: <u>August 16, 2019</u>

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 5
(Case No. 18-cv-00910-RSM)

| | |
|---|---|
| CAIRNCROSS & HEMPELMANN, P.S.<br><br>By: _s/Terence J. Scanlan_<br>By: _s/Patricia A. Laughman_<br>   Terence J. Scanlan, WSBA #19498<br>   Patricia A. Laughman, WSBA # 46716<br>   524 Second Avenue, Suite 500<br>   Seattle, WA 98104-2323<br>   Telephone: 206-623-6501<br>   Facsimile: 206-447-1973<br>   Email: tscanlan@cairncross.com<br>   Email: plaughman@cairncross.com<br><br>*Attorneys for the City of Issaquah* | KEATING, BUCKLIN & McCORMACH, INC., P.S.<br><br>By: _s/Michael C. Walter_<br>   Michael C. Walter, WSBA #15044<br>   801 Second Avenue, Suite 1210<br>   Seattle, WA 98104<br>   Telephone: 206-623-8861<br>   Email: mwalter@kbmlawyers.com<br><br>*Attorneys for the City of Issaquah* |
| SAMINI COHEN SPANOS LLP<br><br>By: _s/Cynthia M. Cohen_<br>   Cynthia M. Cohen, Admitted Pro Hac Vice<br>   333 S. Hope Street, 35th Floor<br>   Los Angeles, CA 90071<br>   Telephone: (213) 863-0080<br>   Fax: (213) 863-0751<br>   Email: cynthiacohen@saminicohen.com<br><br>*Attorneys for ORA Talus 90, LLC and Resmark Equity Partners, LLC* | HARRIGAN LEYH FARMER & THOMSEN LLP<br><br>By: _s/Arthur W. Harrigan, Jr._<br>By: _s/Tyler L. Farmer_<br>By: _s/Kristin E. Ballinger_<br>   Arthur W. Harrigan, Jr. WSBA #1751<br>   Tyler L. Farmer, WSBA #39912<br>   Kristin E. Ballinger, WSBA #28253<br>   999 Third Avenue, Suite 4400<br>   Seattle, WA 98104<br>   Telephone: (206) 623-1700<br>   Fax: (206) 623-8717<br>   Email: arthurh@harriganleyh.com<br>   Email: tylerf@harriganleyh.com<br>   Email: kristinb@harriganleyh.com<br><br>*Attorneys for ORA Talus 90, LLC and Resmark Equity Partners, LLC* |
| FOSTER PEPPER PLLC<br><br>By: _s/Jack P. Zahner_<br>By: _s/Tacy K. Hass_<br>   Jack P. Zahner, WSBA #24505<br>   Tacy K. Hass, WSBA #49190<br>   1111 Third Avenue, Suite 3000<br>   Seattle, WA 98101<br>   Telephone: 206-447-4400<br>   Email: jack.zahner@foster.com<br>   Email: tacy.hass@foster.com | STOEL RIVES LLP<br><br>By: _s/Patrick Mullaney_<br>   Patrick Mullaney, WSBA #21982<br>   600 University Street, Suite 3600<br>   Seattle, WA 98101<br>   Telephone: (206) 624.0900<br>   Fax: (206) 386.7500<br>   Email: Patrick.mullaney@stoel.com<br><br>*Attorneys for J.R. Hayes & Sons, Inc, Talus 7 &* |

*Attorneys for J.R. Hayes & Sons, Inc, Talus 7 & 8, LLC, and Talus Management Services LLC*  *8, LLC, and Talus Management Services LLC*

PREG O'DONNELL & GILLETT PLLC

By: *s/John K. Butler*
By: *s/Stephanie Ballard*
    John K. Butler, WSBA #28528
    Stephanie Ballard, WSBA #49268
    901 5th Avenue, Suite 3400
    Seattle WA 98164
    Telephone: 206-287-1775
    Email: jbutler@pregodonnell.com
    Email: sballard@pregodonnell.com

*Attorneys for J.R. Hayes & Sons, Inc.*

| WILLIAMS, KASTNER & GIBBS PLLC | CLEMENT & DROTZ, PLLC |
|---|---|
| By: *s/Dean G. von Kallenbach*<br>By: *s/Theresa Rava*<br>    Dean G. von Kallenbach, WSBA #12870<br>    Theresa Rava, WSBA #53159<br>    601 Union Street, Suite 4100<br>    Seattle, WA 98101-2380<br>    Telephone: 206-628-6600<br>    Fax: 206-628-6611<br>    Email:dvonkallenbach@williamskastner.com<br>    Email: trava@williamskastner.com | By: *s/W. Scott Clement*<br>By: *s/Brent Hardy*<br>    W. Scott Clement, WSBA #16243<br>    Brent Hardy, WSBA #45405<br>    100 W. Harrison Street, Suite N350<br>    Seattle, WA 98119<br>    Telephone: 206-448-2565<br>    Fax: 206-448-2235<br>    Email: sclement@clementdrotz.com<br>    Email: bhardy@clementdrotz.com<br><br>*Attorneys for Joshua Freed* |

*Attorneys for Element Residential Inc., Terra Talus, LLC and Joshua Freed*

| FORSBERG & UMLAUF, P.S. | WILSON SMITH COCHRAN DICKERSON |
|---|---|
| By: *s/A. Grant Lingg*<br>By: *s/Vicky L. Strada*<br>    A. Grant Lingg, WSBA #24227<br>    Vicky L. Strada, WSBA #34559<br>    901 Fifth Avenue, Suite 1400<br>    Telephone: 206-689-8500 | By: *s/Whitney L.C. Smith*<br>By: *s/Gabriella Wagner*<br>By: *s/Brian Buron*<br>    Whitney L.C. Smith, WSBA #21159<br>    Gabriella Wagner, WSBA #42898<br>    Brian Buron, WSBA #27206 |

| | |
|---|---|
| Email: glingg@foum.law<br>Email: vstrada@foum.law<br><br>*Attorneys for Terra Associates, Inc.* | 901 5th Ave., Suite 1700<br>Seattle, WA 98164-2050<br>Telephone: 206-623-4100<br>Fax: 206-623-9273<br>Email: smithw@wscd.com<br>Email: wagner@wscd.com<br>Email: buron@wscd.com<br><br>*Attorneys Terra Talus, LLC* |
| OLES MORRISON RINKER & BAKER LLP<br><br>By: *s/Bradley L. Powell*<br>   Bradley L. Powell, WSBA #11158<br>   701 Pike Street, Suite 1700<br>   Seattle, WA 98101<br>   Telephone: 206-623-3427<br>   Email: powell@oles.com<br><br>*Attorneys for Kulchin Foundation Drilling Company* | FLOYD PFLUEGER & RINGER, P.S.<br><br>By: *s/Douglas K. Weigel*<br>By: *s/Amanda D. Daylong*<br>   Douglas K. Weigel, WSBA #27192<br>   Amanda D. Daylong, WSBA #48013<br>   200 W. Thomas Street, Suite 500<br>   Seattle, WA 98119<br>   Telephone: 206-441-4455<br>   Email: dweigel@floyd-ringer.com<br>   Email: adaylong@floyd-ringer.com<br><br>*Attorneys for Big Mountain Enterprises* |

## ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED: August 19, 2019

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE