1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF ISSAQUAH, a municipal
corporation,

Plaintiff,

v.

ORA TALUS 90, LLC, a Delaware limited
liability company; and RESMARK EQUITY
PARTNERS, LLC, a Delaware limited liability
company,

Defendants.

ORA TALUS 90, LLC, a Delaware limited
liability company; and RESMARK EQUITY
PARTNERS, LLC, a Delaware limited liability
company,

Third-Party Plaintiffs,

v.

TERRA TALUS LLC, a Washington limited
liability company; ELEMENT RESIDENTIAL
INC., a Washington corporation; JOSHUA
FREED, an individual; J.R. HAYES & SONS,
INC., a Washington corporation; TERRA
ASSOCIATES, INC., a Washington
corporation; TALUS MANAGEMENT
SERVICES LLC, a Washington limited
liability company; and TALUS 7&8, LLC, a
Washington limited liability company,

Third-Party Defendants.

CASE NO. C18-00910-RSM

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED
COMPLAINT

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT - 1

1  TALUS 7&8 INVESTMENT, LLC, a
   Washington limited liability company; J.R.
2  HAYES & SONS, INC., a Washington
   corporation,
3
                        Fourth-Party Plaintiffs,
4
       v.
5
   KULCHIN FOUNDATION DRILLING
6  COMPANY, a Washington corporation, and
   BIG MOUNTAIN ENTERPRISE LLC, a
7  Washington limited liability company,
8                       Fourth-Party Defendants.
9  AND RELATED COUNTERCLAIMS AND
   CROSSCLAIMS
10

11                    I.      INTRODUCTION

12          This matter comes before the Court on Plaintiff City of Issaquah ("the City")'s Motion

13  for Leave to File Amended Complaint.  Dkt. #108.  Plaintiff moves the Court for leave to amend

14  its Complaint more than one year after the deadline for parties to amend their pleadings.  *Id.*

15  Defendants, counterclaimants, and thirty-party plaintiffs ORA Talus 90, LLC ("ORA Talus"),

16  Resmark Equity Partners ("Resmark"), Terra Associates, Inc. ("Terra Associates"), Talus 7 & 8

17  Investment, LLC ("Talus 7 & 8"), J.R. Hayes & Sons, Inc. ("J.R. Hayes"), and Big Mountain

18  enterprises, LLC ("BME") oppose the City's motion.  Dkts. #111, #113, #117, #115, #119.  The

19  Court finds that oral argument is not necessary to resolve the issues.  For the reasons set forth

20  below, the Court DENIES the City's motion for leave to amend.

21

22                     II.     BACKGROUND

23          This lawsuit arises out of a landslide that occurred on a section of real property, Talus

24  Parcel 9, in Issaquah, Washington in November 2015.  The City filed this complaint in King

25  County Superior Court on June 18, 2018 against ORA Talus and Resmark, alleging common law

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT - 2

negligence.  Dkt. #1-1 at ¶¶ 27-31.  Defendants removed the action to this Court on June 21, 2018.  Dkt. #1.

Ora Talus and Resmark filed a third-party complaint for contractual indemnity, implied indemnity, common law indemnity, and negligent damage to property against third-party defendants Terra Talus LLC ("Terra Talus"), Element Residential Inc. ("Element"), Joshua Freed, Hayes, and Terra Associates.  Dkt. #22.  Ora Talus filed an amended third-party complaint adding Talus 7 & 8 and Terra Management Services LLC ("TMS") as third-party defendants.  Dkt. #34.  On October 30, 2018, third-party plaintiffs Talus 7 & 8 and J.R. Hayes filed a third-party complaint for contractual indemnity, implied indemnity, common law indemnity, and negligent damage to property against Kulchin Foundation Drilling Company ("Kulchin") and BME.  Dkt. #40.  The deadline to file amended pleadings expired on October 1, 2019.  Dkt. #85.

On October 29, 2020, the City filed the instant motion for leave to amend its complaint seeking to bring claims for negligence, breach of contract, and contractual indemnity against Terra Talus, Terra Associates, J.R. Hayes, Talus 7 & 8, TMS, and BME ("the Prospective Defendants").  Dkt. #108.  The City moves for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2), as well as under Fed. R. Civ. P. 16(b)(4) and LCR 16(b)(6) given that the deadline to file amended pleadings expired more than a year before the City sought leave to amend. Defendants ORA Talus and Resmark and Third-Party Defendants Terra Associates, Talus 7 & 8, BME and J.R. Hayes filed responses opposing the City's motion.  Dkts. #111, #113, #115, #117, #119.[1]

---

[1] The Court notes that Third-Party Defendant J.R. Hayes' Response is not in accordance with the Court's local rules. Dkt. #119.  J.R. Hayes' response is 18 pages, and Local Civil Rule 7(e)(4) limits responses to 12 pages.  Pursuant to Local Civil Rule 7(e)(6), "[t]he court may refuse to consider any text, including footnotes, which is not included within the page limits."  Accordingly, the Court will consider the first 12 pages of J.R. Hayes' response.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 3

III.    DISCUSSION

**A. Legal Standards**

Pursuant to Fed. R. Civ. P. 16(b)(4) and LCR 16(b)(6), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013).

Motions to amend a complaint are ordinarily governed by Rule 15(a)(2), which provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a request to add a non-diverse defendant following removal is governed by 28 U.S.C. § 1447(e). *Sardinas v. United Airlines, Inc.*, No. C19-0257JLR, 2019 WL 4594600, at *1–2 (W.D. Wash. Sept. 23, 2019) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)); *Greer v. Lockheed Martin*, No. C10-1704, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010) ("[W]hen a plaintiff amends her complaint after removal to add a diversity-destroying defendant, this Court will scrutinize the amendment pursuant to 28 U.S.C. § 1447(e)."). The City concedes that this Court's jurisdiction is based on 28 U.S.C. § 1332 and that "no independent basis of federal jurisdiction exists over the tort and contract-based claims it seeks to bring against the non-diverse Prospective Defendants." Dkt. #108 at 11-12. For that reason, given that joinder of the non-diverse Prospective Defendants would destroy federal diversity jurisdiction, Section 1447(e) applies here.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

action to the State court." 28 U.S.C. § 1447(e). "Section 1447(e) is permissive and 'clearly gives the district court the discretion to deny [or permit] joinder.'" *Sardinas*, 2019 WL 4594600, at *3 (quoting *Newcombe*, 157 F.3d at 691. In determining whether to allow joinder of a non-diverse defendant under Section 1447(e), courts consider six factors: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *Id.* (citing *Parris v. Jacobs Eng'g Grp., Inc.*, No. C19-0128, 2019 WL 3219422, at *2 (W.D. Wash. July 17, 2019)). "[W]hen a defendant alleges that a plaintiff seeks to join another defendant solely to destroy diversity jurisdiction, the Court may look at evidence outside of the pleadings." *Parris*, 2019 WL 3219422, at *2 (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

## B. Good Cause to Amend Complaint under Rule 16(b)

The Court will first consider the City's alleged basis for seeking leave to amend more than a year after the deadline expired. The City claims that despite parties' efforts, substantial discovery did not occur until the second half of 2020. Parties waited to exchange formal written discovery until November 2019 and, once they did, the City was faced with untimely and/or incomplete discovery responses that required multiple meet and confers. Dkt. #109 at ¶¶ 4-10. The City specifically cites delays by J.R. Hayes, TMS, Talus 7 & 8, Terra Talus, Element and Freed that caused substantial delay in document productions, followed by multiple document production errors by their respective vendors managing their electronically stored information.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Id.* at ¶¶ 6-8; *see also* Dkts. #109-3, #109-4, #109-5.   Consequently, responsive materials were not produced until July through September 2020.   Dkt. #109 at ¶ 11 (Stating that 65,000 documents were produced since July 2020).   Due to these delays, combined with the impact of the COVID-19 pandemic, depositions could not begin until September 2020.   *Id.* at ¶ 13.   The City claims that because of these delays, it had incomplete knowledge of the parties' relationships and respective scopes.   Dkt. #108 at 5.   Specifically, it was unaware of errors and omissions relating to Talus 8 and 9's designs and construction of nearby water lines that may have potentially caused the landslide.   *Id.*

The Court is not persuaded that good cause exists based on belated disclosure of facts of which the City was previously unaware.   Several of the new factual allegations contain information reasonably known or available to the City at the time it filed its complaint in 2018. For example, the proposed amended complaint describes the physical characteristics of Talus Parcel 8, including the parcel's location on a steep hillside and slope down towards Talus 9.   Dkt. #109-1 at ¶ 18.   The amended complaint also adds factual assertions related to a development agreement ("the Talus DA").   *See* Dkt. #109-1 at ¶¶ 19-20.   Because the City was a party to the Talus DA, it did not require discovery to learn of the standards and obligations arising out of this agreement.   Additionally, City water technician William Catlett documented a leak from a cut pipe in a letter dated September 13, 2015, Dkt. #112-6, while City employees exchanged emails between October and December 2015 describing water main leaks in October and November 2015.   Dkt. #112-7.   The City dismisses Defendants' reference to the Catlett letter and email exchanges as "inadmissible hearsay," and states that the individuals who drafted these documents no longer work for the City.   Dkt. #123 at 6, 10.   The City's reply does not meaningfully rebut Defendants' argument that these letters and emails, drafted and circulated by City employees,

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 6

demonstrate the City's awareness of groundwater seepage and water line issues around Talus 9 before discovery in this matter took place.  The fact that many of these documents were produced *by the City* in this litigation further undermines the City's argument that it was wholly dependent on delayed discovery responses to uncover relevant information.

Furthermore, the appellate record in a 2017 state court appeal, case no. 17-2-04688-4-SEA ("the LUPA appeal"), contained documents outlining inadequacies and errors in the work of Terra Associates.  Dkt. #112 at ¶ 5.  This record was provided to the City in December 2018. *Id.*  The court's findings of fact and conclusions of law in the LUPA appeal noted deficiencies in the Critical Area Reports prepared by Terra Associates for Talus Parcels 7-9 and their inadequate characterization of slope stability and subsurface conditions in the mapped landslide area.  *See* Dkt. #112-3 at ¶¶ 17-24, 38-47.  The appellate record also includes a letter from the geotechnical engineering consultants to ORA Talus dated December 15, 2016 criticizing the 2014 Critical Area Reports prepared by Terra Associates for Talus Parcels 7-9.  *Id.* at ¶ 7 (citing Dkt. #112-4). As Defendants point out, the City's proposed amended complaint repeats many of these deficiencies identified in the 2017 appellate record.  *See* Dkt. #109-1 at ¶¶ 25-29.  The City's Reply fails to meaningfully address the LUPA appeal record.  *See generally* Dkt. #123.

Finally, the City was put on notice as to Prospective Defendants' potential liability in this matter when they were named as third-party defendants in October 2018.  *See* Dkts. #22, #34. At that point, the City asserts, Prospective Defendants "knew or should have known that they would have been named as defendants but for an error."  Dkt. #108 at 11.  The City fails to elaborate on this "error" besides citing production delays on the part of Defendants and Prospective Defendants.  The City's amended claims allege deficiencies in the 2014 geotechnical report, Dkt. #109-1 at ¶¶ 23-29, which the third-party amended complaint outlines in detail.  *See*

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 7

Dkt. #34 at ¶ 25 (describing report's failure "to mention that the entire site was within a mapped deep-seated landslide.").  The proposed amended complaint also alleges flaws in the grading and site development on Talus 9, Dkt. #109-1 at ¶¶ 32-38, which was described in the third-party amended complaint.  *See* Dkt. #34 at ¶¶ 59-77.  The Court finds no reasonable explanation for why the City, despite notice of potential negligence and indemnity claims against J.R. Hayes, Terra Management, Terra Associates, and Talus 7 & 8, waited two years to bring its own claims against these entities or, at a minimum, made no apparent effort to stay the deadline for joinder until parties' discovery issues were resolved.

The Court is not persuaded that delayed disclosure of facts and potential claims against the Prospective Defendants amounts to good cause for the City's untimely motion to amend, given that the City was either reasonably informed of facts related to these claims or put on notice of these potential claims shortly after filing its complaint.  *Cf. Rain Gutter Pros, LLC v. MGP Mfg., LLC*, No. C14-0458 RSM, 2015 WL 6030678, at *1 (W.D. Wash. Oct. 15, 2015) (Finding diligence and sufficient good cause by party seeking leave to amend after deadline).  For these reasons, the City's protracted delay in seeking to add Prospective Defendants as named defendants does not warrant good cause to grant leave to amend at this late stage.

**C. Joinder of Non-Diverse Defendants**

Even if sufficient good cause existed to modify the scheduling order pursuant to Rule 16, the Court finds that the six factors under Section 1447(e) weigh against granting leave to amend that would result in remand.  However, before proceeding to the six-factor analysis under Section 1447(e), the Court finds it necessary to address the City's arguments that the Court may grant the City's motion while maintaining federal jurisdiction.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT - 8

First, the City argues that a "principled reason" exists for Court to grant leave to amend while maintaining diversity jurisdiction. Dkt. #123 at 7 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978)).  *Owen* is inapposite here, as it addressed whether a district court may exercise ancillary jurisdiction over claims asserted by plaintiffs against third-party defendants in diversity cases. *See id.* at 383.  The City fails to explain how its proposed claims against the Prospective Defendants are ancillary.  Furthermore, even if ancillary jurisdiction were at issue here, the City fails to explain how its argument comports with 28 U.S.C. § 1367, which superseded *Owen*.  *See K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 964 (9th Cir. 2014) ("The common-law doctrine of ancillary jurisdiction over related *claims*, [is] codified as part of a federal court's supplemental jurisdiction under 28 U.S.C. § 1367.") (emphasis in original). Section 1367 provides that in actions where original jurisdiction lies solely in diversity jurisdiction under 28 U.S.C. § 1332, district courts "shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."  28 U.S.C. § 1367(b).  Accordingly, the City's position is unsupported by current law.

The City also argues that remand is not inevitable under the "realignment doctrine," given that the Court "could conclude that diversity jurisdiction remains with the City's amended complaint, despite the City's direct claims against non-diverse defendants."  Dkt. #108 at 12 ("It is the duty of the court to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'") (citing 20 Fed. Prac. & Proc. Deskbook § 32 (Realignment of Parties) (2d ed.)).  Here, the application of the realignment doctrine is not readily apparent.  To the extent that courts apply the doctrine, "[t]he generally accepted test for the proper alignment of parties

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 9

employed by the federal courts is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side of the litigation." § 3607 Realignment of Parties, 13E Fed. Prac. & Proc. Juris. § 3607 (3d ed.).  Notably, "the court will not realign parties who are citizens of the same state *simply to preserve subject matter jurisdiction if they actually belong on opposite sides of the controversy*." *Id.* (emphasis added).  The City has offered no coherent explanation on how, pursuant to the realignment doctrine, federal diversity jurisdiction could be preserved in the instant matter where the plaintiff seeks to bring direct claims for negligence, breach of contract, and contractual indemnity against non-diverse defendants.

Finally, when considering what law to apply when a plaintiff seeks to join non-diverse third-party defendants, "courts presented with this very issue have applied § 1447(e)." *Parrish v. JCI Jones Chemicals, Inc.,* No. CV 17-00518 JAO-RLP, 2019 WL 383994, at *4 (D. Haw. Jan. 30, 2019) (collecting cases).  Consequently, notwithstanding that the City prefers to maintain the action in this Court rather than remanding it, the fact that diversity jurisdiction would not survive the amended complaint warrants application of the six-factor test under Section 1447(e).

For the reasons set forth below, the Court finds that the Section 1447(e) factors weigh against granting leave to amend.

i.    Necessary for Just Adjudication

The first factor considers whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a).  Rule 19(a) requires joinder if "in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a).  Here, the Prospective Defendants are already parties to the suit given that they were added as third-party defendants in October 2018.  Dkts. #22, #34.  For that reason, the Court

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 10

agrees with Defendants that it "already has before it all parties against whom recovery may or may not be had," thereby diminishing any need for the City's untimely joinder. Dkt. #111 at 6.

The City argues that despite Prospective Defendants being added to the case as third-party defendants, denial of leave to amend would prevent the City "from achieving complete relief or increase or change the City's right to recovery—especially in the event ORA Talus is not found liable." Dkt. #123 at 11. The City also argues that failure to permit claims against the Prospective Defendants as direct defendants, rather than third-party defendants, "will undoubtedly lead to separate and redundant actions." *Id*. These arguments are unavailing, given that just resolution of the existing claims against ORA Talus and Resmark does not require consideration of the City's direct claims against the Prospective Defendants. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (holding that "it is not necessary [under Rule 19] for all joint tortfeasors to be named in a single lawsuit"). Accordingly, this factor weighs against joinder.

ii.    Statute of Limitations

The second factor considers whether the statute of limitations would prevent the filing of a new action against the new defendants in state court. The City agrees that its breach of contract and indemnity claims against the Prospective Defendants are not time-barred. Dkt. #123 at 14. However, because its proposed negligence claims are barred by the statute of limitations, it cannot commence a new negligence action in state court. Accordingly, given that some of the proposed claims are time-barred while others are not, the Court finds this factor neutral.

iii.    Unexplained Delay

Next, the Court considers whether there has been an unexplained delay in seeking to join the new defendants. Delay is measured from the time of removal, and courts have denied joinder where the delay was comparable to or shorter than the 28-month delay in this case. *See, e.g.*,

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*ARE Sikeston Ltd. P'ship v. Weslock National, Inc.,* 120 F.3d 820, 833 (8th Cir.1997) (Finding delay of 16 months after removal and 5 months after impleader too long); *In re Rezulin Products Liability Litig.,* 2002 WL 31466455, at *1 (S.D.N.Y.2002) (Delay of 6 months too long); *DiNardi v. Ethicon,* 145 F.R.D. 294, 298 (N.D.N.Y.1993) (24-month delay after removal too long).  The extensive delay in this case therefore warrants a thorough explanation.

   Here, the City's explanation that untimely and incomplete discovery requests caused its substantial delay is insufficient.  As the Court observed in its LCR 16(b) analysis, the City reasonably had knowledge of several key facts that form the bases of its new claims against Prospective Defendants.  *See supra* at 5-8.  Furthermore, given that Prospective Defendants were added as third-party defendants to this matter in October 2018 for alleged errors and omissions regarding Talus 8 and 9's designs and construction of nearby water lines, the City was alerted to potential claims against Prospective Defendants more than two years before it attempted to join them as Defendants.  While the City argues that it could only bring claims against Prospective Defendants in good faith after September 2020, it made no apparent effort to stay case deadlines while awaiting Defendants' and Prospective Defendants' delayed responses.  For these reasons, the Court cannot conclude that the City's delay is sufficiently explained.

   Given the City's significant delay in seeking joinder, the Court finds the City's explanation insufficient.  Accordingly, this factor weighs strongly against joinder.

iv.     Basis for Joinder

   The fourth factor considers whether the plaintiff seeks to join the new party solely to defeat federal jurisdiction.  "[W]hen a defendant alleges that a plaintiff seeks to join another defendant solely to destroy diversity jurisdiction, the Court may look at evidence outside of the

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 12

1
2
pleadings." *Parris*, 2019 WL 3219422, at *2 (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

3
4
5
6
7
8
9
10
11
12
13
The City insists that it "strongly prefers to remain in federal court" and denies that it has any ulterior motive for seeking an untimely joinder. *See* Dkt. #123 at 3. However, it concedes that should joinder destroy federal jurisdiction, "the City accepts the admitted inopportuneness of being remanded to King County Superior Court so that it may pursue all of its claims on their merits." *Id.* While Defendants and Prospective Defendants ask the Court to conclude that the City merely seeks to destroy diversity jurisdiction and remand the case to a more favorable jurisdiction, they provide no support for this proposition. Indeed, the City has litigated this action in federal court since June 2018 without any effort to seek remand. The Court finds no basis to infer an improper motive by the City. Accordingly, this factor weighs in favor of joinder.

14
      v.      Validity of Claims

15
16
17
18
19
Next, the Court considers whether the claims against the new defendants appear valid. Here, Defendants do not dispute that the claims against the third-party defendants are valid— indeed, they have brought similar claims in their third-party complaint. *See* Dkt. #34. For that reason, this factor weighs in favor of joinder.

20
      vi.     Prejudice to Plaintiff

21
22
23
24
25
26
27
Finally, the Court considers whether denial of joinder will prejudice the plaintiff. *Id.* (citing *Parris v. Jacobs Eng'g Grp., Inc.*, No. C19-0128, 2019 WL 3219422, at *2 (W.D. Wash. July 17, 2019)). The Court finds that the City would suffer minimal prejudice, given that the Prospective Defendants are already parties to the lawsuit, thereby providing avenues for relief and allowing for recovery if they are found liable. Furthermore, the only claim that cannot be brought in a separate action is negligence. The City may still pursue its claims for breach of

28

contract and contractual indemnity through separate litigation.  For these reasons, this factor weighs against joinder.

    vii.  Analysis of Section 1447(e) Factors

   The necessity of just adjudication and prejudice to plaintiff weigh against joinder, while the length of unexplained delay weighs heavily against joinder.  The City's basis for joinder and validity of claims weigh in favor, while the statute of limitations factor is neutral.  Accordingly, having considered the balance of the Section 1447(e) factors, the Court concludes that the City should not be permitted to join the Prospective Defendants at this late stage.

**IV.  CONCLUSION**

   Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff City of Issaquah's Motion for Leave to File Amended Complaint, Dkt. #108, is DENIED.

   DATED this 23rd day of February, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 14